IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DRAFTKINGS INC.,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL HERMALYN,<br><br>      Defendant. | Civil Action No. 1:24-cv-10299 |

**MOTION FOR A TEMPORARY RESTRAINING ORDER**

  Pursuant to Federal Rule of Civil Procedure 65, DraftKings moves for the issuance of an order temporarily restraining and preliminary enjoining Defendant Michael Hermalyn from:

 a) using or disclosing any of DraftKings' Confidential Information (as defined in the Nonsolicitation, Nondisclosure & Assignment of Inventions Agreement dated August 31, 2020) (the "Confidentiality Agreement");

 b) moving, destroying, deleting, altering, or otherwise disposing of any files, documents, and digital media that contain any DraftKings Confidential Information (as defined in the Confidentiality Agreement), and/or that are derived from such information;

 c) directly or indirectly providing any services to Fanatics, Inc., including its subsidiaries, affiliates, and joint ventures (individually and together, "Fanatics") relating to: (i) the research, design, development, marketing, sales, operations, maintenance and commercial exploitation pertaining to the operation of, and providing products and services for, the operation of games of chance or skill or pari-mutuel or fixed odds games (including, but not limited to, lotteries, pari-mutuel betting, bingo, race tracks, jai alai, legalized bookmaking, off-track betting, casino

    games, racino, keno, and sports betting or any play for fun (non-wagering) versions of the foregoing) and any type of ancillary service or product related to or connected with the foregoing; or (ii) any other aspect of the Business of the Company for which he performed services or received Confidential Information (each as defined in the Noncompetition Covenant dated August 16, 2023) (the "Noncompetition Covenant") at any time during the six (6) month period prior to February 1, 2024;

d)  directly or indirectly soliciting or transacting business, or attempting to solicit or transact business with, any of DraftKings' customers, clients, vendors or partners, or with any of DraftKings' prospective customers, clients, vendors or partners about which Mr. Hermalyn learned confidential information or which Mr. Hermalyn had some involvement or knowledge relating to: (i) the research, design, development, marketing, sales, operations, maintenance and commercial exploitation pertaining to the operation of, and providing products and services for, the operation of games of chance or skill or pari-mutuel or fixed odds games (including, but not limited to, lotteries, pari-mutuel betting, bingo, race tracks, jai alai, legalized bookmaking, off-track betting, casino games, racino, keno, and sports betting or any play for fun (non-wagering) versions of the foregoing) and any type of ancillary service or product related to or connected with the foregoing; or (ii) any aspect of the Business of the Company (as defined in the Noncompetition Covenant);

e)  directly or indirectly: (i) soliciting, in person or through supervision or control of others, an employee, advisor, consultant or contractor of DraftKings for the purpose of inducing or encouraging the employee, advisor, consultant or contractor to leave his or her relationship with DraftKings or to change an existing business relationship to the detriment of DraftKings; (ii) hiring away an employee, advisor,

consultant or contractor of DraftKings; or (iii) helping another person or entity hire away a DraftKings employee, advisor, consultant or contractor.

DraftKings further respectfully requests that the Court order Mr. Hermalyn within three (3) days of the entry of its order, to: (a) return to DraftKings all DraftKings' Confidential Information (as defined in the Confidentiality Agreement) such that no Confidential Information remains in his possession, custody, or control; (b) identify to DraftKings in writing any disclosure of DraftKings' Confidential Information he made to any third party apart from any such disclosures he made in his ordinary course of business as an employee of DraftKings; and (c) certify to DraftKings his compliance with (a) and (b) above under the pains and penalties of perjury.

DraftKings respectfully requests that the Court's order as set forth above shall remain in effect until the Court rules on DraftKings' forthcoming motion for a preliminary injunction.

As set forth more fully in the Verified Complaint, Memorandum in Support of this Motion, and Affidavits of Gregory Karamitis and Brian Harris, Hermalyn misappropriated DraftKings' trade secrets in violation of his contractual obligation not to disclose or use DraftKings Confidential Information without authorization, breached his contractual obligation not to compete against DraftKings within a reasonable period after his employment, and breached his contractual obligation not to solicit DraftKings' employees.  In the absence of the requested relief, DraftKings will suffer immediate and irreparable harm.

DraftKings respectfully requests that this Court schedule a hearing on this matter today, February 6, 2024, or as soon as is otherwise practicable.  In support of this motion, DraftKings relies on the accompanying Memorandum, Affidavits of Gregory Karamitis and Brian Harris, and Verified Complaint.

Dated: February 5, 2024						Respectfully submitted,

/s/ *Andrew S. Dulberg*
William F. Lee (BBO #291960)
Andrew Scott Dulberg (BBO #675405)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
617-526-6352 (t)
william.lee@wilmerhale.com
andrew.dulberg@wilmerhale.com

Orin Snyder (*pro hac vice pending*)
Harris M. Mufson (*pro hac vice pending*)
Justin M. DiGennaro (*pro hac vice pending*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:  212.351.4000
Fax:  212.351.4035
OSnyder@gibsondunn.com
HMufson@gibsondunn.com
JDiGennaro@gibsondunn.com

Jason C. Schwartz (pro hac vice pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  202.955.8500
JSchwartz@gibsondunn.com

*Attorneys for Plaintiff DraftKings Inc.*

## RULE 7.1(A)(2) CERTIFICATE

I, Andrew S. Dulberg, hereby certify that on February 5, 2024, counsel for DraftKings conferred with counsel for the Defendant and attempted in good faith to resolve or narrow the issue.

*/s/ Andrew S. Dulberg*
Andrew S. Dulberg

## CERTIFICATE OF SERVICE

I, Andrew S. Dulberg, counsel for DraftKings, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  This document is being sent by e-mail and will be sent by courier to counsel for the Defendant at the addresses below.

> Brad D. Brian
> Bethany W. Kristovich
> Anne K. Conley
> MUNGER, TOLLES & OLSON LLP
> 350 South Grand Avenue, 50th Floor
> Los Angeles, CA 90071-9100
> Brad.Brian@mto.com
> Bethany.Kristovich@mto.com
> Anne.Conley@mto.com

*/s/ Andrew S. Dulberg*
Andrew S. Dulberg