IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS INC.,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL HERMALYN<br><br>                Defendant. | Civil Action No.  1:24-cv-10299 |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Upon Plaintiff DraftKings Inc.'s ("DraftKings") Motion for a Temporary Restraining Order, and upon consideration of the Verified Complaint, Exhibits, Memorandum of Law, and the Affidavits of Gregory Karamitis and Brian Harris in support of DraftKings' Motion, the Court hereby ORDERS that:

    a)    Mr. Hermalyn is hereby restrained and enjoined from using or disclosing any of DraftKings' Confidential Information (as defined in the Nonsolicitation, Nondisclosure & Assignment of Inventions Agreement dated August 31, 2020) (the "Confidentiality Agreement");

    b)    Mr. Hermalyn is hereby restrained and prohibited from moving, destroying, deleting, altering, or otherwise disposing of any files, documents, and digital media that contain any DraftKings Confidential Information (as defined in the Confidentiality Agreement), and/or that are derived from such information;

    c)    Mr. Hermalyn is hereby restrained and enjoined from directly or indirectly providing any services to Fanatics, Inc., including its subsidiaries, affiliates, and joint ventures (individually and together, "Fanatics") relating to: (i) the research, design, development, marketing, sales, operations, maintenance and commercial

|   |   |
|---|---|
|   | exploitation pertaining to the operation of, and providing products and services for, the operation of games of chance or skill or pari-mutuel or fixed odds games (including, but not limited to, lotteries, pari-mutuel betting, bingo, race tracks, jai alai, legalized bookmaking, off-track betting, casino games, racino, keno, and sports betting or any play for fun (non-wagering) versions of the foregoing) and any type of ancillary service or product related to or connected with the foregoing; or (ii) any other aspect of the Business of the Company for which he performed services or received Confidential Information (each as defined in the Noncompetition Covenant dated August 16, 2023) (the "Noncompetition Covenant") at any time during the six (6) month period prior to February 1, 2024; |
| d) | Mr. Hermalyn is hereby restrained and enjoined from directly or indirectly soliciting or transacting business, or attempting to solicit or transact business with, any of DraftKings' customers, clients, vendors or partners, or with any of DraftKings' prospective customers, clients, vendors or partners about which Mr. Hermalyn learned confidential information or which Mr. Hermalyn had some involvement or knowledge relating to: (i) the research, design, development, marketing, sales, operations, maintenance and commercial exploitation pertaining to the operation of, and providing products and services for, the operation of games of chance or skill or pari-mutuel or fixed odds games (including, but not limited to, lotteries, pari-mutuel betting, bingo, race tracks, jai alai, legalized bookmaking, off-track betting, casino games, racino, keno, and sports betting or any play for fun (non-wagering) versions of the foregoing) and any type of ancillary service or product related to or connected with the foregoing; or (ii) any aspect of the Business of the Company (as defined in the Noncompetition Covenant); |

e) Mr. Hermalyn is hereby restrained and enjoined from directly or indirectly: (i) soliciting, in person or through supervision or control of others, an employee, advisor, consultant or contractor of DraftKings for the purpose of inducing or encouraging the employee, advisor, consultant or contractor to leave his or her relationship with DraftKings or to change an existing business relationship to the detriment of DraftKings; (ii) hiring away an employee, advisor, consultant or contractor of DraftKings; or (iii) helping another person or entity hire away a DraftKings employee, advisor, consultant or contractor.

f) Mr. Hermalyn is hereby directed, within three (3) days of the entry of this order, to: (a) return to DraftKings all DraftKings' Confidential Information (as defined in the Confidentiality Agreement) such that no Confidential Information remains in his possession, custody, or control; (b) identify to DraftKings in writing any disclosure of DraftKings' Confidential Information he made to any third party apart from any such disclosures he made in his ordinary course of business as an employee of DraftKings; and (c) certify to DraftKings his compliance with (a) and (b) above under the pains and penalties of perjury.

This order shall remain in effect until the Court rules on DraftKings' forthcoming motion for a preliminary injunction.

**SO ORDERED.**

_____
United States District Judge

Boston, Massachusetts

Dated: February ___, 2024