# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS INC.<br><br>                        Plaintiff,<br><br>    v.<br><br>MICHAEL HERMALYN<br><br>                        Defendants. | Civil Action No. 1:24-cv-10299 |

**<u>PLAINTIFF DRAFTKINGS INC.'S FIRST SET OF INTERROGATORIES
TO DEFENDANT MICHAEL HERMALYN (NOS. 1-10)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff DraftKings Inc. ("DraftKings"), by and through its undersigned counsel, requests that Defendant Michael Hermalyn answer the following interrogatories. The answers are to be provided at a date to be set by the Court at the offices of undersigned counsel.

## DEFINITIONS

The words and phrases used herein shall have the meanings ascribed to them under the Federal Rules of Civil Procedure. In addition, the following terms shall have the meanings set forth below:

A. "You," "your," and "Defendant" shall mean Defendant Michael Hermalyn and all agents, employees, representatives, attorneys, and other persons acting at your direction or on your behalf.

B. "Plaintiff" and "DraftKings" refers to Plaintiff DraftKings Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Plaintiff DraftKings Inc.

C. "Fanatics" refers to Fanatics Holdings, Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates (including but not limited to Fanatics VIP and FVP, LLC), and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Fanatics Holdings, Inc.

D. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall

include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

E. "Entity" means corporation, company, firm, partnership, joint venture, association, governmental body, or agency, or persons other than a natural person.

F. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

G. "Communications Accounts" shall refer to any data stored in any account used to exchange electronic Communications, including but not limited to e-mail accounts, iMessage accounts, WhatsApp accounts, social media accounts (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

H. "Cloud Storage Accounts" shall refer to any data stored in any Cloud or other electronic back-up, storage, or email account, including without limitation Gmail (or any other email account), Google Drive, Dropbox, Box, Sharepoint, Sharefile, and iCloud, used by You during or after Your employment with DraftKings.

I. "Communication" means any contact, oral, written, or electronic, whereby information of any nature is transmitted or transferred, including e-mail, voicemail, instant messages, Slack messages, text/sms messages, iMessages, WhatsApp messages, messages sent through so-called ephemeral messaging applications (for example, Snapchat, Signal, Wickr, or Telegram), and social media posts and/or messages (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

J. "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

K. "Relate to," "related to," and "relating to" mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

L. "Regarding" means in whole or in part relating to, concerning, reflecting, alluding to, mentioning, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

M. "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, shall mean (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what he said or did; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

N. "Identify," when used with respect to any natural Person, means that the following information shall be provided: the Person's full name; last known home address and telephone number; last known business address and telephone number; last known title or occupation; and last known employer.

O. "Identify," when used with respect to any entity (including corporation, company, firm, partnership, joint venture, association, governmental body or agency or Persons other than a natural Person), means that the following information shall be provided: the full legal name of the entity; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

P. "Identify," when used with respect to a document, subject to the option to produce records under Rule 33(d) of the Federal Rules of Civil Procedure, means to provide information sufficient to locate that document, including, but not limited to, the following: the Bates range, the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (*e.g.*, letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each Person who signed or authorized the document; the name of each addressee; the name of each Person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reasons why it no longer exists and the identity of the last Person having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

Q. "Identify," when used with reference to any communication, means that the following information shall be provided: (1) summarize the substance of the communication; (2)

state the date and place of the communication; (3) identify each Person who was present at, involved in, connected with, or who participated in the communication; (4) state the form of communication (*e.g.*, telephone call, meeting, letter, etc.); and (5) identify each document memorializing or referring to the communication.

  R. "Identify," when used with reference to a tangible thing that is not a document or communication, means that the following information shall be provided: (i) the product names, product numbers, version numbers, and revision numbers; (ii) the date that the thing was first introduced for sale; (iii) the date of the thing's first sale; and (iv) all team names or project titles used in connection with the design, development, testing, or engineering of that tangible thing.

  S. "Identify," when used with reference to a process, means state or provide information supplying the date that the process was first used, the date the products or other objects made by the process were first sold, all numbers or codes used to refer to the process, including but not limited to process revision numbers or codes, all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process.

  T. "Date(s)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including the year, month, week in a month, or part of a month.

  U. "Any" and "all" shall be construed to mean both any and all.

  V. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

  W. The words "including" and "includes" shall be without limitation.

# INSTRUCTIONS

1. These interrogatories call for information (including any information contained in or on any document) that is known or available to you, or in your possession, custody, or control, including all information known or available to your attorneys, agents, representatives, or any other Person acting or purporting to act on your behalf or under the direction or control of you or your attorneys, agents, representatives, or investigators.

2. If you cannot answer any interrogatory fully and completely, after exercising due diligence to make inquiry and secure the information necessary to do so, please so state, and: (a) answer such interrogatory to the fullest extent possible; (b) specify the portion of such interrogatory that you claim you are unable to answer fully and completely; (c) state the facts upon which you rely to support your contention that you are unable to answer that interrogatory fully and completely, and (d) state what knowledge, information and belief you have concerning the unanswered portion of each such interrogatory. If your response is qualified in any particular respect, set forth the details of such qualification.

3. Whenever you are asked to identify or describe an event, please: (a) summarize all facts relating to the event; (b) state the date and location of each occurrence relating to the event; (c) identify the Persons most knowledgeable about the event; and (d) identify all documents and communications relating to the event.

4. Whenever you are asked to "state the basis" of or for a particular claim, counterclaim, assertion, allegation, or contention, please: (a) describe all facts, information, conclusions, theories, and arguments that pertain to or form the basis of your response; (b) identify all documents (and, where pertinent, the section, article, or subparagraph thereof) that pertain to or form any part of the basis of your response; (c) identify all communications that

pertain to or form any part of the basis of your response; and (d) identify separately the acts or omissions to act on the part of any Person (by stating their nature, time, and place and by identifying the Persons involved) that pertain to or form any part of the basis of your response.

5. An interrogatory requiring you to "describe" a subject means you shall provide a complete and detailed explanation of the subject in writing, identify all documents (by Bates range where applicable) relevant to the subject, and identify all persons with knowledge relevant to the subject.

6. In the event that you respond to any interrogatory by producing records subject to Rule 33 of the Federal Rules of Civil Procedure, identify: (a) the Bates range; (b) the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; (c) the identifying code number, file number, title, or label of such document; (d) a general description of such document (*e.g.*, letter, memorandum, drawing); (e) the title or heading; (f) the number of pages of which such document consists; (g) the name of each Person who signed or authorized the document; (h) the name of each addressee; (i) the name of each Person having possession, custody, or control of such document; (j) if the document existed at one time but does not presently exist, the reasons why it no longer exists and the identity of the last Person having custody of it; and (k) if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

7. If you withhold any information or decline to fully identify any Person, document, or communication, or portion thereof, in response to any of the interrogatories set forth below on grounds of privilege or any other claim of immunity from discovery, then for each identification, document, communication, or portion thereof withheld, state the following: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject

matter; (e) the name, address, and employer at the time of preparation of the individuals who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individuals to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work-product immunity," etc.).

8. In the event that you object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that interrogatory for purposes of your response.

9. In the event that you object to any interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

10. The singular form of a word should be interpreted in the plural as well.

11. Because these discovery requests are continuing under Rule 26(e) of the Federal Rules of Civil Procedure, you remain under a duty to supplement or amend any response herein.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe all documents related to DraftKings' business and operations that you have downloaded, printed, or otherwise obtained since January 1, 2024. Your answer should include without limitation: the identity of each document; when you came into possession of each document; why you remain in possession of each document; a detailed description of the content of each document; a detailed description of why you downloaded, printed, or otherwise obtained the document; where you were when downloading, printing, or otherwise obtaining the

document; a detailed description of the present location (other than DraftKings' servers) of each document that you downloaded, printed, or otherwise obtained.

**INTERROGATORY NO. 2**

Describe each circumstance under which you have shared, shown, presented, disclosed, or described DraftKings' documents or information to Fanatics or any agents of Fanatics since January 1, 2023.

**INTERROGATORY NO. 3**

Describe all communications you have had with a Fanatics employee or agent from January 1, 2024 to the present related to DraftKings' business, business partners, customers, and employees.

**INTERROGATORY NO. 4**

Describe all communications you have had with any current or former employees of DraftKings from January 1, 2023 to the present regarding actual or potential employment by Fanatics.

**INTERROGATORY NO. 5**

Identify all your personal electronic devices, Communications Accounts and Cloud Storage Accounts on which you downloaded or accessed DraftKings' documents or information, including all personal email addresses that you use or have used on those devices since January 1, 2023 to the present.

**INTERROGATORY NO. 6**

Identify all Fanatics' VIP clients with whom you have communicated concerning Fanatics.

**INTERROGATORY NO. 7**

Identify all Fanatics' VIP clients with whom you have communicated since February 1, 2024.

**INTERROGATORY NO. 8**

Identify the date when You began working for Fanatics.

**INTERROGATORY NO. 9**

Identify all DraftKings' former or current employees with whom you have communicated concerning Fanatics.

**INTERROGATORY NO. 10**

Identify all DraftKings' former or current employees with whom you have communicated since February 1, 2024.

| | |
|---|---|
| Dated: February 5, 2024 | /s/ Andrew S. Dulberg<br>William F. Lee (BBO #291960)<br>Andrew S. Dulberg (BBO #675405)<br>WILMER CUTLER PICKERING<br>　　HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br>william.lee@wilmerhale.com<br>andrew.dulberg@wilmerhale.com<br><br>Orin Snyder *(pro hac vice pending)*<br>Harris M. Mufson *(pro hac vice pending)*<br>Justin M. DiGennaro *(pro hac vice pending)*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-4000<br>OSnyder@gibsondunn.com<br>HMufson@gibsondunn.com<br>JDiGennaro@gibsondunn.com<br><br>Jason C. Schwartz *(pro hac vice pending)*<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>(202) 955-8500<br>JSchwartz@gibsondunn.com<br><br>*Attorneys for Plaintiff DraftKings Inc.* |

# CERTIFICATE OF SERVICE

      I, Andrew S. Dulberg, counsel for Plaintiff, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). This document is being sent by email to counsel for Defendant and will also be sent by courier to the addresses below.

Brad D. Brian
Bethany W. Kristovich
Anne K. Conley
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-9100
Brad.Brian@mto.com
Bethany.Kristovich@mto.com
Anne.Conley@mto.com
/s/ Andrew S. Dulberg
Andrew S. Dulberg

                      */s/ Andrew S. Dulberg*
                      Andrew S. Dulberg