# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DRAFTKINGS INC.

                              Plaintiff,

          v.

MICHAEL HERMALYN

                           Defendants.

Civil Action No. 1:24-cv-10299

**PLAINTIFF DRAFTKINGS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MICHAEL HERMALYN (NOS. 1-10)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff DraftKings Inc. ("DraftKings"), by and through its undersigned counsel, requests that Defendant Michael Hermalyn produce for inspection and copying the documents described below.  The documents requested herein are to be produced at a date to be set by the Court at the offices of undersigned counsel.

## DEFINITIONS

The words and phrases used herein shall have the meanings ascribed to them under the Federal Rules of Civil Procedure.  In addition, the following terms shall have the meanings set forth below:

A.      "You," "your," and "Defendant" shall mean Defendant Michael Hermalyn and all agents, employees, representatives, attorneys, and other persons acting at your direction or on your behalf.

B.      "Plaintiff" and "DraftKings" refers to Plaintiff DraftKings Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of DraftKings.

C.      "Fanatics" refers to Fanatics Holdings, Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates (including but not limited to Fanatics VIP and FVP, LLC), and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Fanatics.

D.      "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity.  The acts of a Person shall

include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

E. "Entity" means corporation, company, firm, partnership, joint venture, association, governmental body, or agency, or persons other than a natural person.

F. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

G. "DraftKings Confidential Information" means "Confidential Information" as defined in the August 31, 2020 Nonsolicitation, Nondisclosure & Assignment of Inventions Agreement between You and DraftKings.

H. "Cloud Storage Accounts" shall refer to any data stored in any Cloud or other electronic back-up, storage, or email account, including without limitation Gmail (or any other email account), Google Drive, Dropbox, Box, Sharepoint, Sharefile, and iCloud, used by You during or after Your employment with DraftKings.

I.    "Communications Accounts" shall refer to any data stored in any account used to exchange electronic Communications, including but not limited to e-mail accounts, iMessage accounts, WhatsApp accounts, social media accounts (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

J.    "Communication" means any contact, oral, written, or electronic, whereby information of any nature is transmitted or transferred, including e-mail, voicemail, instant messages, Slack messages, text/sms messages, iMessages, WhatsApp messages, messages sent through so-called ephemeral messaging applications (for example, Snapchat, Signal, Wickr, or Telegram), and social media posts and/or messages (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

K.    "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

L.    "Relate to," "related to," and "relating to" mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

M.    "Regarding" means in whole or in part relating to, concerning, reflecting, alluding to, mentioning, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

N.    "Any" and "all" shall be construed to mean both any and all.

O.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

P.     The words "including" and "includes" shall be without limitation.

## INSTRUCTIONS

1.     These requests shall apply to all documents in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production.  If you know of the existence, past or present, of any documents requested below, but are unable to produce such documents because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents, and the person who has possession, custody, or control of the documents.

2.     If no documents are responsive to a particular request, you are to state that no responsive documents exist.

3.     In the event that you object to any request on the ground that it is overbroad or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

4.     For any responsive documents that have been lost, destroyed, or withheld from production based on any ground, you shall provide a written statement setting forth:

a.     the identity of the document;

b.     the nature of the document (*e.g.*, letter, memorandum, chart);

c.     the identity of the person(s) who received copies of the document;

d.     the date of the document;

        e.        a brief description of the subject matter of the document; and

        f.        the circumstances of the loss or destruction of the document and any fact, statute, rule, or decision upon which you rely in withholding the document.

5.        If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

        a.        to disclose the facts upon which you rely in asserting your claim;

        b.        to permit the grounds and reasons for withholding the information to be identified unambiguously; and

        c.        to permit the information withheld to be identified unambiguously.

6.        All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original.  Alternatively, as to each document produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document is being produced.  Where a document exists in hard copy and electronic format, you shall produce both the hard and the electronic copy.

7.        Each document is to be produced along with all drafts, without abbreviation or redaction.

8.        These discovery requests are continuous in nature, and you are under a duty to supplement or amend any prior response.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All documents You received from DraftKings during your employment at DraftKings.

**REQUEST FOR PRODUCTION NO. 2**

All documents You generated during the course of your employment at DraftKings.

**REQUEST FOR PRODUCTION NO. 3**

All documents You received from any DraftKings VIP customers, DraftKings business

partners, or other third-parties during your employment at DraftKings.

**REQUEST FOR PRODUCTION NO. 4**

All communications between You and all employees or agents of Fanatics from January

1, 2023 to present.

**REQUEST FOR PRODUCTION NO. 5**

All documents and communications relating to Your alleged residency in California,

including communications concerning residency in that state and documents sufficient to show

Your residency.

**REQUEST FOR PRODUCTION NO. 6**

All communications between You and any current or former DraftKings' employees

concerning Fanatics from January 1, 2023 to present.

**REQUEST FOR PRODUCTION NO. 7**

All communications between You and any current DraftKings' employees from February

1, 2024 to present.

**REQUEST FOR PRODUCTION NO. 8**

All communications between You and any current and former DraftKings' VIP customers concerning Your potential or actual employment with Fanatics.

**REQUEST FOR PRODUCTION NO. 9**

All communications between You and any current DraftKings' VIP customers from February 1, 2024 to present.

**REQUEST FOR PRODUCTION NO. 10**

Produce for inspection and forensic imaging any personal computer, laptop, tablet, phone, Communications Accounts, Cloud Storage Accounts, or other device that You have used at any time since October 1, 2023.

Dated: February 5, 2024

/s/ *Andrew S. Dulberg*
William F. Lee (BBO #291960)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
andrew.dulberg@wilmerhale.com


Orin Snyder *(pro hac vice pending)*
Harris M. Mufson *(pro hac vice pending)*
Justin M. DiGennaro *(pro hac vice pending)*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
OSnyder@gibsondunn.com
HMufson@gibsondunn.com
JDiGennaro@gibsondunn.com

Jason C. Schwartz *(pro hac vice pending)*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
JSchwartz@gibsondunn.com

*Attorneys for Plaintiff DraftKings Inc.*

## CERTIFICATE OF SERVICE

I, Andrew S. Dulberg, counsel for Plaintiff, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). This document is being sent by email to counsel for Defendant and will also be sent by courier to the addresses below.

Brad D. Brian
Bethany W. Kristovich
Anne K. Conley
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-9100
Brad.Brian@mto.com
Bethany.Kristovich@mto.com
Anne.Conley@mto.com
/s/ Andrew S. Dulberg
Andrew S. Dulberg

/s/ Andrew S. Dulberg
Andrew S. Dulberg