UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS, INC.,<br><br>　　　　　　　*Plaintiff*,<br><br>v.<br><br>MICHAEL Z. HERMALYN,<br><br>　　　　　　　*Defendant.* | Civil Action No. 1:24-cv-10299-JEK<br><br>**Oral Argument Requested** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EMERGENCY
MOTION TO STAY
<u>PURSUANT TO THE FIRST-FILED RULE</u>**

　　　　This case should be immediately stayed as duplicative of a parallel case seeking emergency injunctive relief, among other things, that was first filed by Defendant Michael Z. Hermalyn in the Los Angeles, California Superior Court last week (the "First-Filed Action"). In recent days, Plaintiff DraftKings, Inc. ("DraftKings") has twice improperly removed the First-Filed Action to the U.S. District Court for the Central District of California, *see* Case Nos. 2:24-cv-00918 and 2:24-cv-00997, in order to avoid the Los Angeles Superior Court's jurisdiction over the parties' dispute and buy time to file its own lawsuit seeking emergency injunctive relief in this Court against Hermalyn. DraftKings' jurisdictional gamesmanship should not be countenanced.

　　　　Last week, on February 1, 2024, Hermalyn—a California resident who has ***never*** lived or worked in the Commonwealth of Massachusetts—and his current employer, Los Angeles-based FVP, LLC ("Fanatics VIP"), filed a complaint in the Superior Court of the State of California in the County of Los Angeles seeking a declaratory judgment and injunctive relief to enjoin DraftKings from prohibiting Hermalyn from working for Fanatics VIP through the enforcement of illegal post-employment restrictive covenants, including 12-month, ***worldwide*** non-compete

and non-solicitation covenants contained in Hermalyn's agreements with DraftKings.[1] Also on February 1, 2024, Hermalyn gave notice to DraftKings of his intention to seek an *ex parte* application for a temporary restraining order in the First-Filed Action, seeking a prohibition on DraftKings attempting to enforce the illegal restrictive covenants. This relief is based on California statutes that not only invalidate the restrictive covenants at issue, but give Hermalyn a private right of action for injunctive relief against DraftKings to prohibit their enforcement. *See* Cal. Bus. & Prof. Code §§ 16600(a), 16600.5.

Overnight on February 1, 2024, in a transparent attempt to avoid an adverse ruling from the California state court, DraftKings removed the case to California federal court—without any basis in law or fact. The next day, on February 2, 2024, Hermalyn and Fanatics VIP moved to remand for lack of federal jurisdiction. Yesterday, on February 5, 2024, the federal court—on its own—remanded the case to the California Superior Court, as no diversity jurisdiction exists. Later on February 5, 2024, Hermalyn submitted a renewed request for a temporary restraining order, and he requested a hearing on the application on Wednesday, February 7, 2024.

Last night, February 5, 2024, DraftKings once again improperly removed the First-Filed Action to federal court, despite the lack of diversity and despite the California federal court's *sua sponte* order unequivocally remanding the case. *See* Case No. 2:24-cv-00997 (C.D. Cal. Feb. 5, 2024). Then, just before midnight and continuing into the early morning on February 6, 2024,

---

[1] Beck Decl., Ex. A (Compl., *Hermalyn et al. v. DraftKings, Inc.*, No. 24STCV02694 (Feb. 1, 2024)). Citations to "Beck Decl." are to the Declaration of Russell Beck in Support of Defendant's Motion to Stay, filed concurrently with this Memorandum.

DraftKings filed this action.[2]  DraftKings is clearly doing so in order to divest the Los Angeles Superior Court of jurisdiction and prevent Hermalyn's state court *ex parte* request for a temporary restraining order from going forward there, long enough for DraftKings to get relief from this Court first.

Because the First-Filed Action involves the enforceability of the *same* post-employment restrictive covenants, relating to the *same* parties and arising from the *same* underlying facts and legal issues, well-established principles of judicial economy, interstate comity, and avoidance of waste and conflicting rulings strongly favor staying this litigation in its entirety pending resolution of the First-Filed Action in California.

## BACKGROUND

Defendant Hermalyn, a California resident, recently accepted an offer of employment from non-party Fanatics VIP, a California-based affiliate of the digital sports platform Fanatics Holdings, Inc. (together with its subsidiaries and affiliates, including Fanatics VIP, "Fanatics"). Hermalyn Decl.[3] ¶¶ 2, 4, 6.  Hermalyn serves as the President of Fanatics VIP and the Head of Fanatics' Los Angeles, California office.  *Id.* ¶ 4.  This position requires Hermalyn to live and work in Los Angeles, California, where Fanatics currently employs approximately 80 people.  *Id.* ¶ 5.

Prior to joining Fanatics VIP, Hermalyn worked for DraftKings for fewer than 3.5 years, from approximately September 2020 to February 1, 2024.  During this time, Hermalyn worked

---

[2]  Hermalyn denies all allegations of misconduct alleged by Plaintiff in their incendiary filings.  He intends to correct the misstatements following an opportunity to prepare his opposition to the midnight filings.

[3]  Citations to "Hermalyn Decl." are to the Declaration of Michael Z. Hermalyn in Support of Defendant's Motion to Stay, filed concurrently with this Memorandum.

from DraftKings' New York City office or his then-home office in Bay Head, New Jersey. *Id.* ¶¶ 2, 8-9. Hermalyn never lived or worked in the Commonwealth of Massachusetts, nor was he based out of or affiliated with DraftKings' Massachusetts office. *Id.* ¶ 9. DraftKings' employment-related agreements with Hermalyn contained overbroad and illegal post-employment restrictive covenants, including ***global***, 12-month non-compete and non-solicitation covenants. *See* Beck Decl., Ex. A.

As a resident of the State of California, Hermalyn seeks to continue his employment with Fanatics VIP as President and as the Head of Fanatics' Los Angeles office, without the burden of the unenforceable prohibitions and restraints his agreements with DraftKings impose. Accordingly, on February 1, 2024, Hermalyn and Fanatics VIP filed a complaint in the Superior Court of the State of California in the County of Los Angeles, Central District, seeking declaratory relief and injunctive relief and asserting violations of California Business & Professions Code Sections 16600, 16600.1, 16600.5, and 17200. Beck Decl., Ex. A. The First-Filed Action alleges that DraftKings, Hermalyn's former employer, has sought to improperly restrain Hermalyn, a California resident and employee, from pursuing a lawful profession of his choosing with Fanatics VIP in California, and restrict California-based Fanatics VIP from employing him, by enforcing sweeping post-employment restrictive covenants and Massachusetts forum selection and choice of law provisions, all of which are ***illegal and void*** under California law. *Id.*

Additionally, also on February 1, 2024, Hermalyn promptly submitted and gave notice of his intention to seek a Temporary Restraining Order and Preliminary Injunction seeking to enjoin

DraftKings from enforcing the illegal contracts.[4]  He did so pursuant to California's recently enacted law (effective January 1, 2024) that grants California residents a private right of action to enjoin enforcement of restrictive covenants, even if signed outside of California while working for a non-California employer.  The legislative history of this new law demonstrates that it was intended to give California workers the right to sue both: (a) to invalidate unlawful restrictive covenants; and (b) to enjoin their former employers from suing outside California to enforce such covenants.  *See* Beck Decl., Exs. A, D.

On February 1, 2024, DraftKings improperly removed the action, purportedly based on diversity jurisdiction, to the U.S. District Court for the Central District of California.  No. 2:24-cv-00918-MCS-E (C.D. Cal.).  On February 2, 2024, Hermalyn and Fanatics VIP immediately filed an expedited motion to remand, explaining that there was no diversity.  On February 5, 2024, without even waiting for DraftKings to respond, the district court *sua sponte* remanded the case.[5]  Later that same day, with the case back in the California Superior Court, Hermalyn submitted a renewed application for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction.[6]  Hermalyn requested a hearing on his application at the earliest opportunity available, on February 7, 2024, at 8:30 a.m. Pacific Time.

---

[4]  *See* Beck Decl., Ex. B (Pl.'s *Ex Parte* App. for (1) a Temp. Restraining Order and (2) an Order to Show Cause Regarding Preliminary Injunction, *Hermalyn et al. v. DraftKings, Inc.*, No. 24STCV02694 (Feb. 1, 2024)).

[5]  *See* Beck Decl., Ex. C ((In Chambers) Remand Order, No. 2:24-cv-00918-MCS-E, ECF No. 14 (C.D. Cal. Feb. 5, 2024)).

[6]  *See* Beck Decl., Ex. D (Pl.'s *Ex Parte* App. for (1) a Temp. Restraining Order and (2) an Order to Show Cause Regarding Preliminary Injunction, *Hermalyn et al. v. DraftKings, Inc.*, No. 24STCV02694 (Feb. 1, 2024)).

Late on February 5, 2024, DraftKings contacted Hermalyn's counsel in the First-Filed Action and informed them that it would be filing this action and associated motions, and requested Hermalyn's consent. Instead of providing the papers to Hermalyn's counsel, however, DraftKings filed this action near midnight on February 5, 2024. DraftKings also once again removed the First-Filed Action to federal court on the night of February 5, 2024. *See* Case No. 2:24-cv-00997 (C.D. Cal. Feb. 5, 2024)). DraftKings intent is clear: to avoid the application of California law and public policy that invalidate the restrictive covenants at issue, and to stall the First-Filed Action long enough to get a ruling in this Court first.

Boiled down, in this duplicative lawsuit, DraftKings seeks to enforce the exact same restrictive covenants whose validity Hermalyn is already challenging in the First-Filed Action. *See, e.g.*, Compl. (ECF No. 1) ¶¶ 1 (alleging "brazen violation of his agreements with and duties to DraftKings"), 4 ("Hermalyn repeatedly executed contractual agreements with DraftKings"); Counts I-III. That is also the basis of DraftKings' motion for a temporary restraining order. *See* [Proposed] Temporary Restraining Order (ECF No. 3-1) (referring repeatedly to Hermalyn's Agreements with DraftKings). Hermalyn and his fellow California plaintiff, Fanatics VIP, have filed a notice in the Central District of California that the case is the same as DraftKings' previous attempt to remove the action, which was rejected by the court, and intend to move for remand expeditiously. *Id.* ECF No. 6. This action should be stayed in its entirety pending resolution of the First-Filed Action in California.

## **ARGUMENT**

This Court should apply its "broad discretion" and "inherent" power to stay this case in its entirety in favor of the "economy of time and effort for itself, for counsel, and for litigants." *Thakkar v. United States*, 389 F. Supp. 3d 160, 171 (D. Mass. 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Klein v. MHM Corr. Servs.*, 2010 WL 3245291, at *9 (D. Mass.

Aug. 16, 2010)). The First Circuit has long held that "[o]bvious concerns" exist where, as here, multiple actions involving overlapping parties and subject matter are pending in different courts. *See TPM Holdings v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996). These concerns include "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." *Id*. To avoid waste of resources, undue burden and inconvenience, and the possibility of conflicting judgments, "where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred . . . ." *Sophos, Inc. v. RPost Holdings, Inc.*, 2014 WL 2434637, at *1 (D. Mass. May 30, 2014) (quoting *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987)).

"Under the first-to-file rule, . . . 'the usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action.'" *Jimenez v. Kohl's Dep't Stores, Inc.*, 480 F. Supp. 3d 305, 306 (D. Mass. 2020) (quoting *Thakkar*, 389 F. Supp. 3d at 170). "When deciding whether to apply the rule, courts must consider: (1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues." *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 350 (D. Mass. 2019), *aff'd*, 966 F.3d 10 (1st Cir. 2020). Here, all three factors weigh heavily in favor of this Court issuing a stay until there is a resolution in the First-Filed Action in California.

### A. The California Action Was the First Filed Case.

***First***, it is undisputed that the case in California was the first-filed action between overlapping parties. Defendant Hermalyn and his employer Fanatics VIP filed the First-Filed

Action, seeking declaratory judgment and injunctive relief in California on February 1, 2024.[7] Beck Decl., Ex. A. DraftKings did not file this action against Hermalyn until near midnight on February 5, 2024. ECF No. 1. Therefore, the first factor weighs strongly in favor of this Court issuing a stay to allow "the case [where the dispute] was first filed to resolve the issues." *See Jimenez*, 480 F. Supp. 3d at 306 (quoting *Thakkar*, 389 F. Supp. 3d at 170); *see also Sophos, Inc.*, 2014 WL 2434637, at *3 ("[T]he mere passage of a single day is enough to trigger the first-filed rule.") (citing *Veryfine Prod., Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 26 (D. Mass. 2000)).

### B. The Parties Completely Overlap.

***Second***, the parties in the First-Filed Action and this action entirely overlap—Hermalyn and DraftKings. The second factor is therefore easily satisfied as well.[8]

### C. The Overlap in the Factual and Legal Issues Also Weighs in Favor of a Stay.

***Third***, the First-Filed Action and this subsequent action involve overlapping factual and legal issues. DraftKings' contract claims in this case turn on the enforceability of Hermalyn's post-employment covenants; they are thus merely the mirror image of the claims Hermalyn and Fanatics VIP already have brought in the First-Filed Action in California, challenging those exact same covenants as illegal and seeking to enjoin their enforcement. *See* Beck Decl., Exs. A, D.

---

[7] Although, as noted above, DraftKings improperly removed the case to federal court (from which it has since been remanded), and has now done so again, for removed actions the relevant filing date is the date the underlying complaint was filed, not the date of removal. *See OneBeacon Am. Ins. Co. v. Celanese Corp.*, 2015 WL 1962168, at *7 n.3 (D. Mass. May 1, 2015).

[8] It does not matter that Fanatics VIP is also a plaintiff in the First-Filed Action and not a party here. *See Waithaka*, 404 F. Supp. 3d at 351 (noting that "[t]he first-to-file rule only requires similar parties, not identical ones"); *see also Thakkar*, 389 F. Supp. 3d at 172 (holding that first-filed rule "does not require strict identity of the parties, but rather substantial similarity") (citation omitted). Indeed, Fanatics VIP will be directly affected by any decision in this Court without being a party to this action, whereas in California, all issues can be resolved among all interested parties.

Accordingly, this action should be stayed. *See Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 15 (D. Mass. 2002) (explaining that the first-filed action is favored "even if it is a request for a declaratory judgment"). DraftKings' claims here are necessarily and wholly dependent on the enforceability (or not) of the restrictive covenants at issue. *See* Compl. (ECF No. 1) Counts I-III. A stay here will permit those issues to be appropriately decided in the First-Filed Action in California, while avoiding waste of judicial resources and a risk of inconsistent rulings that would result if both courts simultaneously heard and addressed the same issues. *See Thakkar*, 389 F. Supp. 3d at 174 ("Courts also examine whether [the first and second-filed actions] turn on similar determinations of fact and seek to resolve similar legal issues.").

Although DraftKings has brought additional claims in this case regarding purported trade secret theft, these claims all involve the same common and overlapping nucleus of facts that indisputably underlies the claims already filed in California. Both cases concern Hermalyn's employment and departure from DraftKings and his subsequent employment at Fanatics VIP. The complete overlap in the factual and legal issues between both cases make the efficiency and comity concerns underlying the "first-to-file" rule even more acute. Further, DraftKings' claims against Hermalyn here are between the same parties as in the First-Filed Action, and thus should be pled against him and decided there as compulsory counterclaims. This further justifies a stay. *See, e.g., Hostway Corp. v. JPMorgan Chase Bank, N.A.*, 2009 WL 2601359, at *2 (N.D. Ill. Aug. 24, 2009) (granting motion to stay second-filed action involving claims that could be pled as counterclaims in first-filed action); *Donkenny, Inc. v. Nadler*, 544 F. Supp. 166, 170 (S.D.N.Y. 1982) (same).[9]

---

[9] There are no factors favoring litigating these issues in Massachusetts, as the relevant witnesses are in California and relevant events allegedly took place there, and *none* of the underlying events took place in Massachusetts. As the Complaint concedes, even when he worked for DraftKings, Hermalyn worked from New York and New Jersey. Compl. (ECF No. 1) ¶ 13.

In addition, while DraftKings may point to a Massachusetts forum selection clause in certain contracts with Hermalyn, Hermalyn is already challenging the enforceability of that provision against him, a California resident, in the California First-Filed Action. *See* Beck Decl., Ex. A, ¶¶ 58, 70-72.

### D. No Compelling Factors Warrant Litigating This Action In Massachusetts.

There are no factors favoring litigating the parties' dispute in Massachusetts, as the key witnesses are in California (including Hermalyn and Fanatics VIP), the relevant events allegedly took place there, and *none* of the underlying events took place in Massachusetts. As the Complaint concedes, even when he worked for DraftKings, Hermalyn worked from New York and New Jersey. Compl. (ECF No. 1) ¶ 13. For these and other reasons, even if not stayed, Defendant anticipates promptly moving to dismiss this action in favor of the First-Filed Action in California.

Finally, while DraftKings may point to a Massachusetts forum selection clause in certain contracts with Hermalyn, Hermalyn is already challenging the enforceability of that provision against him, a California resident, in the California First-Filed Action. *See* Beck Decl., Ex. A, ¶¶ 58, 70-72. California has a substantial interest in resolving that issue, particularly in light of the new California statute that Hermalyn is relying on for his injunctive relief application. *See* Cal. Bus. & Prof. Code §§ 16600(a), 16600.5.[10]

---

For these and other reasons, even if not stayed, Defendant anticipates promptly moving to dismiss this action in favor of the First-Filed Action in California.

[10] The right to freely pursue one's chosen profession embodied in California Business & Professions Code section 16600 is an "unwaivable statutory right" under California law. *Brown v. TSG Mgmt. Co., LLC*, 57 Cal. App. 5th 303, 313-16 (2020). Under well-settled precedent, California renders void any "mandatory forum selection clause" that "diminishes" its resident's unwaivable statutory rights, as such clauses otherwise "could be used to circumvent" those "unwaivable statutory rights." *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App, 4th 141, 149, 154 (2015) (voiding forum selection clause where defendant failed to show its enforcement would not diminish plaintiff's California Labor Code rights); *see also G Cos. Mgmt., LLC v. LREP Ariz.,*

## CONCLUSION

For the foregoing reasons, this Court should stay this case in its entirety pending the outcome of the First-Filed Action in California.

Dated: February 6, 2024                             Respectfully submitted,

*Attorneys for Defendant Michael Z. Hermalyn*

/s/  Russell Beck
Russell Beck (BBO# 561031)
Stephen Riden (BBO# 644451)
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Tel.: (617) 500-8660
Fax: (617) 500-8665
rbeck@beckreed.com
sriden@beckreed.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on February 6, 2024 through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  February 6, 2024                             /s/  Russell Beck

---

*LLC*, 88 Cal. App. 5th 342, 350-51 (2023) (refusing to enforce forum selection clause that diminished plaintiff's unwaivable rights under California's usury laws); *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 13 (2001) (refusing to enforce forum selection clause that diminished plaintiffs' unwaivable rights under California's Consumers Legal Remedies Act); *Hall v. Super. Ct.*, 150 Cal. App. 3d 411, 416-17 (1983) (refusing to enforce forum selection clause that diminished plaintiffs' unwaivable statutory rights under the California Corporations Code).

11