# EXHIBIT C

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-00918-MCS-E | Date | February 5, 2024 |
|---|---|---|---|
| Title | *Hermalyn v. DraftKings, Inc.* | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) REMAND ORDER (ECF NOS. 10, 12) (JS-6)

Plaintiffs Michael Z. Hermalyn and FVP, LLC, bring this action against Defendant DraftKings, Inc., for declaratory relief, injunctive relief, and violations of the California Business and Professions Code. (Compl., ECF No. 1-3.) Asserting diversity jurisdiction, Defendant removed this action from the Los Angeles County Superior Court, No. 24STCV02694. (Notice of Removal, ECF No. 1.)

The Court on its own motion remands the case. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court may remand without briefing or argument where "the court's lack of subject matter jurisdiction

over an action is clear and inarguable." *Cooper v. Wash. Mut. Bank*, No. C 03-554 VRW, 2003 U.S. Dist. LEXIS 4559, at *5 (N.D. Cal. Mar. 19, 2003) (citing, inter alia, *Maniar v. FDIC*, 979 F.2d 782 (9th Cir. 1992)).

In its notice of removal, Defendant invokes the Court's diversity jurisdiction. (Notice of Removal 8–11.) Defendant offers insufficient allegations about the citizenship of FVP. Plaintiffs allege FVP "is a limited liability company formed in California, with headquarters in Los Angeles, California." (Compl. ¶ 13.) From this, Defendant submits FVP is a citizen of California. (Notice of Removal 9.) But a limited liability company like FVP "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant does not offer facts probative of the citizenship of FVP's owners or members and thus has not established its citizenship, as is its burden on removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Plaintiffs, on the other hand, offer evidence that FVP's sole member is a citizen of Nevada. (Winiarski Decl. ¶¶ 6–7, ECF No. 12-1.) Defendant, like FVP, is a citizen of Nevada, (Henley Decl. ¶ 3, ECF No. 1-1), so complete diversity of citizenship is lacking, 28 U.S.C. § 1332(a). Remand is appropriate. 28 U.S.C. § 1447(c).

The Court lacks jurisdiction over this action and remands it to the Los Angeles County Superior Court, No. 24STCV02694. The Court directs the Clerk to effect the remand immediately and close the case.

The Court denies as moot Plaintiffs' ex parte application to shorten time on a motion to remand. (Appl., ECF No. 10.) The Court denies as moot Plaintiffs' motion to remand, (Mot., ECF No. 12), but retains jurisdiction to consider any post-remand motion by Plaintiffs to recover fees and costs under 28 U.S.C. § 1447(c), *see Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); (*see also* Mot. 11 (requesting an award of fees and costs)). The Court sets the following schedule for briefing and argument directed to that issue:

| Event | Date |
| --- | --- |
| Deadline to file motion for fees and costs | February 12, 2024 |
| Deadline to file response to motion | February 20, 2024 |
| Deadline to file reply in support of motion | February 26, 2024 |
| Hearing on motion | March 11, 2024, at 9:00 a.m. |

Alternatively, the parties may elect to resolve the issue by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further expenditure of resources in federal court. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.**