# EXHIBIT A



# ASSEMBLY COMMITTEE ON LABOR AND EMPLOYMENT
## ASH KALRA, Chair

# BACKGROUND INFORMATION REQUEST

**Measure:** SB 699            **Author:** Senator Caballero

**Subject:** Non-Compete Agreements

**Staff Contact Name & Number:**     Michele Canales, 916-651-4014

**Bill Sponsor(s) (include contact information):** None

<u>**BACKGROUND WORKSHEET**</u>:  Submit a completed background worksheet, and accompanying background materials, within seven days of this request, or earlier upon request by the Committee, via email to our Committee Secretary: lorie.alvarez@asm.ca.gov  and to Republican Caucus Consultant: lauren.prichard@asm.ca.gov.

If no worksheet is received for a bill, then that bill will not be set in Committee, unless the Chair specifically waives this requirement.

<u>**SUPPORT AND OPPOSITION**</u>:  **All support and opposition letters must be submitted by 5:00 pm on Wednesday of the week prior to the hearing in order to be included in the analysis**.  All letters addressed to the Committee shall be submitted electronically through the CA Legislature Position Letter Portal at https://calegislation.lc.ca.gov/Advocates/.  Letters not submitted electronically through the Portal shall be emailed to the Committee and the Republican Caucus Consultant.

*<u>Please note</u>: Policy Committees are responsible for analyses of measures that are to be heard on the Assembly Floor.  It is the responsibility of the Author's office to verify updated support and opposition to this Committee no less than two days prior to the bill being heard on the Assembly Floor.  If not verified within this time-frame the Committee may state that updated support and opposition could not be verified and therefore will not be listed.*

<u>**AMENDMENTS**</u>:  Let the Consultant know immediately if you are planning amendments.  When you submit amendment language to Legislative Counsel, please send a copy to the Committee at the same time.

**Deadline:  Submit your amendments to the Committee in Counsel form no later than Noon on the Monday of the week prior to the hearing.**  Send the Secured PDF from Legislative Counsel by email or deliver the signed original, three copies of the amendments, and one copy of the in-context amendments.

*<u>Please note</u>:  When submitting amendments to your bill(s) on the Assembly Floor-forward a copy to the Committee Consultant prior to putting them across the Assembly Desk.*



LEGISLATIVE INTENT SERVICE, INC.   (530) 666-1917

1)  What problem is your bill trying to solve, share evidence of the problem and relevant research?

    The issue with current law is that it may not be enough to deter companies from trying to put non-competes in contracts. There also might not be enough awareness on the part of their employee that these types of contracts are not legal.

    FTC Fact Sheet, referencing research that shows the harm non-competes have on the market and employee mobility, attached.

    Up to 40 percent of workers have signed a non-compete at some time during their career. U.S. Department of the Treasury, Office of Economic Policy, Non-compete Contracts: Economic Effects and Policy Implications, March 2016, attached.

2)  What does your bill do and how does this address the problem you identified above?

    SB 699 would prohibit any employer from attempting to enforce a void contract, including seeking enforcement in a non-California court. The bill would provide that an employer that violates that provision is liable for actual damages and an additional penalty.
    The bill would also authorize an employee or prospective employee to bring an action for injunctive relief and for the recovery of actual damages and penalties, and would provide that a prevailing or prospective employee is entitled to recover reasonable costs and attorney's fees.

3)  Per HR 39 (Gipson 2021), how does your bill promote equity solutions and maximize benefits for underserved and marginalized communities?

    This bill allows employees or potential employees to recover attorney's fees and other related costs, which is sometimes the difference between pursuing litigation and not, for folks who do not have the means. SB 699 not only increases the incentives not to restrict employees freedom of movement in the employment sense, but also ensures benefits to employees who prevail, helping to recover for the time they were left unemployed due to the noncompete as well.

4)  Please include a statement from the Author about the need for the bill. *This statement will be quoted in the analysis as the Author's statement.*

    Noncompete clauses in employment contracts are extremely common in the United States. Research shows that 1 in 5 workers are currently subject to a noncompete clause out of approximately 30 million workers nationwide. Despite California's strong laws and public policy against noncompetition agreements, companies that do business in California continue to attempt to enforce noncompete agreements against California residents. As the market for talent has become national and remote work has grown, California employers increasingly face the challenge of employers outside of California attempting to prevent the hiring of former employees. Employers who pursue frivolous noncompete litigation can have a chilling effect on employee mobility. SB 699 seeks to strengthen penalties for employers who attempt to utilize non-competes, making them liable for actual damages and penalties. The bill would also



LEGISLATIVE INTENT SERVICE, INC.   (530) 666-1917

AP1 - 2

authorize a prospective employee to bring an action for injunctive relief and for the recovery of those damages and penalties, and would provide that a prevailing employee is entitled to recover reasonable costs and attorney's fees.

5) Please share any additional information you would like us to have about your bill.

The Federal Trade Commission proposed a new rule that would prohibit employers from imposing noncompete agreements on their workers (Jan 5th, 2023).

Proposed Rule

The Federal Trade Commission proposes to add a new subchapter J, consisting of part 910, to chapter I in title 16 of the Code of Federal Regulations:

1. Add new subchapter J, consisting of part 910, to read as follows:

Subchapter J—Rules Concerning Unfair Methods of Competition

6) Are any amendments planned for this bill?  If yes, provide a summary of the planned amendments and attach the request that you send to Legislative Counsel.

No amendments are planned.

7) Has a similar bill been introduced before either this session or a previous session of the legislature?  Please identify the session, bill number, author, and disposition of the bill, including chapter number (if applicable).

AB 1076 (Bauer-Kahan) 2023 (senate Judiciary)

AB 747 (McCarty) 2023 (Inactive file)



LEGISLATIVE INTENT SERVICE, INC.   (530) 666-1917

AP1 - 3