# EXHIBIT B

CA B. An., S.B. 699 Sen., 4/18/2023

California Bill Analysis, Senate Committee, 2023-2024 Regular Session, Senate Bill 699

April 18, 2023
California Senate
2023-2024 Regular Session

**SENATE JUDICIARY COMMITTEE**

**Senator Thomas Umberg, Chair**

**2023-2024 Regular Session**

SB 699 (Caballero)

Version: April 10, 2023

Hearing Date: April 18, 2023

Fiscal: Yes

Urgency: No

ME

**SUBJECT**

Contracts in restraint of trade

**DIGEST**

This bill strengthens the law that voids contracts which restrain anyone from engaging in a lawful profession, trade, or business of any kind.

**EXECUTIVE SUMMARY**

California has long codified that contracts are void if they restrain anyone from engaging in a lawful profession, trade, or business of any kind. Noncompete agreements in employment contracts are void under this law. Legal scholars who wrote in support of this bill note that studies "show that noncompetes stifle economic development, limit firms' ability to hire and depress innovation and growth." The scholars assert that noncompetes are associated with "reduced entrepreneurship, job growth, firm entry, and innovation." They explain that "research further shows that the harms of noncompetes extend not only to employees but to also companies and regional innovation." Despite California's strong public policy against noncompete agreements, companies that do business in California continue to attempt to enforce noncompete agreements against California residents. The author seeks to stop this practice by strengthening restraint of trade law and providing a robust enforcement mechanism against those who violate these provisions.

The bill is author sponsored and supported by Miravai LifeSciences, the California Employment Lawyers Association, and a number of law school professors. There is no opposition to the bill.

**PROPOSED CHANGES TO THE LAW**

Existing law:

1) Specifies that every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void. (Bus. & Prof. § 16600).

This bill:

1) Contains findings and declarations regarding noncompete clauses.

2) Provides that any contract that is void under California's restraint of trade law is unenforceable regardless of where and when the contract was signed.

3) Provides that an employer or former employer shall not attempt to enforce a contract that is void under California's longstanding restraint of trade law regardless of whether the contract was signed and the employment was maintained outside of California.

4) Provides that an employer shall not enter into a contract with an employee or prospective employee that includes a provision that is void under California's restraint of trade law.

5) Provides that an employer that enters into a contract that is void under California's restraint of trade law or attempts to enforce a contract that is void under California's restraint of trade law commits a civil violation.

6) Provides that the Attorney General may bring an action to enforce the above provisions.

7) Provides that an employee, former employee, or prospective employee may bring an action for injunctive relief or the recovery of actual damages, or both, to enforce these provisions. And, provides that a prevailing employee, former employee, or prospective employee shall be entitled to recover reasonable attorney's fees and costs.

**COMMENTS**

1. California's settled public policy in favor of open competition

As explained by the California Supreme Court [FN1]:
   Under the common law, as is still true in many states today, contractual restraints on the practice of a profession, business, or trade, were considered valid, as long as they were reasonably imposed. [citations omitted] This was true even in California. […] However, in 1872 California settled public policy in favor of open competition, and rejected the common law "rule of reasonableness," when the Legislature enacted the Civil Code. […]
   Section 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The chapter excepts noncompetition agreements in the sale or dissolution of corporations ( § 16601), partnerships (*ibid.;* § 16602), and limited liability corporations (§ 16602.5). […]
   Under the statute's plain meaning, therefore, an employer cannot by contract restrain a former employee from engaging in his or her profession, trade, or business unless the agreement falls within one of the exceptions to the rule (§ 16600.)

The author explains the following:
   Noncompete clauses in employment contracts are extremely common in the United States. Research shows that 1 in 5 workers are currently subject to a noncompete clause out of approximately 30 million workers nationwide. Despite California's strong laws and public policy against noncompetition agreements, companies that do business in California continue to attempt to enforce noncompete agreements against California residents. As the market for talent has become national and remote work has grown, California employers increasingly face the challenge of employers outside of California attempting to prevent the hiring of former employees. Employers who pursue frivolous noncompete litigation can have a chilling effect on employee mobility. SB 699 seeks to strengthen penalties for employers who attempt to utilize non-competes[.].

California Bill Analysis, S.B. 699 Sen., 4/18/2023, California Bill Analysis, S.B. 699...

Case 1:24-cv-10299-JEK   Document 34-2   Filed 02/07/24   Page 4 of 5

The California Employment Lawyers Association, in support of SB 699, explains that "although noncompete clauses have been unlawful in California since 1872, our attorneys routinely see these clauses included in employment agreements with California employees. These clauses restrict workers from freely switching jobs, which lowers overall wages, and undermines fair competition. These clauses can have a significant chilling effect on workers who may not understand that such agreements are void under California law."

2. Strengthening California's law in order to stop the use of noncompete clauses

Maravail LifeSciences, a supporter of this bill, explains that their "industry is heavily reliant on attracting top talent from across the country and around the world to continue driving innovation and economic growth. However, the use of noncompete clauses in employment contracts can hinder this process, preventing companies from recruiting the best candidates and limiting employee mobility. This is especially problematic in the biopharmaceutical industry, where the need for highly skilled workers with specialized knowledge is particularly acute." As Maravail further explains, the "use of noncompete clauses in employment contracts, can have a chilling effect on employee mobility and stifle economic development. Research has shown that noncompete clauses limit firms' ability to hire and depress innovation, growth, and are associated with suppressed wages and exacerbated racial and gender pay gaps."

This bill strengthens California's restraint of trade prohibitions by making it clear that any contract that is void under California's restraint of trade law is unenforceable regardless of where and when the contract was signed. Additionally, the bill prohibits an employer or former employer from attempting to enforce a contract that is void under California's restraint of trade law regardless of whether the contract was signed and the employment was maintained outside of California. Further, the bill prohibits an employer from entering into a contract with an employee or prospective employee that includes a provision that is void under restraint of trade law. The bill also provides that an employer that enters into a contract that is void under California's restraint of trade law or attempts to enforce a contract that is void under California's restraint of trade law commits a civil violation. The bill provides robust enforcement mechanisms for the enforcement of these provisions. Specifically, the bill provides that the Attorney General may bring an enforcement action. Additionally, an employee, former employee, or prospective employee may bring an action to enforce these provisions for injunctive relief or the recovery of actual damages, or both. A prevailing employee, former employee, or prospective employee is also entitled to recover reasonable attorney's fees and costs.

Proponents believe that these enforcement mechanisms and enhancements to the restraint of trade law will deter employers from pushing noncompete clauses into employment contracts and from threatening employees with lawsuits over contract provisions that are void.

**SUPPORT**

California Employment Lawyers Association

Maravai LifeSciences

46 Law School Professors

**OPPOSITION**

None known

**RELATED LEGISLATION**

Pending Legislation:

AB 747 (McCarty, 2023) provides, among other things, that an employer shall not enter into, present an employee or prospective employee as a term of employment, or attempt to enforce any contract in restraint of trade that is void under the chapter regarding

California Bill Analysis, S.B. 699 Sen., 4/18/2023, California Bill Analysis, S.B. 699...

Case 1:24-cv-10299-JFK   Document 34-2   Filed 02/07/24   Page 5 of 5

contracts in restrain to trade, which is Sections 16600 through 16607 of the Business and Professions Code. AB 1076 is in the Assembly Judiciary Committee.

AB 1076 (Bauer-Kahan, 2023) codifies the case of *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, which provides that noncompete agreements in an employment context and noncompete clauses within employment contracts are void, even if the agreements are narrowly tailored, unless an exception applies. AB 1076 is in the Assembly Labor and Employment Committee.

Prior Legislation: None known.

[FN1]. Edwards II, v. Arthur Andersen LLP (2008), 44 Cal. 4th 937, 945-46.

CA B. An., S.B. 699 Sen., 4/18/2023

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.