UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MICHAEL Z. HERMALYN, <br><br> *Defendant*. | Civil Action No. 1:24-cv-10299-JEK |

**DEFENDANT'S EMERGENCY MOTION TO MODIFY THE DISCOVERY ORDER IN CONNECTION WITH THE DEPOSITION OF DRAFTKINGS' BRIAN HARRIS**

Defendant Michael Z. Hermalyn ("Hermalyn") respectfully moves this Court for the five specific documents and at least one Google Workspace report[1] that Brian Harris, Plaintiff DraftKings, Inc.'s ("DraftKings") Director of Information Technology, specifically purports to rely upon and cites in his Affidavit (Dkt. No. 6) (the "Affidavit")—to be provided by no later than February 26, 2024. As detailed below, Hermalyn should have these documents—in their **complete** forms—because they form the basis of Harris's statements and are therefore necessary for Hermalyn to test the veracity of the Affidavit, DraftKings' positions, and develop a complete and accurate record for this Court to consider in deciding the parties' forthcoming preliminary injunction briefing.

In its February 8, 2024 Order regarding expedited discovery (Dkt. No. 42) ("Discovery Order"), the Court granted Hermalyn leave to depose Harris "for up to four hours, on the topics

---

[1] Hermalyn cannot discern from the wording of the Affidavit whether it refers to a single Google Workspace report or several, and if Google Workspace reports are distinct from or the same as activity log(s). Hermalyn maintains that he is entitled to all materials that the Affidavit references.

1

covered in Harris's affidavit," *id.*, after DraftKings volunteered to make Harris available to be deposed, Feb. 8, 2024 Hr'g Tr. at 44:11-17. That deposition is currently scheduled for March 5, 2024. In submitting his Affidavit in support of DraftKings' motion for temporary restraining order, Harris cited certain Google Workspace report(s) and/or activity logs and five DraftKings documents. However, not one of these materials was attached to the Affidavit; rather, Hermalyn is left with DraftKings' incomplete, self-selected descriptions, excerpts, or screen shots of reports and documents—such one-sided discovery is highly prejudicial to Hermalyn's ability to develop his defenses and meaningfully test the reliability of Harris's statements during his upcoming deposition.

Hermalyn has twice requested these materials from DraftKings. DraftKings refused to provide them.[2] Therefore, Hermalyn respectfully requests that the Court modify its Discovery Order to require DraftKings to provide these limited materials by no later than February 26, 2024 in advance of Harris's deposition. Importantly—and in line with this Court's guidance—Hermalyn is <u>not</u> seeking to propound requests for production of documents or full blown "document discovery" from DraftKings. Instead, the Defendant is seeking information—which is specifically cited in the four corners of Harris's Affidavit and should be at DraftKings' fingertips—that is narrowly tailored and designed for an appropriate and necessary purpose. This Court has the authority to order DraftKings to provide these documents to Hermalyn in advance of Harris's deposition. *See* Fed. R. Civ. P. 26(d).

---

[2] That correspondence is attached hereto as <u>Exhibit A</u>.

**ARGUMENT**

Hermalyn is not attempting to instigate full-blown document discovery. He seeks limited materials—specifically, five documents and at least one Google Workspace report referenced by DraftKings in Harris's Affidavit—in advance of Harris's deposition. These documents are discussed within the four corners of the Affidavit and therefore will be the focus of Harris's examination. Without this information—to which DraftKings has full and unfettered access—Hermalyn's ability to depose Harris and prepare his defense will be highly prejudiced. This Court should order their production.

The core allegations in DraftKings' Complaint and its motion for temporary restraining order, which Harris's Affidavit supports, concern Hermalyn's alleged interactions with five documents. The Affidavit repeatedly references and excerpts Google Workspace report(s) and/or activity logs that purportedly show Hermalyn's interactions with these documents. Aff. ¶¶16-17, 24-25. The five documents[3] and at least one Google Workspace report that Hermalyn seeks include the following:

| Documents[4] and Report | Citations in Complaint | Citations in Harris Affidavit |
|---|---|---|
| (MASTER) SB 2024 | ¶¶ 67-69, 131, 145 | ¶¶ 17-18, 24 |
| VIP Founders Club | ¶¶ 60-61, 131, 145 | ¶¶ 18, 25 |
| BD Team Tracker - Weekly Report | ¶¶ 62-63, 131, 145 | ¶¶ 18, 25 |
| BD_Gaming101 | ¶¶ 70-73, 131, 145 | ¶¶ 17-18, 24 |
| DK | Super Bowl LVII Attendees |  | ¶¶ 17-18 |
| Google Workspace report(s), including all versions of referenced report(s) and/or activity logs |  | ¶¶ 16-17, 24-25 |

---

[3] Hermalyn understands that DraftKings contends that these documents include trade secrets or are otherwise confidential. Hermalyn would agree to only view these documents in the presence of his counsel and not to retain any copies of them.

[4] The Affidavit refers to most of these documents multiple times using slightly different names. To the extent that those differences reflect that the Affidavit references more than five documents, Hermalyn requests any additional documents it references.

Given the narrow and reasonable nature of Hermalyn's requests, as well as their clear connection to Harris, it is no surprise that in refusing to provide these documents to Hermalyn DraftKings does not argue that they are in any way irrelevant or unnecessary to the parties' respective positions or preliminary injunction briefing. DraftKings merely asserts that it does not need to provide this information—upon which Harris relied—because document discovery has yet to commence. But DraftKings chose to construct the Affidavit around these documents. DraftKings then chose to offer Harris for deposition. And Hermalyn's request presents no surprise or burden for DraftKings.

In contrast, DraftKings' refusal to provide the documents threatens to make Hermalyn's opportunity to depose Harris—an opportunity the Court granted Hermalyn—meaningless and entirely one-sided. Indeed, the importance of having access to **_complete_** documents to test and impeach a witness is repeatedly recognized in the Federal Rules of Evidence, which apply during depositions. Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . ."); *see e.g.*, Fed. R. Evid. 106 (allowing a party to require introduction of a full document when a portion of it is introduced); Fed. R. Evid. 612 (permitting a party to refresh a witness' recollection through documents).

Hermalyn not having access to *any* of these documents when deposing Harris and, therefore, being forced to rely on DraftKings' own self-selected excerpts and self-serving characterizations in the 7-page Affidavit and a few paragraphs of the Complaint would be profoundly prejudicial. The gravamen of DraftKings' complaint and its request for a continuing injunction is Hermalyn's alleged access to or "downloading" of these documents and the context and interpretation of the emails. Harris's Affidavit purports to demonstrate that Hermalyn accessed or "downloaded" these documents by citing and excerpting Google Workspace report(s)

4

and/or activity logs. At a bare minimum, Hermalyn is entitled to view those underlying report(s) and/or logs to interrogate Harris on how they were prepared, the entirety of the information they contain, which entries Harris chose to excerpt in his Affidavit, and why. Moreover, Hermalyn should be allowed to assess fully whether the five documents referenced in the Affidavit are what DraftKings claims they are, or whether the excerpts were cherrypicked. For example, Hermalyn should be allowed to assess whether or not DraftKings' varied descriptions of the documents line up (*e.g,*, the "VIP Founders Club" presentation in its Complaint and other filings is the "VIP (Founders Club)" document that Harris references); and further determine what the Google Workspace report(s) and/or activity logs actually reflect with respect to Hermalyn's purported activity and interrogate Harris's method for purportedly confirming the same.

Hermalyn should be given the five documents and at least one Google Workspace report that Harris relies upon—they form the basis of DraftKings' positions and are fundamental to Hermalyn's defense here. There is no undue burden to DraftKings, but without complete information, there is clear prejudice to Hermalyn.

For the reasons above, Hermalyn respectfully requests that the Court modify the Discovery Order to require DraftKings to produce the requested materials by no later than February 26, 2024, and any other relief the Court deems just and proper. In addition, because this motion seeks documents for a deposition scheduled for March 5, 2024, and due to the expedited nature of these proceedings, Hermalyn respectfully requests that this Court shorten the time for DraftKings to file any response, from fourteen days to **two (2) business days**, pursuant to Local Rule 7.1(b)(2).

| | |
|---|---|
| Dated: February 20, 2024 | Respectfully submitted, |
| | *Attorneys for Defendant Michael Z. Hermalyn* |
| | /s/ *Russell Beck*  <br>Russell Beck (BBO# 561031)  <br>Stephen Riden (BBO# 644451)  <br>Beck Reed Riden LLP  <br>155 Federal Street, Suite 1302  <br>Boston, MA 02110  <br>Tel.: (617) 500-8660  <br>Fax: (617) 500-8665  <br>rbeck@beckreed.com  <br>sriden@beckreed.com |

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that Defendant has complied with the provisions of Local Rule 7.1(a)(2) by attempting to confer with counsel for Plaintiff regarding this motion on February 20, 2024. Plaintiff opposes the relief sought in this motion.

/s/ *Russell Beck*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on February 20, 2024, through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  February 20, 2024                                /s/ *Russell Beck*