IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HERMALYN,<br><br>Defendant. | Civil Action No. 1:24-cv-10299 |

**PLAINTIFF'S MOTION TO SEAL CERTAIN INFORMATION FILED IN CONNECTION WITH ITS MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 7.2, Plaintiff DraftKings Inc. ("DraftKings"), by and through its undersigned counsel, hereby moves to seal documents and information related to its forthcoming Motion for Preliminary Injunction. These materials will contain non-public information regarding DraftKings' business, including confidential and proprietary business information and trade secrets. They will further contain personal information relating to DraftKings' declarants, other non-parties, or Defendant Michael Hermalyn.

As to DraftKings' confidential and proprietary business information, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal materials may therefore "overcome the presumption of public access" by "demonstrat[ing] significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-cv-10914-FDS, 2021 WL 5165010, at *1 (D. Mass. Nov. 5, 2021) (quoting *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015)); *see also Tyson Foods, Inc. v. Keystone*

1

*Foods Holdings, Ltd.*, No. 1:19-cv-010125-ALC, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) ("All of these documents fall into categories commonly sealed: those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like. Non-public data of this nature is sensitive and potentially damaging if shared with competitors." (internal alterations, quotation marks, and citations omitted)). Because this case involves Defendant's brazen misappropriation of DraftKings' confidential and proprietary business information and trade secrets, DraftKings will necessarily be submitting filings that describe the contents of documents misappropriated by Defendant. DraftKings also will need to refer to confidential business information and trade secrets regarding details of DraftKings' strategy for its online sports betting and gaming business, the identities of its customers and partners, and confidential communications with these non-parties. Public disclosure of this information would be of value to a potential competitor or otherwise unfairly harm DraftKings' competitive position.

Additionally, as to personal information, DraftKings will be submitting copies of text messages and other communications that may provide identifying contact or other personal information for non-parties, like DraftKings' employees and customers, and the Defendant. DraftKings thus requests to seal any phone numbers, email addresses, or other personal identifying or contact information from such documents. *See, e.g.*, *Jean-Pierre v. J&L Cable TV Servs., Inc.*, No. 1:18-CV-11499, 2021 WL 6773087, at *2 (D. Mass. June 28, 2021) (noting that parties "maintain a legitimate privacy interest in their contact information and there is no compelling countervailing interest which requires the public disclosure of that information"); *see also Tourangeau v. Nappi Distributors*, No. 2:20-CV-00012-JAW, 2022 WL 768688, at *7 (D. Me. Mar. 14, 2022) (in view of "the privacy interests of third parties, the parties may file redacted

transcripts to exclude the names, addresses, and contact information of those individuals").

DraftKings intends to file its Motion for Preliminary Injunction on March 14, 2023, and seeks permission to file related and accompanying declarations and exhibits under seal on that date. DraftKings will file redacted versions of any documents filed under seal, as applicable, within seven (7) days.

DraftKings has met and conferred with Defendant on this motion to seal, who has assented to this motion.

Wherefore, DraftKings respectfully requests that the Court grant this motion to seal and permit DraftKings to file documents related to its forthcoming Motion for Preliminary Injunction under seal.

Dated: March 14, 2024

Respectfully submitted,

/s/ Andrew S. Dulberg
William F. Lee (BBO #291960)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
617-526-6352 (t)
william.lee@wilmerhale.com
andrew.dulberg@wilmerhale.com

Orin Snyder (*pro hac vice*)
Harris M. Mufson (*pro hac vice*)
Justine Goeke (*pro hac vice*)
Christine Demana (*pro hac vice*)
Justin M. DiGennaro (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:  212.351.4000
Fax:  212.351.4035
OSnyder@gibsondunn.com
HMufson@gibsondunn.com

JGoeke@gibsondunn.com
CDemana@gibsondunn.com
JDiGennaro@gibsondunn.com

Jason C. Schwartz (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  202.955.8500
JSchwartz@gibsondunn.com

*Attorneys for Plaintiff DraftKings Inc.*

4

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the parties have conferred on the subject of Plaintiff's Motion to Seal.  Counsel for Defendant has assented to the filing of Plaintiff's Motion to Seal, subject to Defendant's ability to challenge sealing for specific information and/or documents.

/s/ Christine Demana
Christine Demana

## CERTIFICATE OF SERVICE

I, Andrew S. Dulberg, hereby certify that on March 14, 2024, I caused the foregoing Motion to Seal to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record to their registered electronic mail addresses.

/s/ Andrew S. Dulberg
Andrew S. Dulberg