# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DRAFTKINGS INC.,

        Plaintiff,

v.

MICHAEL HERMALYN

        Defendant.

Civil Action No. 1:24-cv-10299-JEK

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, DraftKings Inc. ("DraftKings" or the "Company") respectfully moves for the issuance of a preliminary injunction finding that:

1. There is a likelihood of success on the merits for all of DraftKings' claims in the Verified Complaint;

2. DraftKings will be irreparably harmed in the absence of a preliminary injunction restraining and enjoining Defendant as set forth below, and monetary damages would provide inadequate relief;

3. The balance of equities favors granting a preliminary injunction restraining and enjoining Defendant as set forth below;

4. A preliminary injunction restraining and enjoining Defendant as set forth below is in the public interest;

5. During the six (6) month period prior to February 1, 2024, Defendant performed services and/or received Confidential Information[1] concerning the following aspects of DraftKings' business: (i) FSC; (ii) Gaming; (iii) Marketplace; (iv) eCommerce; and (v) Media.

---

[1] All defined terms shall have the meaning ascribed to such terms in the [Proposed] Preliminary Injunction filed contemporaneously herewith.

6. Section (g) of the Noncompetition Covenant extends the duration of Defendant's non-competition obligations as set forth therein.

7. Pursuant to Section (f) of the Noncompetition Covenant and Section 9 of the Confidentiality Agreement, the internal substantive laws of Massachusetts govern those agreements.

DraftKings further moves for the issuance of a preliminary injunction restraining and enjoining Defendant from:

a) using or disclosing any of DraftKings' Confidential Information.

b) moving, destroying, deleting, altering, or otherwise disposing of any files, documents, and digital media that contain any Confidential Information and/or that are derived from such information;

c) acting individually, or as an owner, shareholder, partner, employee, contractor, agent or otherwise, (1) providing any services to Fanatics relating to FSC, Gaming, Marketplace, eCommerce and/or Media and any type of ancillary service or product related to or connected with the foregoing; and/or (2) providing any services to Fanatics relating to any other aspect of the Business of DraftKings for which Defendant performed services and/or received Confidential Information at any time during the six (6) month period prior to February 1, 2024; and/or (3) committing a Threatened Breach of the obligations set forth in this paragraph;

d) directly or indirectly, either for himself or for any other person, partnership, legal entity, or enterprise, (i) soliciting or transacting business, or attempting to solicit or transact business with, any of DraftKings' customers, clients, vendors or partners, or with any of DraftKings' prospective customers, clients, vendors or partners about which Defendant learned Confidential Information or which Defendant had some

involvement or knowledge related to the Business of DraftKings; and/or (ii) committing a Threatened Breach of the obligations set forth in this paragraph.

e) directly or indirectly, either for himself or for any other person, partnership, legal entity, or enterprise: (i) soliciting, in person or through supervision or control of others, an employee, advisor, consultant or contractor of DraftKings for the purpose of inducing or encouraging the employee, advisor, consultant or contractor to leave his or her relationship with DraftKings or to change an existing business relationship to the detriment of DraftKings; (ii) hiring away an employee, advisor, consultant or contractor of DraftKings; (iii) helping another person or entity hire away a DraftKings employee, advisor, consultant or contractor; and/or (iv) committing a Threatened Breach of the obligations set forth in this paragraph.

DraftKings respectfully requests that the Court's preliminary injunction pertaining to paragraphs (a)-(b) above shall remain in effect, and that the Court's preliminary injunction pertaining to paragraphs (c)-(e) shall remain in effect for twelve (12) months from the date of the Court's preliminary injunction.

As set forth more fully in DraftKings' Memorandum of Law, Affidavits, and Exhibits,[2] among other things, Defendant misappropriated DraftKings' trade secrets and confidential information in violation of his contractual obligation not to use or disclose DraftKings' Confidential Information without authorization as well as federal and Massachusetts law, breached his contractual obligation not to compete against DraftKings, and breached his contractual obligation not to solicit DraftKings' employees, customers, and partners. In the absence of a preliminary injunction, DraftKings will continue to suffer immediate and

---

[2] DraftKings provides detailed descriptions of certain relevant documents in the accompanying Memorandum of Law and Affidavits, but is not filing those documents as exhibits because they are voluminous and contain DraftKings' confidential and highly sensitive business and trade secret information. To the extent the Court's consideration would benefit from review of such documents, DraftKings stands ready to provide them to the Court in camera.

irreparable harm. The balance of equities favors entering a preliminary injunction. A preliminary injunction is in the public interest.

In support of this motion, DraftKings relies upon the accompanying Memorandum of Law, Affidavits, and Exhibits.

DraftKings reserves all of its rights to pursue all available relief from Defendant, including its right to seek, among other things, reasonable attorneys' fees, costs, and expenses arising from the successful enforcement of the Noncompetition Covenant and Confidentiality Agreement, and hereby waives none.

Dated: March 14, 2024

Respectfully submitted,

/s/   Andrew S. Dulberg
William F. Lee (BBO #291960)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
E-mail:  andrew.dulberg@wilmerhale.com

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
Harris M. Mufson (*pro hac vice)*
Justine M. Goeke (*pro hac vice)* Christine Demana (*pro hac vice)*
Justin M. DiGennaro (*pro hac vice*)
200 Park Avenue
New York, NY  10166-0193
Tel:  212.351.4000
Fax:  212.351.4035
OSnyder@gibsondunn.com
HMufson@gibsondunn.com
JGoeke@gibsondunn.com
CDemana@gibsondunn.com
JDiGennaro@gibsondunn.com

Jason C. Schwartz (*pro hac vice*)
Jacob T. Spencer (*pro hac vice pending*)
1050 Connecticut Avenue, N.W.

Washington, D.C. 20036
Tel: 202.955.8500
JSchwartz@gibsondunn.com
JSpencer@gibsondunn.com

*Attorneys for Plaintiff DraftKings, Inc.*

**CERTIFICATE OF SERVICE**

I, Andrew S. Dulberg, counsel for Plaintiff, hereby certify that on March 14, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record to their registered electronic mail addresses.

/s/ Andrew S. Dulberg
Andrew S. Dulberg

**RULE 7.1(A)(2) CERTIFICATE**

I, Christine Demana, hereby certify that on March 14, 2024, counsel for DraftKings conferred with counsel for the Defendant, and were unable to resolve or narrow the issue.

/s/ Christine Demana
Christine Demana