# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DRAFTKINGS, INC.,

    *Plaintiff*,

v.

MICHAEL Z. HERMALYN,

    *Defendant.*

Civil Action No. 1:24-cv-10299-JEK

**CERTIFICATION OF DEFENDANT MICHAEL Z. HERMALYN
OF COMPLIANCE WITH COURT ORDER**

I, Michael Z. Hermalyn, hereby certify the following:

1. I have reviewed the Court's February 8, 2024 Order, and I make this certification pursuant to Paragraph (f) of the Order.

2. I have returned to DraftKings all DraftKings-issued physical devices that I have been able to locate. This includes three laptops, a MiFi device, and a corporate credit card. I understand DraftKings believes that there may be a fourth laptop. I have no recollection of ever receiving a fourth laptop, I looked but have not located a fourth laptop, and therefore I believe that DraftKings' information is incorrect.

3. In addition, I took steps to segregate all DraftKings information before my February 1, 2024 resignation. Because my personal phone may have contained information that DraftKings believes constitutes Confidential Information under the very broad definition of that term in my DraftKings agreements, I gave my personal phone to my counsel on January 31, 2024, have not had access to it since, and purchased a new phone. I have not accessed any information stored on my iCloud account since January 31, 2024. This has come at great personal burden, as, for

example, I cannot tell who any given incoming call or message is from, I cannot access any of my personal photos, including my family and children's photos, and I no longer have access to the geo-tracking information for my young daughters. Because my contacts were saved in my personal Gmail account, I also turned over my personal Gmail account to my counsel on January 31, 2024. I obtained a new personal Gmail account and have not accessed my old personal account since turning it over to my counsel.

4. Prior to my resignation, I also attempted to organize contacts into those that I believe DraftKings may contend are its contacts, those that are clearly personal contacts (*e.g.*, family members and friends), and those other contacts that I believe are mine, but because I met those individuals during the timeframe that I worked for DraftKings, I segregated those contacts so my counsel could work with DraftKings to get them the contacts from this group, if any, that DraftKings claims belong to it. I understand that my attorneys have provided the first category of contacts—those that DraftKings may contend are its contacts—to DraftKings.

5. I also understand that my attorneys have been trying to get DraftKings to agree to a protocol or procedure for reviewing both the documents on my phone that may be business-related and the contacts that I have made during the time I was employed by DraftKings. I would like this process to be done as soon as possible so that I can have access to my family and personal information, and so I can have my own contacts returned to me.

6. I further understand that the Court has not required that my counsel turn over my personal phone, or ordered a forensic protocol or review at this point. TRO Hr'g Tr. at 58 (Judge Kobick: "But in my view, the document requests, and especially the request to conduct a forensic audit of all of Mr. Hermalyn's devices are overbroad and highly . . . burdensome, particularly where Mr. Hermalyn bought a new device after turning over his devices to DraftKings or counsel.

The process of searching for a broad range of documents -- searching, segregating, reviewing, redacting, compilation of privilege log would take months. I agree with Mr. Hermalyn's counsel on that. And that doesn't comport with a need to proceed expeditiously to the preliminary injunction motion.").

7. Subject to the above, I can certify that none of DraftKings' Confidential Information is in my possession, custody, or control.

8. I have not disclosed any of DraftKings' Confidential Information to any third party apart from any such disclosures I made in the ordinary course of business as an employee of DraftKings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 12, 2024.

By: _____
Michael Z. Hermalyn

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on plaintiff's counsel on February 12, 2024, via email.

Dated: February 12, 2024                    /s/    *Stephen Riden*