IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DRAFTKINGS INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL HERMALYN,<br><br>    Defendant. | Civil Action No. 1:24-cv-10299-JEK |

**PLAINTIFF DRAFTKINGS INC.'S MOTION TO STRIKE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

  Plaintiff DraftKings Inc. ("DK") respectfully moves to strike Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, ECF 101 ("Opposition"), and the three appendices accompanying the Opposition (ECF 101-1; 101-2; 102). The Opposition violates this Court's Rules by including pages of single-spaced bullets points, three "appendices" containing factual and legal argument, and a "table of abbreviations." Properly formatted and counting the appendices and table, Defendant's filing *exceeds 52 pages*—far in excess of the expanded 30-page limit to which the parties agreed and that this Court ordered—and more than 70% longer than DK's Memorandum of Law in Support of its Motion for Preliminary Injunction. DK respectfully requests a ruling as soon as practicable because DK's reply papers are due this Thursday, March 28, 2024.

  Page limits are not formalistic prescriptions; they serve vital functions in our adversarial system. First, page limits are "important to maintain judicial efficiency and ensure fairness," forcing the parties to focus their arguments. *In re MacIntyre*, 181 B.R. 420, 422 (B.A.P. 9th Cir. 1995) (imposing sanctions), *aff'd*, 77 F.3d 489 (9th Cir. 1996). Second, such limits ensure parity

and comity among the parties. *See In re 5-hour Energy Mktg. & Sales Pracs. Litig.*, 2014 WL 12819812, at *1 (C.D. Cal. June 20, 2014) ("[A]ttempt[s] to circumvent the agreed-upon and ordered page limit … put Plaintiffs, who complied with the page limit, at a clear disadvantage."). And third, page limits form a crucial part of our legal system's procedural rules, rules that "were not adopted for the purpose of one side abiding by them while the other side flouts them." *Ramos-López v. United States*, 2024 WL 531277, at *7 (D.P.R. Feb. 8, 2024). Courts in this district regularly sanction parties who, like Defendant, attempt to secure an advantage by violating page limits imposed on both parties. *See, e.g.*, *Syrjala v. Town of Grafton*, 2020 WL 1429854 (D. Mass. Mar. 24, 2020) (striking a filing "for failure to follow this Court's LR., D. Mass. 7.1 which require court filings to be double spaced"); *Vaks v. Quinlan*, 2020 WL 905523, at *1–2 (D. Mass. Feb. 24, 2020) (striking "documents … filed to evade page limitations in the Local Rules").

The Court should strike Defendant's Opposition and its three appendices and assess fees for the cost of bringing this motion. *See id.*; 28 U.S.C. § 1927. Alternatively, the Court should order Defendant to file a conforming brief by noon ET tomorrow, March 26, 2024, so that DK has a fair opportunity to respond in its forthcoming reply brief.

\* \* \*

Parties "must comply with all of the Local Rules, including those regarding page limits and line spacing." *Lowney v. Harmon L. Offs., P.C.*, 2018 WL 11419938, at *1 (D. Mass. Feb. 9, 2018). "Memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, *double-spaced*." Local Rule 7.1(b)(4) (emphasis added). Here, this Court permitted 30-page *double-spaced* briefs. *See* ECF 62. The rules are clear: "*All documents*, except discovery requests and responses, *shall be double-spaced* except for the identification of counsel, title of the case, footnotes, quotations and exhibits." Local Rule 5.1(a)(2) (emphases added).

The Opposition concludes on page "30." But it gets there by using pages of single-spaced bullet points that fall under none of Rule 5.1(a)(2)'s exceptions. *See* Opp. 1–2, 10, 11, 17–18, 19–21, 27–29. Defendant also includes twelve additional pages in three appendices: "[d]escription[s]" of facts, ECF 101-2; "[r]esponses" to DK's motion, ECF 101-1; and "[e]xplanation[s]" for his opposition to DK's proposed PI "in [the] event the Court enters injunctive relief," ECF 102 (capitalization modified). And, rather than provide full document citations in accordance with Bluebook B17.1, Defendant exploits a two-page "Table of Abbreviations." ECF 101 at viii–ix.

Parties cannot circumvent page limits by "squeez[ing] … arguments into single-spaced bullet points." *Patrick v. City of Chicago*, 2018 WL 3438942, at *14 n.10 (N.D. Ill. July 17, 2018).[1] Using "less than double spacing of body text may be viewed by the court as an attempt to evade page limits." *Lowney*, 2018 WL 11419938, at *1; *accord Syrjala*, 2020 WL 1429854, at *3 (striking when party "utilized single line spacing on 33 of the 44 pages of his filing"). Nor may a party use appendices to add additional pages over the limit; this is a "violation of Local Rule 7.1's limit on the length of filings." *Obele v. Town of Brookline*, 2021 WL 828412, at *8 (D. Mass. Mar. 4, 2021). It is "difficult to view" Defendant's "appendi[ces] as anything other than an unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing." *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016) (appendix "presented as a chart consisting of three columns: quotations from [other parties'] response brief, citations to relevant deposition testimony, and [filing parties'] own argumentative responses").

To ascertain whether Defendant violated the page limits, the Court may properly format

---

[1] *Accord Moniz v. Serv. King Paint & Body, LLC*, 2022 WL 411156, at *5 (N.D. Cal. Feb. 10, 2022) ("improperly spaced text" can "circumvent … page limits"); *Everlight Elecs. Co. v. Nichia Corp.*, No. 4:12-cv-11758, ECF 307 at 2–3 (E.D. Mich. June 18, 2014) (striking brief without double-spacing; with proper spacing "brief would have been 56 pages rather than 50 pages").

The Opposition concludes on page "30." But it gets there by using pages of single-spaced bullet points that fall under none of Rule 5.1(a)(2)'s exceptions. *See* Opp. 1–2, 10, 11, 17–18, 19–21, 27–29. Defendant also includes twelve additional pages in three appendices: "[d]escription[s]" of facts, ECF 101-2; "[r]esponses" to DK's motion, ECF 101-1; and "[e]xplanation[s]" for his opposition to DK's proposed PI "in [the] event the Court enters injunctive relief," ECF 102 (capitalization modified). And, rather than provide full document citations in accordance with Bluebook B17.1, Defendant exploits a two-page "Table of Abbreviations." ECF 101 at viii–ix.

Parties cannot circumvent page limits by "squeez[ing] … arguments into single-spaced bullet points." *Patrick v. City of Chicago*, 2018 WL 3438942, at *14 n.10 (N.D. Ill. July 17, 2018).[1] Using "less than double spacing of body text may be viewed by the court as an attempt to evade page limits." *Lowney*, 2018 WL 11419938, at *1; *accord Syrjala*, 2020 WL 1429854, at *3 (striking when party "utilized single line spacing on 33 of the 44 pages of his filing"). Nor may a party use appendices to add additional pages over the limit; this is a "violation of Local Rule 7.1's limit on the length of filings." *Obele v. Town of Brookline*, 2021 WL 828412, at *8 (D. Mass. Mar. 4, 2021). It is "difficult to view" Defendant's "appendi[ces] as anything other than an unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing." *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016) (appendix "presented as a chart consisting of three columns: quotations from [other parties'] response brief, citations to relevant deposition testimony, and [filing parties'] own argumentative responses").

To ascertain whether Defendant violated the page limits, the Court may properly format

---

[1] *Accord Moniz v. Serv. King Paint & Body, LLC*, 2022 WL 411156, at *5 (N.D. Cal. Feb. 10, 2022) ("improperly spaced text" can "circumvent … page limits"); *Everlight Elecs. Co. v. Nichia Corp.*, No. 4:12-cv-11758, ECF 307 at 2–3 (E.D. Mich. June 18, 2014) (striking brief without double-spacing; with proper spacing "brief would have been 56 pages rather than 50 pages").

the text and assess the length. *See, e.g.*, *Est. of Miller v. Cnty. of Sutter*, 2020 WL 6392565, at *3 n.2 (E.D. Cal. Oct. 30, 2020). Correctly formatted, and with appendices, the Opposition is **53 pages**, far longer the 30-page limit permitted by the Court.[2] *See* Spencer Decl. Ex. A.

Briefs that do not comply with Local Rules may be stricken. *Syrjala*, 2020 WL 1429854, at *3; *see also Stroman v. Bristol Cnty. Dist. Attorney's Off.*, 2023 WL 5899093, at *3 (D. Mass. Sept. 11, 2023) ("The Court will strike any amended complaint that does not comply with these page limits."); *Est. of Miller*, 2020 WL 6392565, at *3 n.2 (If a brief "includes several paragraphs of single spaced text that, if properly double-spaced, would likely have caused that brief to exceed the page limits," it "may be stricken."). A court may also impose monetary sanctions for violations. *See, e.g.*, *Kano v. Nat'l Consumer Coop. Bank*, 22 F.3d 899, 899–900 (9th Cir. 1994) (sanctions because brief had "lines [that] were not double-spaced," and noting 28 U.S.C. § 1927 "authorize[s] sanctions for failure to comply with rules governing form of briefs"). Even when a filing is "technically within the []page limit," courts may choose to "not consider" arguments in filings which "skirt[] the purpose of the page limitation." *Humana Inc. v. Mallinckrodt ARD LLC*, 2020 WL 5640553, at *13 (C.D. Cal. Aug. 14, 2020). Such sanctions are warranted here.

\* \* \*

DK respectfully requests that the Court strike Defendant's Opposition and its three appendices and impose any other appropriate sanctions, including fees and costs incurred in

---

[2] The 53-page calculation does not factor in Defendant's other machinations. Defendant manipulates margins, using only 0.8" Top and Bottom margins. He also appears to have deleted spaces between sentences to create more room. When these tactics are reversed, and the Opposition is formatted with 1.0" margins in Word, it does not match the pagination of the filed Opposition, indicating Defendant may have manipulated the text in other ways that are difficult to detect.

bringing this Motion.  *See* Local Rule 1.3.[3]  Alternatively, the Court should order Defendant to file a conforming brief by noon ET tomorrow, March 26, 2024, so that DK has a fair opportunity to respond.

Dated: March 25, 2024

Respectfully submitted,

/s/ *Andrew S. Dulberg*
William F. Lee (BBO #291960)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
william.lee@wilmerhale.com
andrew.dulberg@wilmerhale.com

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
Harris M. Mufson (*pro hac vice*)
Justine M. Goeke (*pro hac vice*)
Justin M. DiGennaro (*pro hac vice*)
200 Park Avenue
New York, NY  10166-0193
Tel:  212.351.4000
Fax:  212.351.4035
OSnyder@gibsondunn.com
HMufson@gibsondunn.com
JGoeke@gibsondunn.com
JDiGennaro@gibsondunn.com

Jason C. Schwartz (*pro hac vice*)
Jacob T. Spencer (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  202.955.8500
JSchwartz@gibsondunn.com
JSpencer@gibsondunn.com
*Attorneys for Plaintiff DraftKings Inc.*

---

[3] Defendant's Opposition should be stricken for the foregoing reasons.  If the Court denies DK's request and is inclined to consider Defendant's over-sized brief and appendices, DK respectfully submits it should be given an expanded opportunity on reply to address Defendant's arguments.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that, on March 25, 2024, counsel for the parties have conferred on the subject of Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. Counsel were unable to resolve the issue.

*/s/ Jacob T. Spencer*
Jacob T. Spencer

## CERTIFICATE OF SERVICE

I, Andrew S. Dulberg, counsel for Plaintiff, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew S. Dulberg*
Andrew S. Dulberg
