UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DRAFTKINGS, INC.,

        *Plaintiff*,

v.

MICHAEL Z. HERMALYN,

        *Defendant*.

Civil Action No. 1:24-cv-10299-JEK

### DEFENDANT MICHAEL Z. HERMALYN'S EMERGENCY MOTION TO COMPEL GEORGE HERNANDEZ'S TESTIMONY OR, IN THE ALTERNATIVE, TO STRIKE

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Mr. Hermalyn respectfully moves the Court to compel Mr. George Hernandez to appear at the upcoming evidentiary preliminary injunction hearing on Tuesday, April 16, 2024, to provide live testimony, either in person or by remote video technology.

DraftKings made Mr. Hernandez a witness in this case by submitting an affidavit from him in support of its preliminary injunction motion last month, on March 14, 2024, and by disclosing Mr. Hernandez as a potential witness for the upcoming evidentiary hearing just last Thursday, on April 11, 2024. *See* **Ex. A** (at April 11, 2024, 9:00 AM ET, Email from J. Goeke to R. Beck) (excerpted). Mr. Hernandez is currently a DraftKings employee and is therefore under the control of DraftKings in this case.

Notwithstanding these facts, yesterday, after Mr. Hermalyn advised DraftKings that he expected to call Mr. Hernandez as a witness if DraftKings chose not to call him, DraftKings indicated, for the first time, that DraftKings will not make Mr. Hernandez available to testify

1

████████████. DraftKings further advised that Mr. Hernandez is unable to travel or appear in federal court ████████████████████████████████████████. While Mr. Hermalyn is ███████████████████████████████, as detailed below, his testimony is directly relevant to Mr. Hermalyn's DraftKings'-issued laptops and certain file transfers by Mr. Hermalyn that DraftKings alleges were improper.

Mr. Hernandez's appearance at tomorrow's hearing should be compelled because Mr. Hermalyn has a right to question Mr. Hernandez to test the veracity of Mr. Hernandez's prior testimony and to elicit additional testimony to corroborate Mr. Hermalyn's own testimony. In the alternative, Mr. Hermalyn respectfully requests that DraftKings make Mr. Hernandez available this week for a brief deposition (live or remote) that may then be submitted to the Court as part of the evidentiary record.

Simply striking Mr. Hernandez's affidavit is not sufficient because Mr. Hermalyn intends to elicit *additional* testimony from Mr. Hernandez that is directly relevant to the disputed issues. However, at a minimum, if the Court declines to compel Mr. Hernandez to testify, Mr. Hermalyn respectfully requests that the Court strike Mr. Hernandez's affidavit in its entirety and give it no weight in connection with DraftKings' pending motion for a preliminary injunction.

I.   **BRIEF STATEMENT OF RELEVANT FACTS**

On March 15, 2024, DraftKings submitted an affidavit from Mr. Hernandez in support of its Motion for Preliminary Injunction. *See* ECF Dkt. No. 93, Hernandez Aff. In his affidavit, Mr. Hernandez "testif[ied] under oath" regarding a series of meetings and Slack exchanges that he had with Mr. Hermalyn between December 22, 2023 and January 17, 2024 that are relevant to disputed issues regarding certain alleged document transfers from Mr. Hermalyn's 16-inch DraftKings laptop to his new 14-inch DraftKings laptop. *Id.* ¶¶ 1-13.

On Thursday, April 11, 2024, the parties mutually exchanged their respective witness lists for the upcoming April 16, 2024 evidentiary hearing. **Ex. A** (at April 11, 2024, 9:00AM ET, Email from J. Goeke to R. Beck); **Ex. B** (at April 11, 2024, 9:00 AM ET, Email from S. Riden to J. Goeke). In this exchange, both parties reserved the right to call any individual that the opposing party identified on their witness list. *Id.* Mr. Hermalyn further reserved the right to supplement his witness list in good faith. *Id.* DraftKings included George Hernandez, DraftKings' Senior Desktop Support Specialist, on its "may call" witness list. *Id.*[1]

On Sunday, April 14, 2024, Mr. Hermalyn provided notice to DraftKings that if DraftKings did not call Mr. Hernandez to testify at the April 16, 2024 evidentiary hearing, Mr. Hermalyn would call Mr. Hernandez. **Ex. C** (at April 14, 2024, 12:36PM ET, Email from A. del Nido to J. Goeke). At this time, Mr. Hernandez was still on DraftKings' witness list as a "may call" witness, and Mr. Hermalyn was therefore under the belief that he was fully available to testify. In response, DraftKings suddenly informed Mr. Hermalyn for the first time that Mr. Hernandez was not available to testify, despite disclosing him as a potential witness just a few days prior. **Ex. C** (at April 14, 2024, 3:36PM ET, Email from J. Goeke to A. del Nido). The parties met and conferred that evening, and for the first time, Mr. Hermalyn's counsel was further informed that DraftKings would not make Mr. Hernandez available to testify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* **Ex. C** (at April 14, 2024, 9:48 PM ET, Email from A. del Nido to J. Goeke).

---

[1] Although at the last hearing, the Court identified certain witnesses by name that the Court is most interested in hearing from, the Court expressly did not limit the parties' ability to call other witnesses who have submitted affidavits about contested issues in this matter. *See* **Ex. D**, Apr. 2, 2024 Hr'g Tr. at 76:11-78:3.

3

DraftKings acknowledged that Mr. Hernandez ███████—and that DraftKings knew about it—as of at least March 14, 2024, *i.e.*, before DraftKings submitted his affidavit and made him a witness in this action. *Id.* DraftKings also specifically represented during the conferral process that ████████████████████████████████████████████████████. *Id.* DraftKings maintained that, ████████████, it would not make Mr. Hernandez available to testify while simultaneously declining to withdraw his affidavit. *Id.*

To accommodate Mr. Hernandez, Mr. Hermalyn proposed that he be made available to testify remotely at the hearing, via videoconference, from his home or other space of his choosing. *Id.* DraftKings declined this proposal. *Id.* (April 15, 2024, 10:30AM ET, Email from J. Goeke to A. del Nido). DraftKings not only refused to make Mr. Hernandez available for questioning, it also declined to withdraw his affidavit. *Id.*

## II.   ARGUMENT

DraftKings wants this Court to rely on the affidavit of Mr. Hernandez without providing Mr. Hermalyn with his right to test the veracity of Mr. Hernandez's contentions or elicit additional testimony from him that corroborates Mr. Hermalyn's account. By submitting Mr. Hernandez's affidavit in support of its preliminary injunction, DraftKings ***affirmatively chose*** to make Mr. Hernandez a witness in this case. DraftKings apparently did so despite being aware of impediments to his ability to present in-court testimony. DraftKings then reaffirmed the importance of Mr. Hernandez (and his apparent availability to testify) by placing him on its "may call" witness list on April 11. But when Mr. Hermalyn advised of his intent to call Mr. Hernandez, DraftKings backtracked from its use of Mr. Hernandez, and is now refusing to allow him to be cross-examined in any fashion, and at any time, in advance of the Court's preliminary injunction decision. Mr. Hermalyn is ██████████████████████████████████████████. However, DraftKings cannot "have its cake and eat it, too." It should not be allowed to shield Mr. Hernandez

4

from cross-examination on the record but use his prior declaration as a sword against Mr. Hermalyn.

Specifically, DraftKings is wielding cherry-picked out-of-court statements provided by Mr. Hernandez to support its position that certain file-transfers from Mr. Hermalyn's 16-inch DraftKings laptop to his new 14-inch DraftKings device were improper. *See* ECF Dkt. No. 73 at 10; ECF Dkt. No. 114 at 6. In fact, DraftKings has continued to press its false narrative regarding Mr. Hermalyn's purported file transfer activity between his DraftKings laptops even after it informed Mr. Hermalyn that Mr. Hernandez could not be a witness, including in a draft demonstrative that DraftKings circulated today and advised it intends to use at the hearing tomorrow. Mr. Hermalyn has already explained that much of his alleged file activity pertained to finishing the transfer of files from his old DraftKings-issued laptop to his new one (and ***not*** to purported misappropriation or spoliation). *See, e.g.*, ECF Dkt. No. 101 at 2, 8, 9, 11; ECF Dkt. No. 104; *see also* ECF Dkt. No. 103-1, Hermalyn Dep. Tr. 159:22-160:3, 163:7-14. Based on his interactions with Mr. Hernandez, some of which were either completely omitted or mischaracterized in his affidavit, Mr. Hermalyn expects that his counsel's questioning of Mr. Hernandez will: (a) further undercut DraftKings' baseless claims; and (b) elicit corroborating testimony that bolsters Mr. Hermalyn's credibility and corroborates his account of what really happened.

Despite Mr. Hernandez's relevance to the resolution of the pending preliminary injunction motion and the Court's directive that it wanted to hear and make an in-person credibility determination of witnesses with controverted testimony, *see* **Ex. D**, Apr. 2, 2024 Hr'g Tr. at 76:11-78:3, 81:24-82:9, DraftKings has failed to offer a reasonable accommodation that provides Mr.

Hermalyn with *any* meaningful opportunity to question Mr. Hernandez and has also refused to withdraw Mr. Hernandez's affidavit in the alternative.

As an out-of-court statement offered in evidence to prove the truth of the matter asserted, Mr. Hernandez's "testimony" in his March 15, 2024 affidavit is hearsay. *See* Fed. R. Evid. 801(c). While "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings," courts within this Circuit must weigh "all the attendant factors" to determine if the evidence is "appropriate." *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986). While courts may accept affidavits in support of a motion for preliminary injunction that violate evidentiary rules, they should do so only when the affidavits contain sufficiently reliable information ***and*** there are other indicia of fairness, such as the opportunity for the other party to depose or question the affiant or hearsay declarant. *See id.* at 26 (hearsay transcripts from prior administrative proceeding permitted to support motion for preliminary injunction because opposing party had the opportunity to cross-examine declarants on pertinent issues at administrative hearing and court held three-day evidentiary hearing); *see also CCBN.com, Inc. v. c-call.com, Inc.*, 73 F. Supp. 2d 106, 113 (D. Mass. 1999) (considering hearsay affidavits supporting preliminary injunction motion because "defendant was allowed to depose the affiants"); *Bumpus v. Nat'l Credit Union Admin.*, 1992 WL 97984, at *2 (D. Mass. Apr. 29, 1992) (striking portions of affidavits submitted in support of preliminary injunction motion because they lacked sufficient indicia of reliability and were hearsay).

Courts have long stressed that where, as here, "averments of affidavits are conflicting, the conflicts should be resolved by oral testimony." *Gen. Elec. Co. v. Am. Wholesale Co.*, 235 F.2d 606, 609 (7th Cir. 1956); *see also United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) (where "questions of credibility predominate, the district court

6

should hear oral testimony"); *Wounded Knee Legal Def./Offense Comm. v. Fed. Bureau of Investigation*, 507 F.2d 1281, 1287 (8th Cir. 1974) ("[W]here the affidavits relate to controverted factual issues . . . [t]he court should insist . . . on the presentation of oral testimony, which may be subjected to the test of cross-examination."). Courts in this Circuit have also emphasized that "[t]he most truthful of discovery or trial declarations still cannot escape the reality that they are prepared with the incentive to set forth the facts in a light most favorable to itself." *Broga v. Northeast Utils.*, 315 F. Supp. 2d 212, 218 (D. Conn. 2004) (citation and internal quotation marks omitted). This "raises strong concerns:" a defendant is "prejudiced by its inability to challenge these self-interested statements," as witnesses often "adjust[] and clarif[y] their affidavits while testifying" or "alter[] their testimony" in other ways "if subject to examination." *Id.*

If a hearing on a preliminary injunction motion "is to serve its intended purpose of illuminating and resolving factual issues, it must be conducted fairly." *Visual Sci., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 58 (2d Cir. 1981). Where "there is a factual controversy, oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses." 11A Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2949 (3d ed. 2019). Indeed, where, as here, "affidavits [are] conflicting," the "**conflicts must be resolved by oral testimony**" since only by hearing the witnesses and observing their demeanor on the stand" can the relevant fact-finder "determine the veracity of the allegations made by the respective parties." *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) (citation omitted) (emphasis added). This is because, "[w]ithout reliable evidence procured through discovery **and cross examination**, the court has no meaningful basis from which to conclude that Plaintiff is sufficiently likely to prevail [such] that a preliminary injunction would be justified." *Am. Century Home Fabrics, Inc. v. Ashley Furniture Indus.*, 473 F. Supp. 2d 168, 175 (D. Mass.

2007) (emphasis added). For this reason, appellate courts have vacated preliminary injunction orders where the opposing party was not "given the opportunity to cross-examine the moving party's witnesses." *Visual Sci.*, 660 F.2d at 58 (vacating preliminary injunction order).

For these reasons, DraftKings should be compelled to make Mr. Hernandez available for questioning at the Tuesday, April 16, 2024 preliminary injunction hearing, whether in-person, in chambers, or remotely. If truly necessary to accommodate Mr. Hernandez, he should be compelled to sit for a brief videotaped deposition on the record by Mr. Hermalyn's counsel this week.

Should Mr. Hermalyn be denied the opportunity to confront and cross-examine DraftKings' declarant-witness against him, Mr. Hernandez's affidavit should be stricken by the Court and not considered in adjudicating DraftKings' preliminary injunction motion. However, this solution is not optimal, as certain additional testimony to be provided by Mr. Hernandez is expected to corroborate Mr. Hermalyn's testimony and bolster his credibility.

### III.    CONCLUSION

For the foregoing reasons, Mr. Hermalyn respectfully requests that the Court compel Mr. Hernandez to testify at the April 16, 2024 evidentiary hearing either in person or remotely by video conference. Alternatively, Mr. Hermalyn respectfully requests that the Court compel Mr. Hernandez to be made available for a brief deposition this week, which would then be submitted to the Court as part of the evidentiary record. Finally, and in the alternative, if the Court declines to compel Mr. Hernandez's testimony in all forms, Mr. Hermalyn respectfully requests that the Court strike his affidavit in its entirety.

Dated: April 15, 2024                    Respectfully submitted,

*Attorneys for Defendant Michael Z. Hermalyn*

/s/ _____*Russell Beck*_____
Russell Beck (BBO# 561031)
Stephen D. Riden (BBO# 644451)
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA 02110
Tel.: (617) 500-8660
Fax: (617) 500-8665
rbeck@beckreed.com
sriden@beckreed.com

Aliki Sofis (BBO #675777)
Alexander del Nido (BBO #711857)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
alikisofis@quinnemanuel.com
alexdelnido@quinnemanuel.com

*Attorneys for Defendant Michael Z. Hermalyn*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that, on April 14 and 15, 2024, counsel for the parties conferred on the subject of Defendant Michael Z. Hermalyn's Emergency Motion to Compel George Hernandez's Testimony or, in the Alternative, to Strike.  Counsel were unable to resolve the issue.

Dated:  April 15, 2024                     /s/  *Russell Beck*
                                            Russell Beck

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on April 15, 2024, through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  April 15, 2024                     /s/  *Russell Beck*