# EXHIBIT D

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS


                                    )
    DraftKings Inc.,                )
                                    )
              Plaintiff,             )
                                    )  Civil Action
    v.                              )  No. 1:24-cv-10299-JEK
                                    )  Pages 1 to 85
    Hermalyn,                       )
                                    )
              Defendant.            )
                                    )


              BEFORE THE HONORABLE JULIE E. KOBICK
                   UNITED STATES DISTRICT JUDGE


                          MOTION HEARING


                          April 2, 2024
                            10:00 a.m.


           John J. Moakley United States Courthouse
                        Courtroom No. 3
                       One Courthouse Way
                   Boston, Massachusetts 02210




               Jessica M. Leonard, CSR, FCRR
                    Official Court Reporter
           John J. Moakley United States Courthouse
                       One Courthouse Way
                   Boston, Massachusetts 02210
                 JessicaMichaelLeonard@gmail.com
```

1   Massachusetts that I'm aware of on a statutory level that
2   provides that kind of protection that exists in California here
3   in Massachusetts.
4          Finally, I just want to say this one last time is that
5   the impact of the imposition of restrictions on Mr. Hermalyn's
6   ability to work are going to be felt only in California.  So,
7   this piece of the case, where we're enforcing a non-compete
8   that wouldn't be enforceable in California, will be felt
9   entirely by Mr. Hermalyn exclusively in California.  That's why
10  we ask this court to stay this case.
11         THE COURT:  Okay, thank you, Mr. Riden.  So, this is
12  what I want to do.  I understand First Circuit case law to
13  strongly suggest that it's appropriate to hold an evidentiary
14  hearing when there are disputes of fact, and I have heard the
15  parties' arguments, I understand DraftKings' position that I
16  can resolve this preliminary injunction motion based on the
17  documentary record, but I do want to hear from the witnesses
18  about only the areas that are actually contested.  So, I don't
19  want to hear about anything on the non-competition agreement.
20  I don't think I want to hear anything about the alleged
21  solicitation of DraftKings customers.  I'm very narrowly
22  focused on the alleged solicitation of DraftKings employees and
23  the misappropriation claims.  And I want this to be done
24  promptly, because Mr. Hermalyn is subject to a TRO that is in
25  place until I rule on the preliminary injunction motion.

1          So I just want to be clear for the record, this is not
2   a trial on the merits.  I'm not converting this under Rule
3   65(b)(2).  I understand the parties have not had an opportunity
4   for complete discovery, and that will unfold in the normal
5   course.  These are preliminary proceedings.  But I do think the
6   parties are asking me to make credibility determinations, and
7   the best way to do that is to see the witnesses testify live in
8   court.
9          So as I see the potential witnesses -- I'm not going
10  to tell you who to call, that's the parties' choice, but the
11  only witnesses that I think are -- would be appropriate to call
12  would be Mr. Larracey, Mr. Metz, and Mr. Hermalyn as to the
13  non-solicitation argument, and as to the misappropriation
14  claims, again, Mr. Hermalyn, Ms. Goodman, Mr. Green or
15  Mr. Harris.  I'm not saying that you need to call all those
16  witnesses.  In fact, I don't think you all necessarily need to,
17  and I don't intend this to be an evidentiary hearing that takes
18  days.  I think no more than one day is appropriate, and I'm
19  going to keep the questioning moving along and, again, focused
20  on the actual disputes of fact.  I don't need the whole
21  narrative about what happened on -- from July 2023 leading up
22  to -- into early December.  I want a tight set of questioning.
23         I want to talk about dates with the parties now while
24  you're here.  I understand I'm going to be imposing on your
25  time, and I'll just tell you, I am available all day Thursday,

```
 1   Friday morning, all day Monday, and all day Tuesday, and, so,
 2   I'll just ask you if one of those blocks of time would work for
 3   you because, again, I want to move this along quickly.
 4            MR. DULBERG:  Can we have a five-minute break just to
 5   meet further?
 6            THE COURT:  We'll take a recess and let Ms. Currie
 7   know you're better.
 8            MR. SNYDER:  I'm just anticipating procedural issues
 9   and a potential application.  No more discovery?
10            THE COURT:  No more discovery.
11            MR. SNYDER:  And will the Court consider an allocation
12   of time for the parties so each side has x hours.
13            THE COURT:  I will.  And if you want to submit a
14   proposal to me, I'll certainly consider that.  Like I say, I
15   don't want this to go on for days.  So that's a good
16   suggestion, Mr. Snyder.  We'll take a brief five-minute recess.
17            (A recess was held from 12:00-12:20.)
18            THE COURT:  Mr. Snyder, do you have a proposal?
19            MR. SNYDER:  Yes.  Unfortunately, we haven't been able
20   to align on dates.  Looks like we're all free on the 15th,
21   though -- 16th, rather.  The 15th is a court holiday.  The
22   problem with the week of the 8th is that our entire witness
23   team, and I think Mr. Hermalyn, too, are at Augusta?  Master's?
24   I'm not a golf person.
25            THE COURT:  You are more familiar with sporting events
```

1   the time limitations that the parties might agree to.  But I'm
2   not going to say they're out and he's in ex ante.
3           MR. BECK:  The issue about which they would testify is
4   off the table at that point.
5           THE COURT:  I don't think it is.  I think there's a
6   credibility determination that I need to make, and if they want
7   to call Mr. Larracey and Mr. Metz, I can hear them, assess
8   their credibility, and you can cross them, and if you call
9   Mr. Hermalyn, same thing, he can testify, they can cross him,
10  and I'll make a credibility determination then.
11          MR. BECK:  Okay.
12          THE COURT:  Can I just ask you, the 16th and 17th work
13  for you?
14          MR. BECK:  The 16th works for us.  The 17th does not,
15  Your Honor, I'm flying out to Seattle that day.
16          THE COURT:  The 16th will work for me.  I might need
17  to step out between 1:00 and 2:00.  The parties might want to
18  recess at some point anyway.  So, we can set it for the 16th.
19  Mr. Snyder, do you have a proposal on time limits?
20          MR. SNYDER:  I would say whatever Court time is
21  allowing that the parties would each get 50 percent.  That's
22  standing up on feet time, although I don't any imagine any oral
23  argument on that day.
24          THE COURT:  I want to fit it into that day.  I think
25  you can have, roughly, 9:00 to 4:00.  I don't think you need to

1   take that amount of time, and I agree with splitting time
2   equally.  We'll take a break probably around 1:00 -- we'll take
3   a mid-morning break and then a lunch break around 1:00.  I
4   don't want to hear from witnesses other than the ones that I've
5   identified.  I certainly don't want to hear from new witnesses
6   beyond those who have submitted declarations, and I don't think
7   we need to be introducing additional evidence beyond that which
8   is already attached to the declarations before me on this
9   record.
10          MR. SNYDER:  We agree, Your Honor.  Also, I would also
11  respectfully suggest that Your Honor has -- and Your Honor's
12  clerks have enough paper, and we do not need --
13          THE COURT:  I have a lot of paper.
14          MR. SNYDER:  We don't need to submit post-hearing
15  briefs, unless the Court would find it useful, obviously.
16          THE COURT:  No, I don't need an additional briefing.
17  What I will say is after the evidentiary hearing, I'll give
18  both sides an opportunity to make a brief argument based on the
19  testimony, but I don't want do rehash what was just covered in
20  this hearing.  So, it would just be based on the testimony that
21  came in.
22          Mr. Beck?
23          MR. BECK:  Just one other question given that the
24  February 1 date becomes critically important and, of course,
25  the person that can testify to the receipt of those devices and