# EXHIBIT 5

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1

2              **ROUGH DRAFT DISCLAIMER:**

3    CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 273

4    (B) STATES: THE REPORT OF THE OFFICIAL REPORTER, OR

5    OFFICIAL REPORTER PRO TEMPORE, OF ANY COURT, DULY

6    APPOINTED AND SWORN, WHEN PREPARED AS A ROUGH

7    DRAFT TRANSCRIPT, SHALL NOT BE CERTIFIED AND CANNOT

8    BE USED, CITED, DISTRIBUTED, OR TRANSCRIBED AS THE

9    OFFICIAL CERTIFIED TRANSCRIPT OF THE PROCEEDINGS.

10   A ROUGH DRAFT TRANSCRIPT SHALL NOT BE CITED

11   OR USED IN ANY WAY OR AT ANY TIME TO REBUT

12   OR CONTRADICT THE OFFICIAL CERTIFIED TRANSCRIPT

13   OF THE PROCEEDINGS AS PROVIDED BY THE

14   OFFICIAL REPORTER OR OFFICIAL REPORTER PRO

15   TEMPORE. THE PRODUCTION OF A ROUGH DRAFT

16   TRANSCRIPT SHALL NOT BE REQUIRED.

17

18      **REPORTED BY:  LISA MARIE PARKER, CSR 13441, RPR, CLR**

19              ***LMP@LISAMARIEPARKER.COM***

20

21           (PROCEEDINGS WERE HELD IN OPEN COURT.)

22

23                   ---OOO---

24

25           THE COURT:  NOW WE ARE CALLING MATTER NUMBER

26   FOUR.  IT'S HERMALYN VERSUS DRAFTKINGS --

27           AND, OH, THAT'S EVERYBODY.

28           (LAUGHTER.)

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

2

```
1          THE COURT:  APOLOGIES FOR KEEPING YOU ALL
2    WAITING.  THIS IS -- I HAVEN'T BEEN IN THIS DEPARTMENT
3    FOR A FULL WEEK.  I'VE BEEN BUSILY READING EVERYTHING
4    AND TRYING TO EDUCATE MYSELF AS BEST I CAN SO THAT WHEN
5    WE HAVE THESE PROCEEDINGS WITH NOT CONTINUED SO THAT
6    YOU HAVE YOUR DAY AND WE CAN MOVE THESE CASES ALONG AND
7    ALSO WORKING HARD TO BE AS INFORMED AS POSSIBLE.  AT
8    LEAST BE INFORMED ENOUGH TO ASK THE RIGHT QUESTIONS.
9          ALL RIGHT.  THIS MATTER IS HERE FOR A CASE
10   MANAGEMENT CONFERENCE, AS I UNDERSTAND IT.  LET ME GET
11   MY NOTES.
12          MR. BRIAN:  APPEARANCES, YOUR HONOR?
13          THE COURT:  YES.  LET'S GO AHEAD.
14          MR. BRIAN:  BRAD BRIAN, MUNGER TOLLES, WITH
15   ANNE CONLEY, MUNGER TOLLES, FOR THE PLAINTIFF, MICHAEL
16   HERMALYN.
17          MR. ASPERGER:  GOOD MORNING, YOUR HONOR.  JIM
18   ASPERGER OF QUINN EMANUEL APPEARING ON BEHALF OF
19   F.V.P., LLC.  AND WITH ME IS DAVID ARMILLEI FROM QUINN
20   EMANUEL.  WE ALSO MAY HAVE SOME ON OBSERVERS ON THE
21   PHONE, BUT THEY'RE NOT MAKING APPEARANCES.
22          MR. FOGELMAN:  GOOD MORNING, YOUR HONOR.
23   JAMES FOGELMAN, KATHERINE SMITH, AND ALAYNA MONROE OF
24   GIBSON DUNN, SPECIALLY APPEARING FOR DEFENDANT
25   DRAFTKINGS.
26          THE COURT:  OKAY.  WELCOME, EVERYBODY.
27          ALL:  THANK YOU, YOUR HONOR.
28          THE COURT:  THANKS FOR YOUR PATIENCE.
```

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

```
 1          ALL RIGHT.  AND WE HAVE A COURT REPORTER WHO'S
 2     HERE.  WELCOME, EVERYONE.
 3          OKAY.  BOY, WHEN I WAS REVIEWING THIS FILE, I
 4     LOOKED AT THE DATE THAT THE MATTER WAS -- THIS
 5     PARTICULAR MATTER WAS FILED, AND I SAW SO MUCH.
 6          (LAUGHTER.)
 7          MR. BRIAN:  THERE WAS --
 8          THE COURT:  YOU GUYS HAVE BEEN -- IN A VERY
 9     SHORT PERIOD OF TIME, YOU GUYS HAVE BEEN VERY BUSY.  MY
10     UNDERSTANDING IS, CUTTING TO THE CHASE, THAT YOU HAVE
11     AN O.S.C. REGARDING THE PRELIMINARY INJUNCTION
12     SCHEDULED BEFORE JUDGE CHALFANT ON JUNE 4.
13          MR. BRIAN:  NO, ACTUALLY WE HAD THE T.R.O.
14     APPLICATION IN FRONT OF JUDGE CHALFANT BECAUSE JUDGE
15     KIN WAS ON VACATION.  SO THE HEARING ON TUESDAY THE
16     FOURTH IS IN FRONT OF JUDGE KIN.
17          MR. FOGELMAN:  YOUR HONOR, IF I MAY ADDRESS
18     THAT BRIEFLY.
19          MR. BRIAN:  I BELIEVE.
20          MR. FOGELMAN:  SO.
21          THE COURT:  IS NOT BEFORE JUDGE --
22          MR. FOGELMAN:  IT IS TECHNICALLY BEFORE TODAY
23     THERE WAS A JUNE 4TH HEARING SCHEDULED BY JUDGE
24     CHALFANT TO TAKE PLACE IN DEPARTMENT 86 BEFORE JUDGE
25     KIN.  AND UNTIL WE APPEARED TODAY, THAT WAS ALLOWED
26     UNDER THE LOCAL RULES.  BUT NOW THAT WE HAVE APPEARED
27     TODAY FOR THIS INITIAL STATUS CONFERENCE THIS COURT NOW
28     HAS JURISDICTION OVER THE MATTER FULL STOP AND I DON'T
```

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

4

1   BELIEVE THERE CAN BE A HEARING BEFORE JUDGE KIN.  I

2   THINK ALL MATTERS NOW ARE HERE HEARD BEFORE YOUR HONOR.

3        WHAT HAPPENS I'M SURE YOU KNOW THIS, YOU'VE

4   WITHIN ON THE BENCH FOR QUITE A WHITE WHILE.  I HAVE

5   BEEN PRACTICING IN THIS COURT SINCE LATE 1992. I'VE

6   NEVER SEEN A CIRCUMSTANCE WHERE ONCE WE'VE HAD THE

7   STATUS CONFERENCE WITH THE JUDGE THERE WOULD BE ANOTHER

8   HEARING BACK BEFORE THE WRITS AND RECEIVERS DEPARTMENT.

9   THE ONLY REASON THAT WAS SET IS BECAUSE WE DIDN'T HAVE

10  THIS INITIAL STATUS CONFERENCE YET.

11       NOW THAT WE HAVE HAD IT, I THINK THE COURT

12  NEEDS TO TAKE OVER THAT PENDING O.S.C. AND WHETHER THEY

13  HAVE IT ON JUNE 4TH OR ON JUNE 13TH, I JUST WANT TO

14  REMIND THE COURT BECAUSE I KNOW THE COURT IS LOOKING AT

15  800 FILES AND IT'S DRINKING THROUGH A FIREHOSE, AND I

16  APPRECIATE THAT.

17       ON JUNE 13TH BEFORE THIS COURT WAS THE FIRST

18  AVAILABLE DATE BEFORE YOUR HONOR WAS ASSIGNED TO THIS

19  DEPARTMENT, WAS THE FIRST AVAILABLE DATE FOR A MOTION

20  TO QUASH FOR LACK OF PERSONAL JURISDICTION.  THAT IS

21  THE FIRST SPECIAL APPEARANCE ON BEHALF OF DEFENDANT

22  DRAFTKINGS.

23       AND AS YOU CAN IMAGINE, THAT ISSUE, THE LACK

24  OF PERSONAL JURISDICTION IS ALSO FRONT AND CENTER ALONG

25  WITH OTHER ARGUMENTS BUT CERTAINLY THAT AT THE HEARING

26  THAT'S BEEN SCHEDULED FOR JUNE 4TH ON A PRELIMINARY

27  INJUNCTION.

28       SO FROM OUR PERSPECTIVE NOT ONLY DOES THIS

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

5

```
1    COURT NEED TO TAKE OVER THE HEARING ON THAT O.S.C., BUT
2    IT'S THE ONLY THING THAT MAKES SENSE.  OTHERWISE IT'S A
3    MESS.  YOU'RE GOING TO HAVE A HEARING ADDRESSING
4    JURISDICTION BY -- ANOTHER COURT IF YOU WERE NOT TO
5    TAKE IT.  I THINK YOU HAVE T. BUT HERE ON JUNE 4TH,
6    THEN OTHER HEARING ON ADDRESSING PERSONAL DICTION FIRST
7    ON JUNE 13.
8              AND WITH ALL DUE RESPECT WITH YOUR COLLEAGUES
9    IN THE COURT OF APPEAL, IT'S A MESS WITH THEM BECAUSE
10   THAT PROCEDURAL PROXY WOULD MEAN THERE WOULD BE -- IF
11   THERE'S NO DISMISSAL WE HOPE THERE IS AND I DON'T THINK
12   THERE ARE BE A GRANTING OF THE PRELIMINARY UNJUST, I
13   WOULDN'T IMAGINE THERE WOULD BE, BUT IF THERE IS, YOU'D
14   HAVE A WRIT FROM A POTENTIAL DENIAL OF A MOTION TO
15   QUASH THAT WE HOPE WILL BE GRANTED AND AN APPEAL FROM
16   THE GRANTING OF PRELIMINARY INJUNCTION MOTION WE THINK
17   WILL BE DENIED.
18             IT'S JUST A MESS.  SO I THINK BOTH FOR THIS
19   COURT UNDER THE RULES IT HAS TO TAKE IT AND FOR THE
20   EFFICIENCY OF THIS COURT AND FOR THE EFFICIENCY I HAVE
21   ANY APPEAL IF THERE IS ONE, THE COURT SHOULD PUT THEM
22   BOTH ON JUNE 13TH AND HERE THEM TOGETHER.  THAT WOULD
23   BE THE REQUEST OF SPECIALLY APPEARING DEFENDANT.
24             MR. BRIAN:  MAY I ADDRESS --
25             THE COURT:  HOLD ON A SECOND.  YOU'RE
26   REPRESENTING WHOM?
27             MR. FOGELMAN:  DRAFTKINGS.
28             THE COURT:  OKAY.  AND GIVE ME YOUR NAME.
```

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

6

```
 1        MR. FOGELMAN:  JAMES FOGELMAN.

 2        THE COURT:  GOT IT.

 3        OKAY.  MR. BRIAN?

 4        MR. BRIAN:  NONE OF THIS -- I WOULD LIKE THE

 5    ADDRESS.  NONE OF THAT WAS RAISED OF COURSE IN THE YMC

 6    REPORT THAT WE JOINTLY FILED.  IN IS NEWS TO US.

 7    COUNSEL DOES NOT CITE A LOCAL RULE.  I LEAVE IT TO THE

 8    COURT AS TO WHETHER OR NOT THE HEARING ON JUNE 4 SHOULD

 9    PROCEED IN FROM TIME TO TIME OF JUDGE KIN AS I THINK IT

10    SHOULD.

11        JUDGE CHALFANT AT THE TIME HE SEPTEMBER THE

12    HEARING DIDN'T HE GAVE COUNSEL A CHOICE BETWEEN

13    GRANTING A T.R.O., GRANTING AN EXPEDITED HEARING ON THE

14    O.S.C.  HE CHOSE THE EXPEDITED HEARING.  NOW IS THE

15    FIRST TIME WE'RE HEARING'S WITHOUT ANY CITATION TO A

16    RULE THAT THIS NEITHER SHOULD BE TAKEN UP BY YOUR

17    HONOR.

18        WE DON'T NECESSARILY OPPOSE THAT.  I THINK

19    THAT'S AN ISSUE FOR THE COURT TO TAKEN.  BUTS THERE'S

20    NOTHING THAT I KNOW OF THAT PRECLUDES THAT.  BUT WHAT I

21    WOULD SAY IS, THIS IS CONSISTENT WITH WHAT WE FACE

22    SINCE WE FILED THE COMPLAINT IN FEBRUARY.  FROM OUR

23    PERSPECTIVE, THIS VERY STRAIGHTFORWARD.

24        THEY ARE TRYING TO ENFORCE AGAINST A

25    CALIFORNIA RESIDENT WORKING FOR A CALIFORNIA COMPANY

26    RESTRICTIVE COVENANTS THAT ARE ILLEGAL IN CALIFORNIA

27    AND, AS MADE VERY CLEAR BY A RECENT STATUTE THAT TOOK

28    EFFECT ON JANUARY FIRST OF THIS YEAR.
```

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1       AT THE HEARING ABOUT TWO WEEKS AGO IN FRONT OF

2   JUDGE CHALFANT, HE SAID THAT -- TO QUOTE, "THE FACTS IN

3   THIS CASE ARE ACTUALLY STRAIGHTFORWARD."

4       HE SAID THAT THE NON-COMPETE AGREEMENTS ARE

5   VOID UNDER SECTION 16,600.  WE HAVE VERY STRONG PUBLIC

6   POLICIES THAT ARE GETTING STRONGER.  THE PLAINTIFFS

7   HAVE A STRONG CASE.

8       THEY ARE TRYING DELAY THIS AS LONG AS THEY CAN

9   TO USE THE DELAY IN IT LITIGATION TO ENFORCE THE

10  NON-COMPETE THAT ARE UNLAWFUL IN CALIFORNIA.

11      THE COURT:  SO LET ME START FROM THIS PREMISE.

12  WE'RE ALL ONE COURT, NUMBER ONE.  NUMBER TWO, WE'RE NOT

13  WANT TO STEP ON EACH OTHER'S TOES.  AND SO AT THE

14  OUTSET AND I'LL HEAR FROM OTHERS -- DOES ANYONE ELSE

15  WANT TO SPEAK ON THAT POINT.

16      MR. ASPERGER:  YOUR HONOR, I CAN -- I WOULD

17  ECHO WHAT MR. BRINE HAS SAID AND HAVE A FEW ADDITIONAL

18  POINTS TO MAKE.  BUT IF YOU WANT TO GO AHEAD.

19      THE COURT:  GO AHEAD.  WELL, I JUST WANTED TO

20  SAY SO YOU UNDERSTAND THE PROSPECTIVE ALL TAKING.

21      MR. ASPERGER:  YES.

22      THE COURT:  AND I'M NOT SURE ANYTHING I'M

23  GOING TO HEAR THIS MORNING IS GOING TO CHANGE THAT

24  QUITE FRANKLY.

25      BUT GO AHEAD.

26      MR. BRIAN:  YOUR HONOR, LET ME FINISH ONE

27  THING.  BECAUSE I ACTUALLY THINK THIS MORNING SUBJECT

28  TO WHAT COUNSEL JUST ADDED WAS A THIRD ISSUE I THINK

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1   THERE ARE TWO ISSUES THIS MORNING.  ONE IS, BECAUSE OF

2   THE NATURE OF THIS CASE AND BECAUSE OF THE PARALLEL

3   LITIGATION THAT'S GOING ON IN MASSACHUSETTS, WE ARE

4   ASKING THE COURT FOR AN EXPEDITED TRIAL ON OUR

5   DECLARATORY RELIEF ACTION.

6          THIS IS IN A LAST AND ONE-DAY TRIAL ON OUR

7   DECLARATORY RELIEF OBJECTION.  WE'RE GOING TO ASK THE

8   COURT FOR A ONE-DAY TRIAL IN JULY OR AUGUST OF 2024.

9   WE THINK THAT'S IMPORTANT AND I CAN WE CAN EITHER YOU

10  HAVE DISCRETION DO THAT INDEPENDENT THE C.C.P., YOU CAN

11  DO IT TODAY, YOU CAN DO IT IN A WEEK FROM NOW, OR YOU

12  CAN ASK THAT WE FILE A MOTION.  WE'RE HAPPY TO PROCEED

13  IN ANY WAY YOU CHOOSE.

14          THE COURT:  HOLD ON A SECOND.

15          (STATIC AUDIO INTERRUPTION.)

16          MR. BRIAN:  SO THAT'S THE FIRST QUESTION I

17  THINK, YOUR HONOR.  AND I'LL DEFER TO YOUR HONOR SO IF

18  YOU PREFER FOR US TO FILE A MOTION, WE'D LIKE TO DO

19  THAT.  WE'D ASK FOR A HEARING DATE.  OR WE CAN TAKE IT

20  UP AT THE C, MANY C.

21          BE SECOND QUESTION I THINK DRAFTKINGS HAS

22  RAISED BECAUSE OF THEIR MOTION TO DISMISS FOR LACK OF

23  JURISDICTION WHICH WE THINK WILL BE DENIED AND IS SET

24  FOR HEARING ON JUNE 13, SHOULD YOUR HONOR DELAY THE

25  CASE MANAGEMENT CONFERENCE UNTIL THAT'S RULED UPON.

26  THOSE ARE THE TWO ISSUES I THINK THAT YOUR HONOR HAS TO

27  FOCUS WITH ON TODAY.

28          THE COURT:  WHERE IS THE MOTION THAT YOU'RE

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

9

1    REFERRING TO.

2           MR. BRIAN:  THEY FILED A MOTION TO DISMISS FOR

3    LACK OF JURISDICTION.  WE'RE FILING AN OPPOSITION

4    TODAY, ACTUALLY.

5           THE COURT:  WHEN WAS THAT MOTION FILED?  I

6    DON'T --

7           MR. ASPERGER:  LATE FEBRUARY OF THIS YEAR,

8    YOUR HONOR.

9           (CROSSTALK.)

10          MS. SMITH:  -- MOTION TO QUASH.

11          THE COURT:  HOLD ON.  ONE AT A TIME.

12          MR. FOGELMAN:  IF I MAY, YOUR HONOR.

13          THE COURT:  HOLD ON.  YOU WERE GOING.

14          MR. FOGELMAN:  YEAH.  IT'S CALLED A MOTION TO

15    QUASH BY SPECIALLY APPEARING DEFENDANT DRAFT KING.

16    THAT MAY BE WHAT YOU WERE LOOKING AT.

17          THE COURT:  I GOT IT.

18          MR. ASPERGER:  I WAS JUST GOING TO ADD ON THE

19    MOTION TO QUASH THAT WAS FILED ON FEBRUARY 289@TH, YOUR

20    HONOR, TO CORRECT THE RECORD ON WHAT MR. FOGELMAN SAID,

21    HE GAVE THE COURT THE IMPRESSION THE FIRST AVAILABLE

22    DATE WAS JUNE 13TH.

23          BUT AS THE COURT IS WELL AWARE, UNDER THE

24    CALIFORNIA CIVIL PROCEDURE CODE SECTION 418.10 B, HE

25    HAD THE RIGHT TO HAVE THAT MOTION TO QUASH HEARD WITHIN

26    30 DAYS.  AND ALL HE HAD TO WAS FILE AN EX PARTE

27    APPLICATION.

28          AND AS MR. BRIAN HAS SAID, HE WINS BY DELAY

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1    BECAUSE HE'S ABLE TO KEEP US FROM COMPETING AND TO KEEP

2    US FROM ACTING CONSISTENT WITH CALIFORNIA POLICY AND

3    FROM CALIFORNIA POLICY BEING ENFORCED.  SO I DO THINK

4    IT'S IMPORTANT TO CORRECT THE RECORD ON THAT AND THERE

5    ARE A NUMBER OF REASONS AS MR. BRIAN INDICATED WHY TIME

6    IS OF THE ESSENCE FOR US.

7            MR. FOGELMAN:  YOUR HONOR, IF I MAY, SINCE WE

8    HAVE HAD A LOT OF TOPICS JUST COME UP IN THE LAST FIVE

9    MINUTES THAT I DIDN'T ADDRESS IN MY REMARKS I JUST WANT

10   TO SAY A COUPLE THINGS.  FIRST, THERE IS NO ACTIVITY

11   GOING ON IN THIS COURT BESIDES THE MOTION TO QUASH AND

12   WHICH WAS FILED ON FEBRUARY 29 OF THE DUE DATE AND THE

13   FIRST AVAILABLE HEARING DATE WAS JUNE 13TH.

14           THAT WAS WHAT HAPPENS UNDER THE RULES.  I

15   COULD ASK HAVE -- I GUESS SOMEONE COULD HAVE ASKED FOR

16   AN EX PARTE AND HAD IT HEARD EARLIER.  THEY DIDN'T.  WE

17   DIDN'T.  BUT THAT WAS THE FIRST AVAILABLE DATE.

18   THERE'S NO DISPUTE ABOUT THAT.

19           SINCE THE FILING OF THE MOTION TO QUASH THEY

20   FILED -- AROUND THE SAME TIME THERE WAS AN EARLIERER I

21   THINK, A MOTION FOR A T.R.O. THAT JUDGE BECKLOFF DENIED

22   AND THEN THEY BROUGHT IT AGAIN RECENTLY.

23           THE COURT:  I SAW THAT.  HE DENIED IT BUT

24   WITHOUT.

25           MR. BRIAN:  HE DENIED IT WITHOUT PREJUDICE.

26           THE COURT:  WITHOUT EXPLANATION.

27           MR. BRIAN:  HE WELL THERE'S A LENGTHY

28   TRANSCRIPT, YOUR HONOR.  WHAT EIS SAID, I'M HAPPY TO GO

1    THROUGH IT IF YOU LIKE --

2              (CROSSTALK.)

3         THE COURT:  NO, NO.

4         MR. FOGELMAN:  IF I MAY, SO THERE WAS THE

5    T.R.O. THAT WAS DENIED BY JUDGE BECKLOFF.  THEN THE

6    RECENT T.R.O. CHALFANT.  HE SET THE O.S.C. RE: P.I.

7    BEFORE JUDGE KIN BECAUSE THIS STATUS CONFERENCE HAD NOT

8    YET OCCURRED.

9         SO HE COULDN'T PUT IT BEFORE YOU GUY RULE --

10   IT'S PAGE 15 OF THE LOCAL RULES IN CHAPTER TWO.  THAT'S

11   WHAT DISTINGUISHES WHAT CAN BE HEARD BY THE WRITS AND

12   RECEIVERS DEPARTMENT AND WHEN FEST VERSUS HEAR IN THE

13   MAIN COURTROOM.

14        I HAD SUGGESTED ON BEHALF OF DRAFTKINGS,

15   SPECIALLY APPEARING, THAT THIS STATUS CONFERENCE BE PUT

16   OFF UNTIL THE HEARING ON THE MOTION TO QUASH ON

17   JUNE 13TH SOME I DIDN'T EVEN THOUGH FOR SURE THAT WE

18   WOULD BE HERE TODAY.

19        BUT NOW THAT WE ARE HERE TODAY AND HAD THAT

20   CONFERENCE UNDER THE RULES OF L.A. SUPERIOR COURT NOW

21   THERE'S NO -- IT WOULDN'T BE APPROPRIATE TO HAVE TWO

22   COURTS HEAR THE SAME MATTER.

23        THE COURT:  I DON'T INTERPRET THE RULE AS YOU

24   DO.

25        MR. FOGELMAN:  OKAY.  VERY WELL, YOUR HONOR.

26   BUT THAT'S HOW I READ IT.

27        THE COURT:  LOCAL RULE 2.8 WAS A RULE THAT I

28   BELIEVE JUDGE -- MY PREDECESSOR JUDGE GOORVITCH EITHER

1    ALLUDED TO OR EVEN CITED FOR PURPOSES THE MATTER BEING

2    BEFORE THE WRITS AND RECEIVERS DEPARTMENT.  IN MY VIEW,

3    THAT MATTER IS THERE.  IT'S IN WRITS AND RECEIVERS.

4         THERE'S A PROCEEDING SET FOR NEXT TUESDAY, AND

5    AND AS I HAD PRESENTED EARLIER, WE'RE NOT WANT TO STEP

6    ON EACH OTHER'S TOES.  AND WE'RE NOT WANT TO HAVE YOU

7    GUYS RUNNING AROUND IN DIFFERENT PLACES AND WE'RE NOT

8    WANT TO DO THINGS IN SUCH A WAY THAT WE HAVE

9    INCONSISTENT FINDINGS, RULINGS, WHAT HAVE YOU.

10        SO MY APPROACH TO THIS THIS MORNING QUITE

11   FRANKLY AND I ALWAYS WILLING TO HEAR YOU ALL OUT,

12   BECAUSE IT EDUCATES ME AND I'M WORKING HARD TO GET MY

13   ARMS AROUND ALL THESE MATTERS INCLUDING YOURS -- WHICH

14   I SAID THAT I FOUND IMMEDIATELY SURPRISING THAT FOR A

15   MATTER THAT WAS FILED SOME TIME THIS YEAR YOU'VE

16   ALREADY GOT THREE OR FOUR PAGES OF PLEADINGS.  SO THAT

17   TOLD ME A LOT ABOUT YEAH THINGS ARE.

18        AND WHY THERE'S EVEN MORE NEED NOT TO

19   COMPLICATE GNAT FIRST.

20        SO WHAT I WAS PREPARED TO DO WAS CONTINUE THIS

21   MATTER, CASE MANAGEMENT CONFERENCE, TO SOME TIME WHILE

22   ISSUES ARE BEING SORTED OUT AND MAYBE EVEN RESOLVED

23   THROUGH THE PROCEEDING THAT'S GOING TO TAKE PLACE ON

24   JUNE 4TH.

25        NOW, OBVIOUSLY I'M GOING TO HAVE TO TALK TO

26   DEPARTMENT ONE.

27        MR. BRIAN:  MAY I SUGGEST THEN IF THAT'S YOUR

28   INCLINATION YOUR HONOR, THE HEARING ON THE MOTION TO

1    QUASH FOR LACK OF JURISDICTION IS SCHEDULED FOR

2    JUNE 13TH.  PERHAPS IT WOULD BE CONVENIENT FOR THE

3    COURT TO RESCHEDULE THE C.M.C. FOR THE SAME DATE SO WE

4    COULD HANDLE -- WE THINK YOU'RE GOING TO DENY THE

5    MOTION.  IF YOU GRANT THE MOTION, WE WON'T HAVE THE

6    C.M.C.  BUT IF YOU --

7         THE COURT:  THAT IS ONE APPROACH CERTAINLY,

8    MR. BRINE.  AND IT SORT OF SUGGESTS THAT WHATEVER IS

9    GOING TO TAKE PLACE ON TUESDAY WILL BE IN KEEPING WITH

10   THAT DECISION.  AND I ISN'T IT WILL BE OR SHOULD BE,

11   MR. FOGLE.

12        MR. FOGELMAN:  IF I CAN YOUR HONOR, JUST

13   BRIEFLY SINCE I HAVEN'T HAD A CHANCE TO GIVE YOU THE 30

14   SECOND OVER VIEW.  WHAT'S HAPPENED AND WHAT IS BEING

15   ADDRESSED BY THE HEARING ON TUESDAY -- IF IT GOES

16   FORWARD IF THAT FORUM, AS YOU ARE INCLINED TO HAVE IT

17   GO -- IS AN ANTI-SUIT --

18        THE COURT:  AND JUST SO WHAT YOU SAID.

19   IT'S -- I'M NOT SURE IT'S -- IT'S NOT IF I'M INCLINED

20   TO HAVE IT GO.  I DON'T BELIEVE AT THIS POINT I HAVE A

21   RIGHT TO SAY IT DOES OR IT DOESN'T.  IT'S SET ON THE

22   FOURTH.  SOY WANT THE RECORD TO BE CLEAR.  I AM NOT MAN

23   DID DATING DEPARTMENT -- WHOEVER HAS THE MATTERS IS IT

24   986 OR 82.

25        MR. FOGELMAN:  CURRENTLY 86.  JUST -- IT'S

26   VERY ADD SITUATION.  THAT'S ALL.  I'VE NEVER SEEN IT IN

27   33 YEARS IN THIS COURT THAT BED APPEAR BEFORE YOU AND

28   THEN GO BACK TO WRITS AND RECEIVERS.  I'VE NEVER SEEN

1   IT.  BUT IF IT IS -- IT IS WHAT'S SCHEDULED.

2            I JUST WANTED TO SAY E, THOUGH, THAT IF

3   FEBRUARY, A FEDERAL COURT IN MASSACHUSETTS ISSUED A

4   TEMPORARY RESTRAINING ORDER AGAINST MR. HERMALYN.  AND

5   IN IT WAS APRIL, I BELIEVE, APRIL 30TH, THE FEDERAL

6   COURT ISSUED A PRELIMINARY INJUNCTION AGAINST

7   MR. HERMALYN.

8            MR. HERMALYN HAS TAKEN AN APPEAL TO THE FIRST

9   CIRCUIT, NOT ASKED FOR A STAY, NOT ASKED FOR ANY

10  EXPEDITED CONSIDERATION BEYOND HAVING A BRIEF IN A

11  COUPLE OF MONTHS.

12           THE HEARING ON TUESDAY IS THAT REQUEST THAT A

13  COURT IN CALIFORNIA SOMEHOW STOP OR BRIDGE A FEDERAL

14  COURT ORDER IN MASSACHUSETTS.  SO THAT DECISION ON

15  TUESDAY COULD BE SOLELY ON THE BASIS AS THE EARLIER

16  DECISION BY JUDGE BECKLOFF HAD BEEN ON THE GROUNDS THAT

17  THERE'S NO RELIEF THAT CAN BE AFFORDED AND NEVER EVEN

18  REACH IF ISSUE OF PERSONAL JURISDICTION.

19           I JUST WANT TO COURT TO KNOW THAT A IT MAY NOT

20  BE ADDRESSED BY THE COURT ON TUESDAY AND B, EVEN IF IT

21  IS, IT IS NOT ANYTHING OTHER THAN THE CONTEXT OF AN

22  O.S.C. IT WOULD BE THE SUBJECT OF A WRIT.  THIS HEARING

23  GOES FORWARD ON THE SUBSTANCE ON JUNE 13TH NO MATTER

24  WHAT AND IF THIS CASE GETS DISMISSED THAT WITHOUT WOULD

25  BECOME MOOT.

26           THE COURT:  WHAT IF WHAT YOU'RE SAYING THE IS

27  TRUE THAT WOULD ARGUE FOR WHAT MR. BRIAN HAS INDICATED,

28  WHICH IS THE MATTER IS SET FOR THE 13TH WILL BE ON THIS

1   COURT'S PLATE; RIGHT?

2        MR. FOGELMAN:  YES, THAT'S TRUE.  IT WILL BE

3   ON THIS COURT'S PLATE.

4        THE COURT:  YEAH.  IF WHAT YOU'RE SAYING IS

5   ARK IN TERMS OF WHAT'S HAPPENING IN DEPARTMENT -- IN

6   THE WRITS AND RECEIVERS DEPARTMENT, SO I SEE NO REASON

7   THEN -- THAT ARGUES FOR WHAT I'VE SUGGESTED AND I'M NOT

8   SURE YOUR DISAGREEING WITH IT, THAT WE'RE GOING TO

9   CONTINUE THIS CASE MANAGEMENT CONFERENCE TO THE DAY SET

10  FOR THE JURISDICTIONAL ISSUE WHICH IS THE MOTION TO

11  QUASH.

12       MR. FOGELMAN:  ON THE ISSUE OF WHETHER WE

13  AGREE IT SHOULD BE CONTINUED, YES, WE'D REQUESTED IT BE

14  CONTINUED TO JUNE 13TH SO THAT'S NOT A DISAGREEMENT AT

15  ALL.

16       BUT ON THE ISSUE OF WHETHER -- I THOUGHT THE

17  COURT SAID IT MIGHT BECOME MOOT SOMEHOW BY THE JUNE 4TH

18  HEARING.  I CAN'T AND WON'T BE.  JUST TO PUT WERE YOU

19  MY POSITION ON THIS ISSUE -- BECAUSE I THINK THERE

20  MIGHT BE SOME CONFUSION -- IT IS NOT MY BELIEF THAT

21  DEPARTMENT 86, JUDGE KIN, SHOULD ADDRESS PERSONAL

22  JURISDICTION, WHICH IS THE SINE QUA NON OF WHAT'S

23  HAPPENING HERE BEFORE THIS COURT HERE'S A MOTION TO

24  QUASH NINE DAYS LATER ON JUNE 13TH.

25       I DON'T THINK THAT MAKES ANY SINCE EITHER.

26  AND IT WASN'T JUDGE KIN THAT SET THAT HEARING.  IT WAS

27  JUDGE CHALFANT.  SO NO ONES EVER TALKED TO JUDGE KIN

28  YET.  THE FIRST TIME WE EVER APPEARED BEFORE HIM ON ANY

1   MATTER WOULD BE JUNE 4.

2          SO I DON'T THINK I'M ASKING THE COURT TO STEP

3   ON ANYONE'S TOES, AND OBVIOUSLY IT'S THE COURT'S

4   DISCRETION BUT HAVING SEEN HUNDREDS AND HUNDREDS OF

5   CASES HERE OVER 30, 33 YEARS -- I'VE NEVER SEEN A

6   CIRCUMSTANCE LIKE THIS BEFORE WERE WE WERE HERE ON A

7   STATUS CONFERENCE, WHETHER IT'S CONTINUED OR NOT, AND

8   SENT BACK TO WRITS AND RECEIVERS ON ANY MATTER -- LET

9   ALONE AN OVERLAPPING MATTER ON ISSUE OF JURISDICTION.

10          THE COURT:  YOU'RE FRAMING THINGS INCORRECTLY.

11   NOTHING'S BEING SENT BACK TO WRITS AND RECEIVERS.  IT'S

12   ALREADY THERE.  AND FOR YOU TO SUGGEST THAT I'M SENDING

13   SOMETHING TO WRITS AND RECEIVERS IS JUST NOT ACCURATE.

14   AND I --

15          MR. FOGELMAN:  I APOLOGIZE.  I DIDN'T MEAN THE

16   IMPLY THATD ALL.  I JUST PRESENT CAM CAR WISE AS IN

17   PHYSICAL TIME IN A COURT.  NOT THAT YOU WERE LITERALLY.

18          THE COURT:  NO APOLOGY NECESSARY.

19          ANYONE WISH TO BE --

20          MR. ASPERGER:  ONLY THING I WOULD ADD FOR THE

21   RECORD, JUDGE KIN ACTUALLY HAS TISSUED AN ORDER.  HE

22   MOVED THE HEARING FROM 8:30 IN THE MORNING TO 1:30.  SO

23   IT LOOKS, FROM THAT, FROM THAT ORDER HE'S CLEARLY

24   PLANNING ON HOLDING THE HEARING AND DECIDING IT.

25          MR. BRIAN:  JUST VERY BRIEFLY, YOUR HONOR.

26   BECAUSE THE ARGUMENTS THAT COUNSEL JUST MADE ABOUT THE

27   MASSACHUSETTS ACTION ARE THE SAME ARGUMENTS HE MADE IN

28   FRONT OF JUDGE CHALFANT.  HE MADE THE ARGUMENTS ABOUT

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1    JURISDICTION.

2         BOTH JUDGE BECKLOFF AND JUDGE CHALFANT THOUGHT

3    THE PERSONAL JURISDICTION ARGUMENTS WERE NOT TO BE

4    CONSIDERED BY THEM.  BUT JUDGE KIN, THERE --

5         BUT WHAT IS VERY IMPORTANT IS THIS THE ACTION

6    GOING ON IN MASSACHUSETTS.  AND THAT IS WHY WE ARE

7    GOING TO SEEK AN EXPEDITED TRIAL ON THE DECLARATORY

8    RELIEF.  THEY SAY THAT WE CAN'T DO ANYTHING ABOUT THIS.

9    JUDGE CHALFANT SAID THEIR WRONG ABOUT THAT.

10        BECAUSE IT'S PERFECTLY APPROPRIATE TO HAVE

11   PARALLEL LITIGATIONS AND FRANKLY A RACE TO THE

12   JUDGMENT.  WE HAVE A LAW IN CALIFORNIA THAT I BELIEVE

13   INVALIDATES THESE RESTRICTIVE COVENANTS WHICH THE COURT

14   IN MASSACHUSETTS WANTS TO ENFORCE.  AND THEREFORE,

15   WE'RE GOING TO REQUEST IT.

16        SO I WOULD RENEW MY INFORMAL REQUEST YOUR

17   HONOR, I AM PREPARED TO ASK YOU AT THE NEXT AT THE

18   C.M.C. ON JUNE 13TH TO SCHEDULE AN EXPEDITED TRIAL ON

19   THE DECLARATORY RELIEF OR I CAN FILE A MOTION IF YOU'D

20   PREFER IF YOU PREFER FOR ME TO FILE A MOTION I'D ASK

21   FOR A HEARING DATE ON THAT.

22        THE COURT:  I'M NOT GOING TO ANY OF THAT

23   TODAY.  ANY OF THE LATTER.  BECAUSE YOU ALL ARE TELLING

24   ME THINGS THAT ARE NOT BEFORE ME.  I DON'T HAVE THE

25   TRANSCRIPT.  I DON'T KNOW WHAT JUDGE BECKLOFF WHO'S NOW

26   RETIRED, WHAT HE RULED AND WHY.

27        MR. BRIAN:  YOUR HONOR --

28        THE COURT:  AND I'M NOT GOING TO HAVE YOU

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

18

1   SPEND YOUR TIME NOR THE COURT'S TIME GIVING AN

2   EXPLANATION AND DISAGREEING AS TO THOSE THINGS.  THAT'S

3   NOT SERVING ANY PURPOSES.

4        I'M NOT GOING TO TELL YOU WHAT YOU SHOULD OR

5   SHOULD NOT DO.  I'M JUST GOING TO TELL YOU WHAT I'M

6   DOING.

7        WHAT I'M DOING IS AS I THINK ONE OF YOU

8   REQUESTED OR NOW I'M UNDERSTANDING.

9        MR. FOGELMAN:  WE WOULD QED IT.

10       THE COURT:  YOU BOTH SEEM TO AGREE.  THE CASE

11  MANAGEMENT CONFERENCE WILL BE CONTINUED TO THE

12  JUNE 13TH, 2024 DATE FOR THE HEARING ON THE MOTION TO

13  QUASH SERVICE OF SUMMONS.

14       WHAT HAPPENS, I'M ALL EARS AND I'M ANXIOUS TO

15  FIND OUT HOW THINGS WORK OUT ON THE AFTERNOON OF

16  JUNE 4TH.  HOW THAT IMPACTS HOW WE GO FORWARD, WE NEED

17  TO FIGURE ALL THAT OUT.  AND MR. BYLINE IF YOU BRING A

18  MOTION TO EXPEDITE MY CONSIDERATION OF THOSE THINGS IT

19  WILL ABSOLUTELY BE CONSIDERED.

20       BUT AT PRESENT, THAT'S WHERE I SEE US AS BEING

21  IN THIS COURTROOM.  SO THE ORDER OF THE COURT GOING IS

22  GOING TO BE SETTING THE CASE MANAGEMENT CONFERENCE TO

23  THE DATE SET FOR THE HEARING ON THE MOTION TO QUASH ON

24  JUNE 13, 2024.

25       MR. BRIAN:  THE ONLY THING I WOULD MENTION TO

26  THE COURT YOUR HONOR, IF YOUR HONOR IS INCLINED AND HAS

27  THE TIME, WE DID FILE OR LODGE WITH THE COURT THE

28  TRANSCRIPT OF THE LAST PROCEEDING IN FRONT OF JUDGE

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS                        19

1    CHALFANT.  IT'S A GOOD TRANSCRIPT TO GIVE THE COURT

2    SOME BACKGROUND ON THE CASE.

3              THE COURT:  YOU KNOW WHAT?  I AND I WANT TO BE

4    INFORMED.  AS I SAID, I WILL READ AND STUDY ANYTHING

5    AND EVERYTHING THAT'S PUT BEFORE ME.  BUT YOU SAID THAT

6    HAS BEEN.

7              MR. BRIAN:  I THINK SO I. YOUR HONOR, IN THAT

8    RAISES ALSO I HAVE A PROCEDURAL QUESTION AS WELL.  BUT

9    THAT WAS LODGED WITH OUR CASE MANAGEMENT CONFERENCE

10   REPORT.  IT WAS AN EXHIBIT.

11             MR. BRIAN:  IT'S EXHIBIT A TO THE CASE

12   MANAGEMENT REPORT.

13             THE COURT:  OKAY.  WHERE.  HOLD ON.  AGAIN,

14   WHEN I LOOKED AT THIS, THERE'S SO MUCH GOING ON.

15             MR. BRIAN:  IT WAS FILED ON MAY 16TH, YOUR

16   HONOR.

17             THE COURT:  SHOOT.  I SEE.

18             OKAY.  SO PART OF THE 52 PAGES YOU ATTACHED IT

19   TO THE CASE MANAGEMENT.  I GET IT.

20             MR. BRIAN:  IT'S EXHIBIT A TO THE CASE

21   MANAGEMENT REPORT YOUR HONOR.

22             THE COURT:  GREAT.  I WILL REVIEW THAT WITH

23   SOME INTEREST.

24             MR. FOGELMAN:  YOUR HONOR I WOULD RESPECTFULLY

25   REQUEST THAT IF YOU READ THE RECORD IN THAT MATTER

26   BEFORE THE HEARING ON THE 13TH -- WITH ALL DUE RESPECT,

27   YOU CAN, BUT I WOULD ASK YOU TO LOOK AT THE PAPERS, NOT

28   JUST THE TRANSCRIPT --

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

20

```
1        THE COURT:  HEY, YOU GUYS -- BELIEVE ME.  I
2   CAME FROM THE APPELLATE DIVISION.  I WAS THERE FOR
3   SEVEN YEARS.  AND WHAT I SEE HERE DOESN'T COMPARE TO
4   WHAT WE DEALT WITH THERE.  BECAUSE WE HAD TO LOOK AT
5   THE ENTIRE RECORD.
6        SO I'M USED TO GETTING THROUGH A VOLUMINOUS
7   AMOUNT OF DOCUMENTS.  AND I WANT TO BE INFORMED FOR THE
8   REASONS THAT I INDICATED BEFORE.  SO I WILL READ -- I
9   WILL READ IT ALL.  I TOUCHED ON MOST OF IT, I THOUGHT I
10  TOUCHED ON WHAT WAS IMPORTANT FOR PURPOSES OF TODAY BUT
11  OBVIOUSLY YOU KNOW, YOU ALL HAVE A NUMBER OF THINGS YOU
12  WANT TO PUT BEFORE THE COURT AND THAT WILL BE PUT
13  BEFORE THE WRITS AND RECEIVERS DEPARTMENT AS YOU WANT
14  AND AS YOU SHOULD.  SO WE'LL ADDRESS THEM ON -- MR.
15       MR. ASPERGER:  I JUST HAVE A PROCEDURAL
16  QUESTION YOUR HONOR.  IN THIS CASE MANAGEMENT REPORT
17  ATTACHMENT FOUR B, WE SPECIFICALLY REQUESTED THE RELIEF
18  MR. BRIAN INDICATED WHICH IS THAT WE WOULD HAVE AN
19  EXPEDITED TRIAL ON THE DECLARATORY RELIEF ACTION.  AND
20  WE WILL BE PLANNING ON RAISING THAT AT THE CASE
21  MANAGEMENT CONFERENCE ON THE 13TH.  WOULD YOU LIKE SOME
22  SORT OF A FORMAL MOTION?  WE'D OBVIOUSLY NEED TO
23  SHORTEN TIME OR IS THAT SUFFICIENT TO AT LEAST T THE
24  ISSUE UP.
25       THE COURT:  I'M ONLY GOING TO CONSIDER WHAT'S
26  PUT BEFORE ME.  YOU MENTIONED FOR -- I'M NOT PREPARED
27  TO CERTAINLY TELL YOU HOW I WOULD ADDRESS THAT SPECIFIC
28  ISSUE.  I HAVE TO GIVE THAT SOME THOUGHT.  BUT AND I'M
```

1   NOT SURE IT'S APPROPRIATE, FRANKLY, THAT AT SUCH A

2   REQUEST -- LET'S SEE -- YOU SAID FOUR.

3       MR. ASPERGER:  IT'S ATTACHMENT 4 B TO THE CASE

4   MANAGEMENT CONFERENCE WHERE WE HAVE A STATEMENT OF THE

5   CASE AND THEN WE HAVE ON PAGE TWO A REQUEST FOR

6   EXPEDITED TRIAL ON THE DECLARATORY RELIEF CLAIM.

7       AND THAT'S WHERE WE SET FORTH IN THIS CASE

8   MANAGEMENT CONFERENCE OUR REQUEST FOR THE EARLY TRIAL

9   AS MR. BRIAN INDICATED WHICH WE WOULD LIKE TO BE IN

10  AUGUST.

11      THE COURT:  WE'LL SEE.  AND I'M NOT SURE THE

12  COURT CAN EVEN ACCOMMODATE THAT BASED ON WHAT WAS

13  PRESENTLY BEFORE THE COURT BY WAY OF TRIALS AND SUCH.

14  I JUST DON'T KNOW.

15      MR. BRIAN:  I THINK --

16      (CROSSTALK.)

17      THE WITNESS:  WE HAVE A COURT REPORTER.  ONE

18  AT A TIME.

19      MR. FOGELMAN:  IF I MAY, YOUR HONOR.  JUST TO

20  REMIND YOU, THERE IS NO CASE AT ISSUE YET.  THERE'S A

21  PERSONAL JURISDICTION CHALLENGE.  AND IF THAT GETS

22  GRANTED.  THE CASE IS DISMISSED.  IF IT'S DENIED, THERE

23  WILL BE A WRIT AND THE CASE WILL BE STAYED, PROBABLY.

24      AND IF AN ANSWER IS DUE OR OTHERWISE RESPONSE,

25  WE HAVEN'T FILED IT YET.  WE WILL BE FILING AN -- I'M

26  SURE WE'VE IDENTIFIED IT -- THERE WILL BE MOTIONS THAT

27  WILL, AGAIN, HAVE TO BE RESOLVED BEFORE THE CASE IS AT

28  ISSUE.  BUT THERE'S NO RESPONSIVE PLEADING OF ANY KIND

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS                    22

1    BECAUSE OF JURISDICTION.  WE'LL NEVER GET TO THE TRIAL

2    SETTING MOTION IF THEY WANT --

3            THE COURT:  SEE THAT'S WHY I'M NOT PREPARED AT

4    THIS POINT TO EVEN ADDRESS ALL OF IT.  BECAUSE

5    PROCEDURALLY, I AM NOT SURE AT THIS POINT THAT EVEN

6    SUCH A REQUEST IS APPROPRIATE AND AGAIN, FROM MY

7    BACKGROUND BEING IN THE APPELLATE DIVISION, IT SEEMS A

8    LITTLE ODD.  BUT HAVING SAID THAT, I'M WILLING TO INTER

9    TAKEN WHATEVER ARGUMENTS OR WHATEVER MOTIONS ARE MADE

10   AND I WOULD BE PREPARED TO RULE ON THEM APPROPRIATELY.

11           MR. BRIAN:  THEN YOUR HONOR WE WILL FILE A

12   MOTION TO BIFURCATE AND FOR AN EXPEDITED TRIAL.  AND WE

13   WILL COME IN EX PARTE TO HAVE IT SHORTENED TIME.

14           COUNSEL -- FROM THEIR POSITION, THEY WANT TO

15   THROW UP AS MANY RODE BLOCKS AS POSSIBLE TO ACHIEVE

16   WHAT THEY WANT TO ACHIEVE, WHICH IS TO ENFORCE THE

17   NON-COMPETE.  SO WE HAVE TO PUSH -- JUST SO YOU KNOW,

18   WE HAVE TO PUSH YOUR HONOR AS HARD AS WE CAN TO MOVE AS

19   QUICKLY AS POSSIBLE.  SO WE ARE GOING TO DO THAT.

20           THE COURT:  YOU'RE NOT GOING TO PUSH ME ANY

21   HARDER THAN I'LL BE PUSHING YOU ALL.  I GUARANTEE YOU.

22           (LAUGHTER.)

23           THE COURT:  SO NO MORE NEED TO BE SAID ON THAT

24   POINT.  I UNDERSTAND THE ATMOSPHERICS.  I HAVE AN

25   APPRECIATION FOR WHERE IT APPEARS THE PARTIES ARE AND

26   HOW THINGS ARE ALIGNED ABSENT WHAT GOES ON NEXT

27   TUESDAY.

28           SO WHY DON'T WE CALL IT A DAY, AND I'M SURE

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

23

1    I'LL SEE YOU GUYS LIKELY BEFORE THE 13TH.

2              MR. ASPERGER:

3              MR. ARMILLEI:  YOUR HONOR, DAVID ARMILLEI FOR

4    PLAINTIFF F.V.P., L.L.C.

5              JUST ONE SMALL HOUSEKEEPING MATTER -- WHICH

6    SHOULD HOPEFULLY BE UNCONTROVERSIAL -- BETWEEN THE

7    PARTIES.  WE HAVE THE OUTSTANDING MOTIONS FOR ADMISSION

8    PRO HAC VICE FOR OUR ATTORNEYS.  ONE IS FOR MICHAEL

9    KARLINSKI*, WHICH I BELIEVE IS SET FOR A HEARING ON OR

10   ABOUT JUNE 25TH.  AND ANOTHER IS FOR KIMBERLY CARSON.

11   THAT PRO HAC VICE MOTION IS SET FOR LATE AUGUST.

12   HOPEFULLY OPPOSING COUNSEL DOESN'T OPPOSE THOSE.

13             THE COURT:  I WAS GOING TO ASK.  IS THERE SOME

14   OPPOSITION?

15             MR. FOGELMAN:  I'VE NEVER MET THEM, BUT I'M

16   SURE THEY'RE FINE.  AND THAT'S -- AS LONG AS WE RESERVE

17   ALL OUR RIGHTS AS WE ALWAYS WOULD ABOUT JURISDICTION

18   ETC. WITH NO OPPOSITION TO THESE INDIVIDUAL LAWYERS

19   BEING ADMITTED BY THE COURT.

20             MR. ASPERGER:  FOR THAT REASON WE WOULD SIMPLY

21   ASK THOSE MOTIONS BE GRANTED NOW SO WE COULD TAKE THOSE

22   DATES OFF CALENDAR AND NOT HAVE TO APPEAR BEFORE YOUR

23   HONOR AT A LATER POINT JUST FOR PRO HAC VICE PURPOSES

24   TO GET THEM ADMITTED IN THIS CASE.

25             THE COURT:  I'M NOT PREPARED TO ADDRESS THAT,

26   EITHER.  HOWEVER, IN MY HEARING AM I HEARING THERE'S

27   NOT GOING TO BE ANY OPPOSITION?  IF I'M HEARING THAT,

28   IT'S CERTAINLY COULD BE CHAMBERS WORK.  BUT I DON'T

ROUGH DRAFT - COURT PROCEEDINGS HELD 5-31-2024
IN THE MATTER OF HERMALYN V. DRAFTKINGS

1    KNOW.

2         IT'S SET FOR HEARING ON THE 25TH.  WHOEVER

3    MIGHT OPPOSE CERTAINLY HAS AN OPPORTUNITY TO FILE

4    DOCUMENTS, AND IN KEEPING WITH THAT.  I DON'T KNOW IF

5    THAT'S GOING TO BE DONE.

6         AND, QUITE FRANKLY, BECAUSE IT'S SET ON THE

7    25TH, I, BY RIGHT AND BY RULE, HAVE TO GIVE PARTIES AN

8    OPPORTUNITY TO FILE AN OPPOSITION.  SO I'M NOT GOING TO

9    EXPEDITE ANY CONSIDERATION.  THAT WOULD BE GOING

10   AGAINST THE RULES.  AND I'M NOT ASKING FOR A COMMITMENT

11   BUT IF YOU'RE WILLING TO GIVE ONE THAT'S FINE.

12         MR. FOGELMAN:  YOUR HONOR, I DON'T HAVE ANY

13   INTENDED OPPOSITION BUT I HOPE THE CASE WILL BE LONG

14   GONE BY THEN.

15         THE COURT:  OKAY.

16         MR. BRIAN:  PERHAPS YOUR HONOR WE COULD ASK

17   THAT THAT BE TAKEN UP ON JUNE 13TH, THEN.

18         THE COURT:  I'M NOT GOING TO ADVANCE -- NOT AT

19   THIS POINT.  I THINK WE'VE GOT ENOUGH ON OUR PLATE

20   UNLESS I HERE THAT THERE IS A REALLY HARD CORE REASON

21   WHY THAT NEEDS TO BE CONSIDERED THEN AND AGAIN, I HAVE

22   TO BE ASSURED THAT THERE'S NO OPPOSITION.

23         MR. BRIAN:  I AGREE WITH THAT, YOUR HONOR.

24   I'D BE SURPRISED IF THERE'S ANY OPPOSITION.  BUT I'D I

25   AGREE WITH YOUR HONOR THAT COUNSEL NEEDS TO INDICATE

26   WILL THERE WOULD BE ONE.

27         THE COURT:  AND I'M NOT HEARING THAT

28   COMMITMENT.  OTHERWISE I WOULD TREAT IT AS CHAMBERS

1    WORK AND PERHAPS EVEN ADDRESS IT TODAY, FRANKLY.       .

2              MR. ARMILLEI:  THANK YOU, YOUR HONOR.

3              MR. FOGELMAN:  SORRY.  YOUR HONOR, I THOUGHT I

4    WAS CLEAR.  WE'RE NOT GOING TO OPPOSE PRO HAC VICE

5    APPLICATIONS.  I DIDN'T THINK THAT WAS CONFUSING.  I

6    APOLOGIZE FOR NOT BEING MORE CLEAR.  WE'RE NOT GOING TO

7    OPPOSE PRO HAC VICE.

8              WE'RE GOING TO MOVE FORWARD TO QUASH ON

9    JUNE 13.  THEY CAN BRING ANY NUMBERS OF LAWYERS THEY

10   WANT.

11             THE COURT:  ALL RIGHT.

12             MR. BRIAN:  THANK YOU, YOUR HONOR.

13             MR. ASPERGER:  THANK YOU, YOUR HONOR.

14             THE COURT:  THANK YOU ALL.

15             MR. FOGELMAN:  THANK YOU, YOUR HONOR.

16             THE COURT:  THANK YOU FOR YOUR PATIENCE.

17             ALL:  THANK YOU.

18             THE COURT:  WE'LL GET ET AL. SORTED OUT.

19             THE CLERK:  NOTICE WAIVED.

20             THE COURT:  TRUE.  COUNSEL WAIVE NOTICE?

21             MR. BRIAN:  YES, YOUR HONOR.

22             MR. ASPERGER:  YES, YOUR HONOR.

23             MR. FOGELMAN:  YES, YOUR HONOR.

24             THE COURT:  THANK YOU ALL.

25             (PROCEEDINGS ADJOURNED AT 10:46 A.M.)

26

27

28