# EXHIBIT 9

**Alex del Nido**

| | |
|---|---|
| **From:** | Aliki Sofis |
| **Sent:** | Friday, June 7, 2024 5:36 PM |
| **To:** | Goeke, Justine; Alex del Nido; Stephen Riden; Kimberly Carson; Russell Beck; Erika Hahn |
| **Cc:** | Spencer, Jacob T.; La France, Madelyn Mae; Snyder, Orin; White, Sarah; Mufson, Harris M.; Machin, Amanda C.; Andrew.Dulberg@wilmerhale.com; DiGennaro, Justin M. |
| **Subject:** | RE: DraftKings v. Hermalyn |

Thanks, Justine.

Mr. Hermalyn's position has always been that the interrogatories served during the preliminary injunction phase should count toward the limit, as reflected throughout our correspondence. Leaving that aside, we note that your latest draft—which we did not receive until just before 5:00pm today—includes material and substantial changes from DraftKings; we are in the process of reviewing the draft with our client and securing approval, and we suggest setting a final time for sign off prior to filing today. Please let us know your timing preference for that. And please refrain from striking my client's middle initial and the "Mr." from our sections going forward. Let's work together to get this across the finish line collaboratively today. Thanks very much, and thanks also for handling the filing itself today as Plaintiff.

Best,
Aliki

**Aliki Sofis**
*Co-Managing Partner, Boston Office*
**Quinn Emanuel Urquhart & Sullivan, LLP**
111 Huntington Ave, Suite 520
Boston, MA 02199
617.712.7110 Direct
617.697.7696 Mobile
alikisofis@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Friday, June 7, 2024 4:47 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[EXTERNAL EMAIL from jgoeke@gibsondunn.com]

---

Counsel,

Attached is the joint statement, together with a Word document redline against the version you sent us at 1:00 p.m. ET, as well as exhibits.  Our client is continuing to review, and we reserve the right to make modifications to DraftKings' sections.

Please note that we reflected the parties' agreement in the "Phased Discovery" section and modified the discussion regarding "Discovery Limitations" in light of your apparent decision to revert to your position that the interrogatories exchanged during initial phase of PI discovery should "count" against the ordinary default of 25 interrogatories.

Please let us know when we have your sign off to file.

Regards,

Justine

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Friday, June 7, 2024 3:45 PM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com
**Subject:** RE: DraftKings v. Hermalyn

**[WARNING: External Email]**

December 12 (oppositions), December 23 (replies).  Thank you.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Sent:** Friday, June 7, 2024 2:29 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder,

Orin <OSnyder@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M.
<HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com
**Subject:** RE: DraftKings v. Hermalyn

**[EXTERNAL EMAIL from jdigennaro@gibsondunn.com]**

Counsel,

Please promptly advise when Defendant proposes to complete Summary Judgment and Daubert Oppositions and Summary Judgment and Daubert Replies:

| | | |
|---|---|---|
| Summary Judgment and Daubert Oppositions | April 4, 2025 | |
| Summary Judgment and Daubert Replies | April 18, 2025 | |

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Friday, June 7, 2024 12:55 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson
<kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>;
Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France,
Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; White, Sarah
<SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C.
<AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com
**Subject:** RE: DraftKings v. Hermalyn

**[WARNING: External Email]**
Counsel:

Attached are the portions of the joint statement from Mr. Hermalyn incorporated into the draft you sent yesterday, as well as a redline over that draft showing our modifications thereto. We reserve the right to further modify the joint statement and Mr. Hermalyn's portions thereof, particularly as we received DraftKings' draft with its positions less than

24 hours ago. You will note that in the spirit of compromise, we have adjusted certain dates in our proposed case schedule in section II. We will provide Exhibit 9 under separate cover.

We believe it is important to meet the Court's deadline for this statement. Therefore, please send back the full, final joint statement, together with all exhibits, by 4:00 pm today for us to be able to review and sign off on before the 6:00 pm filing deadline.

Thank you,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Alex del Nido
**Sent:** Thursday, June 6, 2024 6:31 PM
**To:** 'Goeke, Justine' <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com
**Subject:** RE: DraftKings v. Hermalyn

Counsel,

Following up on our meet-and-confer earlier today, we will provide you with Mr. Hermalyn's portion of the joint statement tomorrow between noon and 1pm, to meet the current deadline. No extension is necessary. We wanted to let you know as soon as possible.

Thanks,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Thursday, June 6, 2024 1:55 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Erika Hahn <ehahn@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>

**Cc:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com
**Subject:** RE: DraftKings v. Hermalyn

<mark>[EXTERNAL EMAIL from jgoeke@gibsondunn.com]</mark>

Counsel,

Further to Orin Snyder's note below, I've sent a calendar invitation for a meet-and-confer at 5:00 p.m. ET today.  I have also attached our sections of the joint statement.  Our client is continuing to review, and we reserve the right to make modifications, including in response to further discussions with you and in response to the sections of the joint statement that you have been preparing.

In order to provide adequate time to further revise and finalize the submission, please revert with your sections of the joint statement by tomorrow at noon ET.

Regards,

Justine Goeke

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Snyder, Orin <OSnyder@gibsondunn.com>
**Sent:** Thursday, June 6, 2024 12:31 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Cc:** Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>
**Subject:** Re: DraftKings v. Hermalyn

We disagree with your characterizations below.

We are always happy to meet and confer.

I will join this meeting.

We will continue to work in good faith to reach agreement.

My team will schedule.

Best,

Orin

Sent from my iPhone

On Jun 6, 2024, at 9:23 AM, Alex del Nido <alexdelnido@quinnemanuel.com> wrote:

**[WARNING: External Email]**

Counsel:

Our communications with you are well documented, and it isn't our side that has refused to meaningfully engage or confer.  Please provide the draft joint statement by 2:00pm today; the filing deadline is _tomorrow_ and we have schedules and a client with whom we also need to confer.  We have been asking for this draft for weeks, and you represented that you were preparing it, but we still have not received it.

DraftKings' proposed schedule below is no "compromise"; it's almost exactly the same as DraftKings' May 29 proposal, which we responded to in writing on May 30 and explained, in both that email and during our subsequent telephonic conferral, that it is not reasonable or realistic given the proposed discovery in this case and schedule conflicts.  When you asked us on May 30 to extend the deadline for the joint statement, you represented that DraftKings would make an effort to send a _real_ counterproposal and that DraftKings would also provide its positions on the other substantive points we covered during the Rule 26(f) conferral process.  On that representation, we suggested continuing the scheduling conference, expecting based on your representations that we would receive a real counterproposal from you and we could continue to confer.  You did none of that.  We offered times to meet-and-confer earlier this week.  You refused to do that, too.

Below is the current status of the proposed case events and deadlines, to which we have made edits and included our proposals.  We have endeavored to further compromise, but it appears that the parties remain very far apart, other than two dates for which we appear to have agreement.  Your suggestion that DraftKings' proposal is in line with some "general rule" in D. Mass. is also inaccurate.  Rather, it is our proposal that is consistent with the _median_ time it takes civil cases in the district to reach trial, of over 34 months.  In a final effort to reach agreement and narrow the issues—as we told the Court we'd do—we again propose that we meet & confer this week.  We are available today at 2:00-3:00 pm or from 4:00-5:30 pm.  Please send a calendar invite for one of those times if it works on your end, or propose an alternative time this afternoon.  Thank you.

| Event | Plaintiff's Proposed Schedule | Defendant's Proposed Schedule |
|---|---|---|
| Initial Disclosures | June 14, 2024 | June 14, 2024 |
| Deadline to Amend Pleadings / Add a Party | October 30, 2024 | October 30, 2024 |
| Deadline for Plaintiff to serve Trade Secret Disclosure Pursuant to M.G.L. c. 93, § 42D(b) | | June 28, 2024 |
| Deadline for Parties to Serve First RFPs | June 28, 2024 | July 12, 2024 |

| | | |
|---|---|---|
| Deadline for Parties to Serve Second RFPs | | October 18, 2024 |
| Deadline to Serve ROGs | August 27, 2024 | October 18, 2024 |
| Substantial Completion of Document Discovery | September 30, 2024 | January 31, 2025 |
| Deadline to serve RFAs | October 1, 2024 | February 14, 2025 |
| Completion of Party Document Discovery | | February 28, 2025 |
| Completion of all Fact Depositions | November 22, 2024 | May 22, 2025 |
| Final Fact Discovery Deadline | November 25, 2024 | June 5, 2025 |
| Plaintiff's Expert Reports | December 20, 2024 | September 12, 2025 |
| Defendant's Expert Reports | January 31, 2025 | November 7, 2025 |
| Expert Deposition Deadline | February 16, 2025 | December 19, 2025 |
| Opening Summary Judgment + Daubert Briefs | February 28, 2025 | February 27, 2026 |
| Summary Judgment and Daubert Oppositions | April 4, 2025 | April 10, 2026 |
| Summary Judgment and Daubert Replies | April 18, 2025 | May 1, 2026 |

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Thursday, June 6, 2024 10:00 AM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[EXTERNAL EMAIL from jgoeke@gibsondunn.com]**

Counsel,

Thank you for your email.  We do not agree with your characterization of the parties' back-and-forth in this meet-and-confer process.

Following our May 28 discussion, we proposed a schedule on May 29—which we believe is warranted by recent developments—and which comports with the general rule in this district that summary judgment briefing should conclude within a year of the initial pretrial conference.  We then agreed, at your suggestion, to continue the initial pretrial conference.  We had hoped the parties would use the continuance to attempt to reach agreement on at least some issues.  We asked you for a counter to our May 29 proposal in the interest of advancing discussions between the parties regarding the discovery schedule.  It has been a week.  You have refused to meaningfully engage.

Nevertheless, in the spirit of cooperation, we have adjusted our proposed schedule that we sent you on May 29.  Specifically, we agree to Defendant's proposal that the parties exchange initial disclosures on June 14.  We have also extended the date for substantial completion of document discovery and incorporated additional interim deadlines in the proposed schedule, as you suggested, and as reflected below.

| Discovery Deadline | Plaintiff's Proposed Schedule |
|---|---|
| Initial Disclosures | June 14, 2024 |
| Deadline for Parties to Serve First RFPs | June 28, 2024 |
| Deadline to serve Rogs and RFPs | August 27, 2024 |
| Substantial Completion of Document Discovery | September 30, 2024 |
| Deadline to Amend Complaint / Add a Party | October 30, 2024 |
| Deadline to serve RFAs | October 1, 2024 |
| Completion of all Fact Depos | November 22, 2024 |
| Final Fact Discovery Deadline | November 25, 2024 |
| Opening Expert Reports | December 20, 2024 |
| Rebuttal Expert Reports | January 31, 2025 |
| Expert Depo Deadline | February 16, 2025 |
| Opening Summary Judgment + Daubert Briefs | February 28, 2025 |
| Summary Judgment and Daubert Oppositions | April 4, 2025 |

| Summary Judgment and Daubert Replies | April 18, 2025 |
|---|---|

We plan to send you our proposed draft of the joint statement later today.  As always, we remain available to confer.

Regards,

Justine Goeke


**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Wednesday, June 5, 2024 11:07 PM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

Counsel,

We are continuing to discuss with our client and will endeavor to get back to you tomorrow morning.

Regards,

Justine Goeke


**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Sent:** Wednesday, June 5, 2024 9:05 AM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>

**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

Counsel,

Thank you for your email. We are reviewing it with our client this afternoon and will certainly respond later today.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Tuesday, June 4, 2024 6:54 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[WARNING: External Email]**
Counsel,

DraftKings' conduct and representations are extremely concerning here; it seems we're in the same place we were in on Thursday of last week. But we want to make sure we have this straight: You called us on Thursday, May 30, requesting an extension to submit the parties' joint proposal and representing that DraftKings wanted more time to meet-and-confer and to send a counter-proposal to our May 30 email. The parties filed a joint request to extend the deadlines to allow for time to *narrow* the issues in dispute, but it's now DraftKings' position that it is simply **going back** to its May 29 proposal, to which we had **already** provided our positions *prior* to the Court's original May 31 deadline? If that's the case, there was no need for your requested extension. You have not taken us up on our offers to meet and confer in the meantime, nor have you as the Plaintiff in this case sent us a draft of the proposed joint filing, which we have been requesting from you for weeks and which you represented you were preparing. Please provide the draft **by no later than 10am tomorrow**—as we said, we need time to review it and confer with our client about it. It unfortunately appears that the parties will have to submit competing positions and schedules across the board, particularly because DraftKings has backtracked *again* and has also not even responded to our proposals on a number of the other required topics, which are summarized in my May 28 and 30 emails.

To be clear, as the correspondence below makes clear, we have already responded to your May 29 scheduling proposal, in my May 30 email.  Nothing you mention in your most recent email below has changed between then and today.  Additionally, your email's summary of the course of the parties' Rule 26(f) conferrals and Mr. Hermalyn's positions is inaccurate and frankly, disingenuous, for reasons I have already gone through and will not waste time repeating here.  In addition, we have already responded to your statements about Mr. Hermalyn's review of his contacts, which are not accurate.  Our prior emails on these topics speak for themselves.

We will expect to hear from you by 10am tomorrow regarding a draft of the joint filing.  If DraftKings has any, please also send us by then any positions on our May 30th email and your availability to further meet and confer in good faith.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Tuesday, June 4, 2024 4:24 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>
**Cc:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

==[EXTERNAL EMAIL from jgoeke@gibsondunn.com]==

---

Counsel,

Thank you for your email.  As you know, the meet-and-confer process is designed to be a back-and-forth discussion about discovery issues in dispute.  While we presently have a dispute over the appropriate case schedule, we are committed to continuing to confer in good faith in the hope that we can avoid burdening the Court.  Recent developments have led us to conclude that the schedule we originally proposed on May 24 is no longer appropriate.  These developments include your month-long refusal to participate in a Rule 26(f) conference, your demand that DraftKings again identify its trade secrets, the recent disclosure that Mr. Hermalyn has only just begun reviewing his contacts on his personal devices (contrary to Mr. Riden's April 26 representation that Mr. Hermalyn would start reviewing those contacts a month prior), and your apparent desire to front-run this case with the action you filed and are attempting to prosecute in California state court.  This is why we proposed a revised schedule on May 29.  To continue an orderly meet-and-confer process, please provide us with your counter-proposal to the schedule we sent you on May 29.  In the spirit of ongoing cooperation, we will respond in turn and hopefully we can find a compromise that works for both parties.

We respectfully disagree with all of the claims and allegations set forth in your May 30 email, but do not think it would be productive to address every point.  We nevertheless address the issues below in hopes of putting Defendant's mischaracterizations to rest, so that the parties can productively advance discussions over the discovery schedule.

Your May 30 email mischaracterizes the nature of the parties' correspondence concerning the Rule 26(f) conference. To summarize:

> On April 30, I asked to hold the conference on May 2. Defendant refused, claiming without any authority that the parties cannot hold a Rule 26(f) conference until after Defendant files his answer. On May 2, I asked again to hold the Rule 26(f) conference, explaining that there is no basis to delay until Defendant files his answer, and that if Defendant is unwilling to confer now, we would promptly bring the issue to the Court. Later that day, Defendant agreed to participate in the Rule 26(f) conference.

> On May 9, the parties held what DraftKings had hoped would be the Rule 26(f) conference. DraftKings made a number of proposals with respect to a discovery plan (including number of depositions, interrogatories, RFAs, privilege logs, etc.), but Defendant did not meaningfully respond. On May 14, we emailed requesting Defendant's positions on the various issue required by Rule 26(f), only to be told again that the conference must wait until after Defendant files his answer.

> On May 21, 22, and 23, we emailed you asking to complete the Rule 26(f) conference, explaining that by virtue of the Court's scheduling of the Rule 16 conference for June 7, the parties were required to complete the Rule 26(f) conference by May 17.

> You finally responded on May 23, claiming that you were not available to complete the Rule 26(f) conference until May 28—after Defendant filed his answer—as Defendant had baselessly demanded all along.

Finally, your characterization of the parties' discussion of Defendant's review of contacts on his personal devices during the May 28 call is inaccurate. You invited a meet-and-confer regarding "any contacts that might be business-related and personal" in a May 17 email. When we raised the subject on the May 28 meet-and-confer, defense counsel became evasive and combative. That is when we asked specifically for confirmation that during his review: (i) Defendant is not obtaining a physical or digital copy of the list of contacts; and (ii) counsel is retaining possession of the list at all times. These are the precise terms that we proposed in our April 30 email to which Defendant agreed in a May 7 email. The "protocol" to which the parties ultimately agreed—that Defendant review the contacts in the presence of his counsel—is straightforward. It should not have taken four months (and counting) for Defendant to agree to review, and then to review, the contacts on his personal devices according to such basic guardrails.

Pursuant to the Court's rules and expectations, we need to meet and confer about all of the above issues and look forward to speaking this week in advance of the parties' submission of their Joint Statement on Friday.

Regards,

Justine

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Tuesday, June 4, 2024 3:19 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>

**Cc:** Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[WARNING: External Email]

Counsel:

Last week, you specifically represented that DraftKings was interested in continuing to meet-and-confer concerning the case schedule and other topics we had discussed on our May 28 call and covered in my emails of May 28 and 30, and requested our assent to a joint motion to extend the deadlines on that basis. We have heard nothing from you since then. As I told you on May 30, Mr. Hermalyn's positions have been set forth in our previous correspondence, but we are open to continuing to confer and will consider any further proposals from DraftKings.

Should we expect anything further from you, and if so when? Please let us know either way by tomorrow morning so we can plan accordingly. In addition, we are expecting from you a draft of the joint statement, which you indicated last week DraftKings would be preparing. Please confirm that is still the case and when you expect to provide it to us.

Best,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Alex del Nido
**Sent:** Monday, June 3, 2024 11:19 AM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Cc:** Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

Counsel:

Based on our conversations last week regarding the LR 16.1 joint statement and Rule 16 conference, we understand that DraftKings would like to continue to confer on the issues discussed in my May 30 email. As I noted on our call on May 30, we would welcome such additional discussions. We are generally available between 11am-4pm ET tomorrow, Tuesday 6/4. To facilitate a productive call, please provide any response to my May 30 email and any proposals which DraftKings would like us to consider today. In addition, please provide us with a draft of the joint statement, which as you know is now due per the parties' agreement and the court's order this Friday, June 7. We will need the draft by no later than 10am Wednesday in order to be able to consult with our client and jointly facilitate its completion by the deadline.

Thank you,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Friday, May 31, 2024 9:00 AM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Cc:** Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

==[EXTERNAL EMAIL from jgoeke@gibsondunn.com]==

---

Hi Alex,

Thank you for confirming regarding the revisions to the joint motion.  June 13 and June 17 work on our end.  We'll get the joint motion on file.

Regards,

Justine

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Friday, May 31, 2024 6:38 AM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Cc:** Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>;

Mufson, Harris M. <HMufson@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>
**Subject:** Re: DraftKings v. Hermalyn

**[WARNING: External Email]**

Justin,

We are fine with the revisions to the joint motion.  Please let us know when you are able to confirm the dates.

Alex

On May 30, 2024, at 10:51 PM, DiGennaro, Justin M. <JDiGennaro@gibsondunn.com> wrote:

**[EXTERNAL EMAIL from jdigennaro@gibsondunn.com]**

Counsel,

Thank you for your email.  We are still confirming dates on our end, but in the meantime, attached is a slightly revised draft of the joint motion, adopting your revisions and including a few minor changes.

Please confirm that we have your consent to file the attached, pending confirmation of dates.

Best Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Thursday, May 30, 2024 8:55 PM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[WARNING: External Email]**

Counsel,

Thanks for your email.  You called me this afternoon and proposed that the parties jointly move the court for an extension of tomorrow's deadline to file the L.R. 16 joint statement.  I proposed as an alternative that the parties jointly move to adjourn the June 7 scheduling conference, which would afford the parties additional time to further confer on the issues discussed in our ongoing correspondence, assuming DraftKings is serious about doing so, and to prepare the joint statement in light of those conferrals.  Thank you for your agreement to that proposal.

We have a conflict on June 14, so we have modified the joint motion to propose that the conference be rescheduled to June 13, or else to June 17 or a subsequent date at the court's convenience.  We have made additional minor edits, which are attached.  You have our consent to file with those revisions.

Best,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Sent:** Thursday, May 30, 2024 6:47 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[EXTERNAL EMAIL from jdigennaro@gibsondunn.com]**

---

Counsel,

Thank you for your email.  We agree with your suggestion during the call this afternoon to adjourn the scheduling conference by a week so that the parties can further confer about a proposed discovery schedule.  Attached is a joint motion.  We will review your email and propose times to confer further.

Please confirm we have Defendant's consent to file the attached.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977

JDiGennaro@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Thursday, May 30, 2024 2:08 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah S <SWhite@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[WARNING: External Email]

Counsel:

First of all, we were disappointed and surprised to receive your email last night. We believed that we had a productive, cordial meet-and-confer on Tuesday, May 28, and that based on your statements on the call, the parties should be able to reach agreement on many of the issues required by the applicable rules.

Your email, however, represents a complete backtrack on our efforts to confer productively with you and to try to reach a joint proposal. Not only has DraftKings not tried to seek "compromise," it has suddenly and without basis proposed a much *faster* schedule than what DraftKings initially proposed just last Friday night. To be clear: DraftKings provided its initial schedule proposal—which did not address a number of the requirements under the rules—at 8:47pm on Friday, May 24; we held a conferral and provided our proposed schedule the next business day, on Tuesday, May 28. DraftKings' new May 29 proposal is completely unreasonable and unnecessary, and is not in line with the typical pace of cases of this nature and complexity. We can only assume from your about-face here that DraftKings has no intention to try to reach agreement on anything in good faith. Indeed, DraftKings is not even willing to agree to ***three days*** of additional time for the parties to exchange their Initial Disclosures as we proposed, even though you said on the May 28 call that that should be no problem. Your email also does not even *mention*, let alone substantively address, most of the other topics we discussed on Tuesday's call, including our proposal to include interim discovery deadlines in the schedule (which, again, you agreed with on the call) and our proposals with respect to discovery events, which you said you needed to discuss further with your client.

We are available to confer further today at 3:00pm ET or later. Our position remains that the schedule proposed in my May 28 email is a realistic schedule and typical for cases of this complexity in D. Mass. Mr. Hermalyn's positions on the remaining issues we discussed on Tuesday, which are covered in my email below and which your email does not address, are also the same. If DraftKings is actually willing to discuss a serious, reasonable counter-proposal on a case schedule and related events (or any other topic) we are more than willing to have that conversation, and in fact welcome it. But it appears at this point, unfortunately, that the parties will have to submit competing schedule proposals to the Court, which we are prepared to do. We hope DraftKings reconsiders its approach here.

You also represented on the May 28 call that DraftKings would provide us with a draft of the joint statement due tomorrow, May 31. We have yet to receive that draft, nor have we received response to

the draft Protective Order that we sent to you *20 days ago*, on May 10, 2024.  Please provide us with a draft of the joint statement, as promised, as soon as possible and no later than 8:00pm ET today, to facilitate our completion of the parties' submission.

To respond to your inaccurate recitation of the history here:

1.  We met-and-conferred with you in good faith at your request on May 9, even though we informed you that Mr. Hermalyn was in the process of preparing his responsive pleading (which was not due until May 24) and so it would be premature to try to agree at that point on discovery parameters.  Despite DraftKings requesting the May 9 call, during that call you did not even mention or have a proposal for most of the topics required to be covered in a true Rule 26(f) conferral, instead using the time to berate us about irrelevant issues.

2.  We subsequently pointed out to you in our May 17 email that DraftKings had not made a single proposal on the required topics, and we proposed to confer the week of May 28, after Mr. Hermalyn filed his Answer.  (As you know, Mr. Hermalyn was also engaged in responding to discovery requests and sitting for an expedited deposition demanded by DraftKings in the California action during the week of May 20-24.)

3.  You did not respond, and you did not provide us with any proposals whatsoever, until over two weeks after the May 9 call, on Friday, May 24.  Then, for the first time, you sent us a proposed case schedule at 8:47pm on May 24, the night before Memorial Day Weekend.

4.  Nevertheless, we reviewed your proposal and conferred with our client over the holiday weekend, and scheduled a meet-and-confer for the next business day, May 28, and were prepared and discussed our positions and proposal on that call as required by the rules.  As noted above, we believed our call with you was productive.

5.  My email below of May 28 promptly recapped the call, our positions and date proposals, and asked for your positions on the outstanding issues between the parties.

To address the remaining topics in your email:  With respect to the trade secrets disclosure, I will not rehash the parties' positions on that, as Mr. Hermalyn's is unchanged.  Your statement that we were "unable" on the conferral to explain what's inadequate about DraftKings' filings you mention is false – I explained to you (as we also have done in previous emails) that they are hopelessly vague and general and not even internally consistent as to what DraftKings is contending constitutes a trade secret; nor are they in line with the requirements of the statute or of applicable case law applying it in this district.  In any event, we understand the parties to be at impasse on this issue and will raise the issue with the Court at the scheduling conference and include a statement of Mr. Hermalyn's position in the joint statement.

With respect to Mr. Hermalyn's review of his contacts, your email is also inaccurate.  We reported to you on the May 28 conferral that we are in the process with Mr. Hermalyn of reviewing the remaining contacts in his Google Contacts account, pursuant to the protocol the parties agreed to, and that it has necessarily taken time given that the process requires Mr. Hermalyn's personal attention to each and every contact to correctly bucketize them.  In response, you repeatedly and deliberately misrepresented the terms of the protocol (which you simultaneously acknowledged not being familiar with, which was readily apparent and equally concerning), and then repeatedly demanded "assurance" that Mr. Hermalyn has been complying with your inaccurate version of the parties' agreement.  Mr. Riden assured you that Mr. Hermalyn has complied with the terms the parties have agreed to (despite the absence of any requirement to provide such assurances), but you persisted with repeated demands for further such assurances.  Indeed, even after you paused on the call to actually review the protocol, you *again* misstated its terms.

Again, a review of the history on this issue is informative as to DraftKings' approach, which is concerning at this early stage of the litigation:   Your email ignores that on **February 12, 2024**, two business days after the entry of the TRO, we provided to DraftKings a list of Mr. Hermalyn's contacts from his Google

18

Contacts account which he believes DraftKings may contend are its business contacts.  Your email also ignores the fact that the parties stipulated to a review protocol on May 7 for the remaining contacts in his Google Contacts account.  That stipulation followed months of our good faith attempts (including in our letters of February 21, March 12, and March 28, 2024) to try to agree on a process to identify and return to Mr. Hermalyn his purely personal contacts – attempts which DraftKings did not meaningfully engage with until very recently.  Now, you appear to be seeking to leverage a manufactured dispute to justify a new case schedule shorter than the one you originally proposed.  Your conduct evinces bad faith and a willingness to abuse the off-the-record meet and confer process merely to gain tactical advantage.

As we have consistently indicated, we are happy to confer and seek reasonable compromise with respect to the joint proposal due to the Court tomorrow, but we expect for DraftKings to approach such conferrals in good faith and make accurate representations of the parties' positions going forward.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Wednesday, May 29, 2024 10:18 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

==[EXTERNAL EMAIL from jgoeke@gibsondunn.com]==

---

Counsel,

Thank you for your email.  As you know, we attempted to hold a Rule 26(f) conference on May 9 (in which you did not meaningfully participate), and then repeatedly requested a meet-and-confer the week of May 21.  You unilaterally deferred the required conference by weeks.  You only yesterday communicated your competing discovery schedule, which proposes extending the conclusion of summary judgment briefing by **260 days** to March 2026.

You also reiterated your position yesterday that DraftKings should provide some additional separate disclosure of its trade secrets by the end of June—notwithstanding DraftKings' prior disclosures, *see* ECF 74-13 at 7-26; ECF 78 ¶¶ 31-38; ECF 80 ¶ 6, and the Court's determination that DraftKings had already identified its trade secrets with the requisite specificity.  ECF 46 at 52:7-10; ECF 132 at 40.  No further disclosure is required under the circumstances of this case.  *See Cynosure, LLC v. Reveal Lasers LLC*, 2023 WL 8880346 (D. Mass. Dec. 22, 2023); *Adimab, LLC v. Linkedup Bioscience, Inc.*, 2022 WL 16839215

(Mass. Super. June 08, 2022).  During the meet-and-confer, we asked you to explain what specifically was inadequate about our prior disclosures.  You were unable to do so.  We also expressed our concern that your request for further trade secret disclosure before the commencement of trade secrets discovery is a classic trade secret litigation shell game—in which Defendant will demand an ever-more-particularized trade secrets disclosure—resulting in continuing delay of this action.

And for the first time yesterday, we learned that Defendant had *only just begun* reviewing his contacts to segregate possible DraftKings' contacts from his personal contacts—a process that he was required to complete within three days of the February 8 TRO.  When we asked you for details about the circumstances of this review, your tone became entirely inappropriate.  Given the delay and your demeanor on the meet-and-confer, we have serious concerns that Defendant and Fanatics are approaching this case with disregard for the Court's findings in both the TRO and PI, and for DraftKings' legal rights to its trade secrets and confidential information.

Based on the totality of those circumstances, and based on further discussions with our client, the original schedule we suggested in our May 24 email is no longer viable.  Instead, we are countering the proposed schedule in your May 28 email by substantially accelerating and shortening the dates we initially proposed.

| Discovery Deadline | Date |
| --- | --- |
| DK provides ESI protocol, forensics protocol, and protective order | May 31 |
| Initial Pretrial Conference | June 7 |
| Defendant reverts re ESI protocol, forensic protocol, and protective order | June 10 |
| Initial disclosures due | June 11 |
| Parties meet and confer re ESI protocol, forensics protocol, and protective order | Week of June 10 |
| Parties raise competing protocols to court | June 17 |
| Deadline for parties to serve first set of RFPs | June 28 |
| Within 7 days of Court's ruling on any disputed issues related to the discovery protocols, Defendant produces devices for imaging | |
| Substantial completion of document discovery | September 13 |
| Deadline to amend complaint / add a party | October 30 |
| Close of fact discovery | November 25 |
| Opening expert reports | December 20 |
| Rebuttal expert reports | January 31 |
| Opening summary judgment and Daubert motions | February 28 |
| Summary judgment and Daubert oppositions | April 4 |
| Summary judgment and Daubert reply | April 18 |

We would be happy to arrange a call to discuss this schedule further in an effort to reach a reasonable compromise.  We will make ourselves available to confer at your earliest convenience.

DraftKings reserves the right to modify the positions above in good faith and/or based upon any counterproposals, which we'll need to confer about with our client.

Regards,

Justine Goeke


**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Tuesday, May 28, 2024 6:36 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>;
Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>;
Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn
<ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La
France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah
<SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[WARNING: External Email]

Justine:

I write to follow up on the parties' continued Rule 26(f) meet-and-confer earlier this afternoon.  Thank
you for your time.  On the call, we discussed the case schedule, DraftKings' trade secret disclosure
obligations, discovery limitations, ESI and forensic examination protocols and a proposed protective
order, privilege logs, and the status of Mr. Hermalyn's review of his contacts.

You indicated that you would confer with your client and get back to us on our proposed schedule and
interim deadlines and provide any counterproposals, as well as support for your position that DraftKings
is not required to provide any further disclosure of alleged trade secrets.  As you know, it is Mr.
Hermalyn's position that such disclosure is required.  To recap, below are the dates and interim
deadlines that we proposed today:

1. Parties to exchange Initial Disclosures: 6/14/2024
2. DraftKings' trade secret disclosure pursuant to M.G.L. c. 93, s. 42D(b): 6/28/2024
3. Amendments to Pleadings, if any: 6/28/2024
4. All RFPs and ROGs Served: 10/18/2024
5. All RFAs Served: 1/31/2025
6. Third-Party Subpoena Deadline: 1/17/2025
7. Substantial completion of party document productions: 1/31/2025
8. Completion of party document productions: 2/28/2025
9. Deadline to raise disputes concerning written discovery and document productions with the
   Court by motion, if necessary: 4/4/2025
10. Completion of all fact depositions: 5/22/2025
11. Close of fact discovery: 6/5/2025
12. Plaintiff's expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(1): 8/8/2025
13. Defendant's expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(1): 9/26/2025

14. Expert deposition deadline: 11/14/2025
15. Summary Judgment and Daubert Motions: 1/16/2026
16. Summary Judgment and Daubert Oppositions: 2/20/2026
17. Summary Judgment and Daubert Replies: 3/13/2026

We believe this proposed schedule is realistic given the complexity of this case and likely scheduling constraints for parties, third-parties, and counsel. Our position, consistent with typical practice, is that any further deadlines for pre-trial events should be set at a later date and are premature to set now.

With respect to your proposals on discovery events, we have agreement that the parties should adhere to the limits set forth in L.R. 26.1(c) for RFPs and RFAs, specifically, two sets of RFPs and 25 RFAs per side. We further explained our position that the parties should adhere to the remaining limits set forth in the rule with respect to depositions (10) and interrogatories (25) as well, with the interrogatories already served and answered by the parties counting towards the limit of 25 interrogatories per side. We understand that DraftKings will get back to us on this. I indicated that if DraftKings is willing to agree to the default limit provided by L.R. 26.1(c) for depositions of 10 per side, we would consider agreeing that a portion of the interrogatories previously served should not count towards the limit of 25. You stated that DraftKings would consider this proposal as well.

With regard to the ESI and forensic protocols and the protective order, you indicated that by Friday, 5/31, DraftKings will send us draft ESI and forensic protocols and also its response to the proposed protective order which we sent you on 5/10. Based on your representations today, we understand that the forensic protocol that you are preparing will, at least, be applicable to Mr. Hermalyn's devices in the possession of DraftKings as well as Mr. Hermalyn's counsel. We expect to respond within 7-10 days of receipt. We agreed that we will continue to meet-and-confer in good faith to seek to reach agreement. If there remain unresolved disputes about the proposed protocols or protective order, the parties may present competing proposals with submissions of up to three pages by 6/17.

Finally, we understand that DraftKings will prepare the joint proposed Rule 16 scheduling statement due on 5/31. We will review your draft of the statement promptly upon receipt. To facilitate completion of the statement, please provide us with the draft tomorrow.

We reserve the right to modify the positions above in good faith and/or based upon DraftKings' positions or counterproposals, which we'll need to confer about with our client. We hope that the parties can reach agreement and provide the Court with a joint proposal.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Friday, May 24, 2024 8:47 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; DiGennaro, Justin M.
<JDiGennaro@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson
<kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis
<alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La

France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[EXTERNAL EMAIL from jgoeke@gibsondunn.com]**

Counsel,

We had expected to discuss the topics raised in your Friday, May 17 email in a meet-and-confer *this week*.  To that end, we emailed you on Tuesday, Wednesday, and Thursday asking for a meet-and-confer and only received a response yesterday late afternoon.

We are available, as you requested, on Tuesday, May 28 at 2:00 p.m. ET.  We will send a calendar invite.

In an effort to facilitate our discussion next week, we have included a summary of our positions on the issues below:

**Initial Disclosures**.  We propose exchanging initial disclosures on **June 11**—within 14 days of Tuesday's Rule 26(f) conference, as contemplated by FRCP 26(a)(1)(C).  We see no reason why the Parties should wait until June 21, the date proposed in your May 17 email, to make such disclosures.  The relevant issues, topics of discovery, witnesses with relevant knowledge, etc. should be well to known to both parties by now, especially considering the discovery that has already been exchanged.

**Trade Secrets.**  With respect to trade secret disclosures, as explained in our May 21 email, DraftKings has already identified its trade secrets with sufficient particularity, *see* ECF 74-13 at 7-26; ECF 78 ¶¶ 31-38; ECF 80 ¶ 6, as confirmed by the Court's opinions on our TRO and preliminary injunction motions.  ECF 46 at 52:7-10; ECF 132 at 40.  The authority cited in your email yesterday is readily distinguishable, as neither case involved instances in which the Court had already ruled that the plaintiff had sufficiently specified its trade secrets and secured injunctive relief.

**Discovery Event Limitations**.
1. As we explained on May 9, we propose adhering to the local defaults on interrogatories (25 per side), RFPs (2 sets per side), and RFAs (25 per side).  We also propose that the parties not count the discovery propounded in connection with the preliminary injunction motion because such discovery was expressly limited.
2. As mentioned on May 9 and in our May 21 email, we believe that 20 fact depositions per side represents a reasonable number of depositions in light of the nearly 40 individuals who submitted affidavits or declarations, were identified in interrogatories, and/or mentioned in the Court's opinions.  Of course, we are willing to consider any counter-proposal you may have.
3. We proposed the following discovery and case schedule:
    1. 12/16/2024: Substantial completion of document production deadline
    2. 2/13/2025: Close of fact discovery
    3. 2/27/2025: Expert disclosures and opening reports under Rule 26(a)(2)
    4. 3/20/2025: Rebuttal reports
    5. 4/10/2025: Deadline to complete expert depositions
    6. 5/22/2025: *Daubert* opening motions (if any)
        1. 6/12: Oppositions
        2. 6/26: Replies
    7. 5/22/2025: Opening motions for summary judgment and 56.1 Statements
        1. 6/12: Opposition and Counterstatement
        2. 6/26: Reply

8. 6/30/2025: Pretrial disclosures
    1. Witness lists
    2. Exhibit lists
9. 7/3/2025: Deposition designations
    1. 7/8: Counter-designations
10. Week of 7/14/2025: Meet and confer to resolve objections to exhibits, witnesses, and depo designations; complete joint pretrial memorandum (L.R. 16.5(d))
11. 7/17/2025: File unresolved evidentiary objections and motions in limine
    1. 7/24: Oppositions to objections
12. 7/29/2025: File joint pretrial memorandum

**Phased Discovery under FRCP 26(f)(3)(B)**.  In your May 17 email, you expressed a preference for phased discovery.  We do not agree.  Local Rules 16.1 and 26.3 contemplate phased discovery to permit the parties to "develop[] information needed for a realistic assessment of the case."  That is not warranted here, where the parties *already* conducted an early phase of discovery, DraftKings *already* filed "_over 150 pages_ of submissions in support of its preliminary injunction motion," including *"nine* separate witness affidavits containing additional arguments," ECF No. 111 (emphasis in original), and the Court *already* ruled that "DraftKings has established a substantial likelihood of success on its claims that Hermalyn breached his contractual commitments and misappropriated its trade secrets," ECF 132 at 2.  No further "phas[ing]" of discovery is necessary for "a realistic assessment of the case," and would only serve to delay this action.

**Protective Order / ESI Protocol / Forensic Protocol**.  We propose that the parties adhere to the following schedule in order to ensure that these documents are finalized on a reasonable timetable:
    1. DK to send revised draft of protective order and drafts of ESI protocol and forensic protocol by May 30;
    2. The parties exchange final proposals by June 10;
    3. If they are unable to agree, the parties file competing proposals with the Court, supported with authority in a 3-page statement, by June 10.
As for the forensic protocol, we can discuss further during the meet-and-confer, but we maintain that any forensic inspection of devices must be proportional to the needs of the case.

**Privilege Log**.  We disagree that a categorical privilege log is sufficient.  A document-by-document log is consistent with the federal and local rules, and is the preferred approach in the First Circuit.

**Return of DK's Documents and Contacts.**  You have our position that Defendant's obligations to return DK's confidential information are separate and distinct from ordinary course discovery, and that we reserve the right to raise with the Court if we discover that he has violated the TRO.  We expect that you will be in a position to provide an update on Defendant's return of contacts that he gained while employed by DK during the meet-and-confer next week.

DraftKings reserves all rights and waives none.

Regards,

Justine Goeke

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Thursday, May 23, 2024 3:30 PM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

 [WARNING: External Email]

Counsel:

We are available to continue the parties' Rule 26 conferrals next Tuesday, May 28, at 2:00pm ET or later.  Please let us know when you are available.  We are not available this afternoon or tomorrow.

Your email does not provide DraftKings' substantive response on several of the topics raised in my May 17 email, including topics required by Rule 26(f) such as a discovery schedule.  We suggest that, to have a productive conferral, DraftKings as the Plaintiff should prepare a draft of the parties' joint statement covering all required topics and, if we receive it sufficiently in advance, we will review and be prepared to discuss it with you on the May 29 call.

Your email notes that you are preparing a "forensic protocol for inspection of Defendant's personal devices."  Again, our position is that forensic examinations in this case must be mutual.  For instance, DraftKings has made allegations about Mr. Hermalyn's laptop computers which he has returned to DraftKings and has no access to.  Mr. Hermalyn must be provided with full and complete access to these devices to examine them in discovery.  The same goes for the devices mentioned in my earlier email.  You also still have not responded to our April 29 letter concerning Mr. Larracey's phone, for example.  We also await DraftKings' promised proposal for an ESI protocol, which you have told us you are working on for several weeks.

Next, we disagree that DraftKings' prior submissions satisfy the requirements of M.G.L. c. 93, s. 42D(b).  In our experience in this district, the Plaintiff must provide a detailed disclosure document specifically describing the alleged trade secrets that cabin DraftKings' claims with sufficient particularity to allow the court to control discovery and Mr. Hermalyn to prepare his defenses.  The statute requires higher specificity than at the pleadings stage or than was required in the preliminary proceedings before any discovery.  The "general and incomplete" descriptions that DraftKings has so far provided are not sufficient.  *See, e.g.*, *Milliman, Inc. v. Gradient A.I. Corp.*, No. 21-10865-NMG, 2022 WL 18032957, at *2 (D. Mass. July 11, 2022); *Alnylam Pharms., Inc. v. Dicerna Pharms., Inc.*, 2016 WL 40363565, at *2 (Mass. Super. Apr. 6, 2016).  DraftKings has not even produced the documents (or any portions thereof) that it contends are trade secrets, or provided any information about them beyond very generalized descriptions.  Any case schedule the parties agree to should have a deadline for DraftKings to provide the required disclosure before any discovery commences.  We propose **June 28**, three weeks following the Court's scheduling conference.  We can discuss this issue at our conference if you continue to disagree.

Finally, please provide DraftKings' feedback on the draft protective order which Steve sent you on May 10.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Sent:** Tuesday, May 21, 2024 10:25 AM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

==[EXTERNAL EMAIL from jdigennaro@gibsondunn.com]==

---

Counsel:

Given that the Court has set a scheduling conference for June 7, the parties were required under the Federal and Local Rules to conduct a Rule 26(f) meet and confer by last Friday, May 17.  And our joint letter in advance of the June 7 conference is due May 31.  Under the circumstances, we should not defer further discussions between the parties.  We are prepared to discuss each of the topics required by FRCP 26(f)(2) and LR 16.1(b), as well as the return of DraftKings' documents and contacts, during a meet-and-confer this week.

In the meantime, we respectfully disagree with all of the claims and allegations in your email, but with that said, we do not think it would be productive to specifically address each of those claims and allegations here.  We do, however, want to set the record straight on certain specific issues.

*First*, DraftKings already identified its trade secrets with sufficient particularity under the circumstances of this case, as required under M.G.L. c. 93, s. 42D(b).  See ECF 74-13 at 7-26; ECF 78 ¶¶ 31-38; ECF 80 ¶ 6.  The Court already held when granting the temporary restraining order that "DraftKings has ***identified with specificity*** the nature of the trade secrets and the confidential information contained in the documents that Mr. Hermalyn accessed."  ECF 46 at 52:7-10 (emphasis added).  And in its subsequent decision granting a preliminary injunction, the Court held that DraftKings had established likelihood of success on the merits of its trade secrets claims, and specifically found that "[t]he evidence shows ***with sufficient specificity*** that, from mid- to late-January 2024, Hermalyn accessed DraftKings documents that contained trade secrets."  ECF 132 at 40 (emphasis added).  To the extent Defendant has any authority supporting its position that DraftKings' identification of its trade secrets is insufficient, please provide it in advance of the meet-and-confer so we can consider it.

*Second*, your assertion that DraftKings' proposed discovery plan is a "fishing expedition" designed "to *continue to harass* Mr. Hermalyn, as well as third parties" is false.  Defendant has not been subjected to "harassment," but rather, targeted expedited discovery that culminated in important factual findings meriting the imposition of a preliminary injunction.  DraftKings' proposed discovery plan, including the stipulation that each side receive 20 depositions, is tied directly to the number of individuals who are likely to have relevant knowledge concerning the issues in this case, including those referenced in the Court's memorandum opinion and during discovery, as well as those who submitted affidavits and declarations in relation to the temporary restraining order and preliminary injunction.  We will nevertheless consider any proposals Defendant makes regarding discovery.

*Third*, Defendant was required to return DraftKings' confidential information under the temporary restraining order.  As we have made clear in letters and emails dated February 10, February 15, February 29, March 25, April 1, April 30, and May 14, Defendant has failed to comply with the Court's order.  And while the requirement that Defendant return DraftKings' confidential information is distinct from his discovery obligations, we expect discovery will reveal the extent to which Defendant flouted the Court's order and the law.  DraftKings reserves the right to seek all available relief in connection with Defendant's violation of the temporary restraining order.

*Finally*, Defendant's suggestion that "any agreement on review of devices must be ***mutual*** and cover searches of devices implicated on both sides" makes no sense.  Defendant is a named party in a trade secret misappropriation case.  The Court already found that Defendant "stored and deleted DraftKings's files on Dropbox and used AirDrop to transfer documents," "failed to immediately turn over to DraftKings an older laptop, an iPad, and his DropBox account," and "transferred 18 confidential DraftKings documents to his Slack account and then accessed or downloaded at least seven of the documents on a personal phone."  ECF 132 at 38, 40.  The Court has also observed that "the evidence submitted at this stage in the proceedings suggests that Hermalyn has struggled with candor to the Court."  *Id.* at 36.  Defendant's devices are the instruments of his misconduct.  This is night and day from the phones of certain of DraftKings' employees whose devices contain discrete responsive documents.  "Mutual" forensic inspection is neither warranted nor proportional to the needs of the case.  We are preparing a forensic protocol for inspection of Defendant's personal devices.  To the extent Defendant makes a competing proposal, we will consider it.

We are available to meet and confer tomorrow (other than 2pm – 4pm ET) and generally available on Thursday.  Please provide your availability during these windows.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Friday, May 17, 2024 10:19 PM
**To:** Mufson, Harris M. <HMufson@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis

<alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La
France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah
<SWhite@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M.
<JDiGennaro@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[WARNING: External Email]

Counsel:

I write in response to your email below.  We reject your suggestion that the parties' Rule 26(f) conferral
obligations have been meaningfully underway, let alone are close to "complete[d]."  As detailed below,
they obviously are not.  As we have told you in multiple communications, including my May 1 and May 2
emails and on our May 9 call, we do not believe we can reach resolution on the scope of discovery until
*after* Mr. Hermalyn files his responsive pleading on May 24 and the parties have the benefit of the full
scope of all parties' claims and defenses, and the issues are joined.  That being said, we look forward to
continuing the conferral process with you in advance of the required joint filing in connection with the
June 7 Scheduling Conference.  We propose that the parties schedule a conferral for the week of May
28—please provide your availability and we will circulate a calendar invite.  We further propose that the
parties stipulate to the exchange of Initial Disclosures on June 21.

Specifically, the parties have not yet addressed multiple topics that are required to be covered in the
Rule 26(f) conferral process, and DraftKings has not made any proposals regarding these topics, either
during our May 9 call or in your email below.  We are happy to receive any proposals in advance of our
conferral and discuss them further the next time we speak.  These issues include, but are not limited to,
the following, which will need to be addressed during a Rule 26(f) conferral:

1. When discovery should be completed (FRCP 26(f)(3)(B));

2. A proposed discovery schedule for each discovery event (FRCP 26(f)(3)(B));

3. A deadline for DraftKings to provide the required disclosures of its allegedly misappropriated
   trade secrets, pursuant to M.G.L. c. 93, s. 42D(b), which DraftKings must provide "[b]efore
   commencing discovery relating to an alleged trade secret";

4. Whether discovery should be conducted in phases (FRCP 26(f)(3)(B)), which we see as
   potentially warranted here given the extensive discovery DraftKings appears to be
   contemplating (with which we take issue, and which I address further below);

5. A protocol for the parties to conduct forensic examinations, including of devices and other
   electronic systems maintained by DraftKings to which Mr. Hermalyn has had zero access (also
   further discussed below) (FRCP 26(f)(3)(C));

6. An ESI protocol; we will review your proposal when you send it, along with any comments you
   may have to our proposed draft Protective Order that we also sent last week; and

7. Limitations on discovery (FRCP 26(b)(f)(3)(E)).

Your rush to declare the parties' conferral obligations "completed" and to commence discovery appears
to be motivated by a desire to take discovery untethered to DraftKings' actual allegations in this case
and for improper purposes, with which we are concerned.  Indeed, the written discovery and
depositions that DraftKings has proposed is not proper or proportionate to the needs of this case—not
even close.  We are in the process of discussing the proposals you made with our client, but preliminarily
it appears DraftKings intends to seek expansive and broad discovery from Mr. Hermalyn, as well as from
various third parties and individuals who Mr. Hermalyn does not control.  For example, DraftKings has

proposed **20** depositions by each party, amounting to **double** the number contemplated by Rule 30. According to your email, DraftKings' contemplated depositions would include "numerous Fanatics employees involved in its VIP business," "Fanatics customers, clients, vendors, and partners," as well as Mr. Hermalyn's family members. It is obvious even at this early stage that DraftKings wants to use discovery in this matter not for legitimate purposes but as a fishing expedition, and also simply as a means to continue to harass Mr. Hermalyn, as well as third parties. We expect that when the parties do confer, you will provide a specific and legitimate justification for the additional depositions above the default limit for each party in the rule, which should be plenty. Similarly, we believe that a categorical privilege log, rather than a document-by-document log, will be more than sufficient here.

With respect to your request that Mr. Hermalyn "return" DraftKings' allegedly confidential information, as we informed you on the May 9 call and in prior correspondence, Mr. Hermalyn has preserved and has not accessed his devices and accounts that may contain DraftKings' information or documents. As further explained on the call, we will search these devices and accounts pursuant to an agreed upon protocol, so that there are no disagreements between the parties as to the process. We would like to avoid unnecessary discovery disputes, if possible. These searches will also need to be sequenced with any discovery DraftKings may be proposing. Importantly, any agreement on review of devices must be **mutual** and cover searches of devices implicated on both sides, including but not limited to the computers Mr. Hermalyn has already returned to DraftKings, as well as the phones of Mr. Metz and Mr. Larracey and his wife. On the May 9 call, you refused even to confirm which devices (if any) DraftKings has preserved or forensically imaged, and you have not responded to our April 29, 2024 letter on this topic, either.

We understand DraftKings is preparing an ESI protocol. To the extent you have any proposals about the above, please include those in that protocol or provide them to us separately. As noted, they should include any and all relevant devices and systems on DraftKings' side. We will propose a protocol for forensic review of Mr. Hermalyn's devices and accounts.

Finally, with respect to Mr. Hermalyn's contacts, your email omits the parties' relevant communications on this topic: Steve Riden told you in his May 7 email, and repeated on the May 9 call, that we would be reviewing Mr. Hermalyn's contacts with him, that we would return to Mr. Hermalyn his personal contacts, and that we would segregate any contacts that might be business-related and personal to confer with you about those contacts. Please provide your availability to further confer concerning these contacts promptly.

Mr. Hermalyn reserves all rights and waives none.

Best,


**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Mufson, Harris M. <HMufson@gibsondunn.com>
**Sent:** Tuesday, May 14, 2024 6:30 PM
**To:** Alex del Nido <alexdelnido@quinnemanuel.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis

<alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; White, Sarah <SWhite@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

<span style="background-color: yellow">**[EXTERNAL EMAIL from hmufson@gibsondunn.com]**</span>

Counsel,

We write to follow up on the parties' discussion this past Thursday (May 9) concerning discovery.  On April 30, we emailed you requesting your availability to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1.  The purpose of this request was to discuss, among other things, a discovery plan for the case.  We emailed you again on May 2, requesting a second time that the parties hold a Rule 26(f) conference.  The parties ultimately held a call on May 9, during which I summarized for you Plaintiff's proposals with respect to a discovery plan for the case.  You stated that you understood Plaintiff's proposals but did not provide any counter proposals on behalf of Defendant.

To complete the parties' obligations to confer in good faith under Rule 26(f), please provide Defendant's positions concerning the below proposals (which I shared on the parties' May 9 call) by **Friday, May 17**:

1.  25 Interrogatories, which is the default under LR 26.1(c).
    - The interrogatories propounded during expedited discovery should not count against this default during regular discovery because those interrogatories were narrowly focused on particular issues relevant to a preliminary injunction.
2.  25 RFAs, which is the default under LR 26.1(c).
3.  2 sets of RFPs, which is the default under LR 26.1(c).
    - The RFPs propounded during expedited discovery should not count against this default during regular discovery because the Court did not permit document discovery as part of expedited discovery.
4.  20 Fact Depositions.
    - We believe that an expanded number of fact depositions is appropriate due to the number of witnesses who are likely to possess relevant information and knowledge about Plaintiffs' claims.  This includes, but is not limited to, numerous Fanatics' employees involved in Defendant, Metz, and Larracey's recruitment, numerous Fanatics' employees involved in its VIP business, DraftKings and Fanatics' customers, clients, vendors, and partners, as well as Defendant's family members (many of whom are referenced in Defendant's Interrogatory Responses and the Court's Memorandum Order on Plaintiff's Motion for a Preliminary Injunction).
5.  The parties serve document-by-document privilege logs.

Once we have received Defendant's positions on May 17, we believe the parties will have satisfied their Rule 26 obligations.  As such, the parties would exchange initial disclosures on May 31.

In addition, during our call, we asked when Mr. Hermalyn will return all of DraftKings' confidential information in his custody and control pursuant to the Court's February 8 temporary restraining order.  In response, you stated that you have begun to preserve and image Mr. Hermalyn's devices that he used for work purposes at DraftKings (although you said that you were not in a position to confirm which devices have been forensically imaged).  You also stated that you would not begin to search for any DraftKings' documents or information on any of Mr. Hermalyn's devices or accounts until the parties have agreed upon a "protocol."  We do not believe that any "protocol" is necessary since Mr.

Hermalyn's contractual obligations and the Court's February 8 temporary restraining order are clear.  Nevertheless, if you believe a "protocol" is necessary, please propose one by **May 17**.  Please also confirm by **May 17** when Mr. Hermalyn will return his "business-related and personal" contacts that you referenced in your April 26 email.

Finally, we are in receipt of your revised draft of the protective order and will provide you with a response, along with a draft ESI protocol, in short order.

We look forward to receiving Defendant's positions.

DraftKings reserves all rights and waives none.


**Harris M. Mufson**
Partner

T: +1 212.351.3805 | M: +1 917.922.1740
HMufson@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Monday, May 6, 2024 1:39 PM
**To:** DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; Mufson, Harris M. <HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>; Goeke, Justine <JGoeke@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

[WARNING: External Email]

Justin,

We're working on schedules on our side.  I just sent an invite with a zoom link and dial-in to the people on this email which we can use on Thursday at 4.  Please forward it to whoever else should have it on your end.

Thanks,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

**From:** DiGennaro, Justin M. <[JDiGennaro@gibsondunn.com](mailto:JDiGennaro@gibsondunn.com)>
**Sent:** Monday, May 6, 2024 11:45 AM
**To:** Alex del Nido <[alexdelnido@quinnemanuel.com](mailto:alexdelnido@quinnemanuel.com)>; Stephen Riden <[sriden@beckreed.com](mailto:sriden@beckreed.com)>; Kimberly Carson <[kimberlycarson@quinnemanuel.com](mailto:kimberlycarson@quinnemanuel.com)>; Russell Beck <[rbeck@beckreed.com](mailto:rbeck@beckreed.com)>; Aliki Sofis <[alikisofis@quinnemanuel.com](mailto:alikisofis@quinnemanuel.com)>; Erika Hahn <[ehahn@beckreed.com](mailto:ehahn@beckreed.com)>
**Cc:** Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Spencer, Jacob T. <[JSpencer@gibsondunn.com](mailto:JSpencer@gibsondunn.com)>; La France, Madelyn Mae <[MLaFrance@gibsondunn.com](mailto:MLaFrance@gibsondunn.com)>; [Andrew.Dulberg@wilmerhale.com](mailto:Andrew.Dulberg@wilmerhale.com); Mufson, Harris M. <[HMufson@gibsondunn.com](mailto:HMufson@gibsondunn.com)>; White, Sarah <[SWhite@gibsondunn.com](mailto:SWhite@gibsondunn.com)>; Goeke, Justine <[JGoeke@gibsondunn.com](mailto:JGoeke@gibsondunn.com)>
**Subject:** RE: DraftKings v. Hermalyn

==**[EXTERNAL EMAIL from [jdigennaro@gibsondunn.com](mailto:jdigennaro@gibsondunn.com)]**==

Alex,

Following up.  Please advise who will be participating on behalf of Defendants during Thursday's conference.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** DiGennaro, Justin M. <[JDiGennaro@gibsondunn.com](mailto:JDiGennaro@gibsondunn.com)>
**Sent:** Friday, May 3, 2024 5:22 PM
**To:** Alex del Nido <[alexdelnido@quinnemanuel.com](mailto:alexdelnido@quinnemanuel.com)>; Stephen Riden <[sriden@beckreed.com](mailto:sriden@beckreed.com)>; Kimberly Carson <[kimberlycarson@quinnemanuel.com](mailto:kimberlycarson@quinnemanuel.com)>; Russell Beck <[rbeck@beckreed.com](mailto:rbeck@beckreed.com)>; Aliki Sofis <[alikisofis@quinnemanuel.com](mailto:alikisofis@quinnemanuel.com)>; Erika Hahn <[ehahn@beckreed.com](mailto:ehahn@beckreed.com)>
**Cc:** Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Spencer, Jacob T. <[JSpencer@gibsondunn.com](mailto:JSpencer@gibsondunn.com)>; La France, Madelyn Mae <[MLaFrance@gibsondunn.com](mailto:MLaFrance@gibsondunn.com)>; [Andrew.Dulberg@wilmerhale.com](mailto:Andrew.Dulberg@wilmerhale.com); Mufson, Harris M. <[HMufson@gibsondunn.com](mailto:HMufson@gibsondunn.com)>; White, Sarah <[SWhite@gibsondunn.com](mailto:SWhite@gibsondunn.com)>; Goeke, Justine <[JGoeke@gibsondunn.com](mailto:JGoeke@gibsondunn.com)>
**Subject:** RE: DraftKings v. Hermalyn

Alex,

We are available Thursday, May 9 at 4pm.  Please advise who will be participating on behalf of Defendant and we will circulate a calendar invite and dial-in.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** DiGennaro, Justin M.
**Sent:** Friday, May 3, 2024 4:35 PM
**To:** 'Alex del Nido' <alexdelnido@quinnemanuel.com>; Goeke, Justine <JGoeke@gibsondunn.com>;
Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>;
Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn
<ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La
France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; Mufson,
Harris M. <HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

Alex,

Attached is a slightly revised version of the joint stipulation correcting the case caption, as well as
inserting our signature block.  You have our consent to add our names and file.

We will get back to you concerning the date and time for the Rule 26(f) conference.

Regards,

Justin

**Justin M. DiGennaro**
Of Counsel

T: +1 212.351.3977
JDiGennaro@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Alex del Nido <alexdelnido@quinnemanuel.com>
**Sent:** Friday, May 3, 2024 4:11 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly
Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis
<alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La
France, Madelyn Mae <MLaFrance@gibsondunn.com>; DiGennaro, Justin M.
<JDiGennaro@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; Mufson, Harris M.
<HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

**[WARNING: External Email]**

Justine,

Following up on my email below, we are available next Thursday, May 9, at 4pm, and Friday, May 10, from 11am-1pm ET.  Please let us know if the proposed stipulation works for Plaintiff.

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Alex del Nido
**Sent:** Thursday, May 2, 2024 8:47 PM
**To:** Goeke, Justine <JGoeke@gibsondunn.com>; Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; DiGennaro, Justin M. <JDiGennaro@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; Mufson, Harris M. <HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

Justine,

Thank you for agreeing to a ten-day extension.  Attached please find a joint stipulation and proposed order.  If this looks good to your side please let us know by 2:00pm ET tomorrow and we will file it.

Regarding an initial conferral, we continue to believe that the parties cannot meaningfully discuss the scope of discovery under Rule 26(f) without Defendant's responsive pleading, and that having the Rule 26(f) conference before that pleading is submitted will not be productive and departs from our experience with typical practice in this district.  Leaving that aside, since you would like to have a call next week, let us check our schedules and we'll get you some available days and times tomorrow.

Best,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

**From:** Goeke, Justine <[JGoeke@gibsondunn.com](mailto:JGoeke@gibsondunn.com)>
**Sent:** Thursday, May 2, 2024 5:14 PM
**To:** Alex del Nido <[alexdelnido@quinnemanuel.com](mailto:alexdelnido@quinnemanuel.com)>; Stephen Riden <[sriden@beckreed.com](mailto:sriden@beckreed.com)>; Kimberly Carson <[kimberlycarson@quinnemanuel.com](mailto:kimberlycarson@quinnemanuel.com)>; Russell Beck <[rbeck@beckreed.com](mailto:rbeck@beckreed.com)>; Aliki Sofis <[alikisofis@quinnemanuel.com](mailto:alikisofis@quinnemanuel.com)>; Erika Hahn <[ehahn@beckreed.com](mailto:ehahn@beckreed.com)>
**Cc:** Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Spencer, Jacob T. <[JSpencer@gibsondunn.com](mailto:JSpencer@gibsondunn.com)>; La France, Madelyn Mae <[MLaFrance@gibsondunn.com](mailto:MLaFrance@gibsondunn.com)>; DiGennaro, Justin J. <[JDiGennaro@gibsondunn.com](mailto:JDiGennaro@gibsondunn.com)>; [Andrew.Dulberg@wilmerhale.com](mailto:Andrew.Dulberg@wilmerhale.com); Mufson, Harris M. <[HMufson@gibsondunn.com](mailto:HMufson@gibsondunn.com)>; White, Sarah <[SWhite@gibsondunn.com](mailto:SWhite@gibsondunn.com)>
**Subject:** RE: DraftKings v. Hermalyn

**[EXTERNAL EMAIL from [jgoeke@gibsondunn.com](mailto:jgoeke@gibsondunn.com)]**

Counsel,

We appreciate your agreement that an initial discovery conferral is necessary, and are willing to agree to a ten-day extension of the deadline for Defendant's answer to DraftKings' complaint.  However, there is no justification for delaying the parties' Rule 26(f) conference for another three weeks pending the Defendant's answer.

As you know, under the federal and local rules, the due date of a responsive pleading is irrelevant to the required timeline for the parties' Rule 26(f) conference.  The requirement that the parties conduct a Rule 26(f) conference was triggered by the appearance of Defendant's counsel on February 6 (not by Defendant's deadline for filing a responsive pleading).  Discovery is not stayed pending a decision on the motion to dismiss nor pending an answer—now that the Court has denied Defendant's motion.

If you do not agree to conduct the Rule 26(f) conference next week, please let us know today so that we may promptly bring this issue to the attention of the Court.

Regards,

Justine Goeke

**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Alex del Nido <[alexdelnido@quinnemanuel.com](mailto:alexdelnido@quinnemanuel.com)>
**Sent:** Wednesday, May 1, 2024 6:50 PM
**To:** Goeke, Justine <[JGoeke@gibsondunn.com](mailto:JGoeke@gibsondunn.com)>; Stephen Riden <[sriden@beckreed.com](mailto:sriden@beckreed.com)>; Kimberly Carson <[kimberlycarson@quinnemanuel.com](mailto:kimberlycarson@quinnemanuel.com)>; Russell Beck <[rbeck@beckreed.com](mailto:rbeck@beckreed.com)>; Aliki Sofis <[alikisofis@quinnemanuel.com](mailto:alikisofis@quinnemanuel.com)>; Erika Hahn <[ehahn@beckreed.com](mailto:ehahn@beckreed.com)>
**Cc:** Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Demana, Christine <[CDemana@gibsondunn.com](mailto:CDemana@gibsondunn.com)>; Spencer, Jacob T. <[JSpencer@gibsondunn.com](mailto:JSpencer@gibsondunn.com)>; La France, Madelyn Mae <[MLaFrance@gibsondunn.com](mailto:MLaFrance@gibsondunn.com)>; [Andrew.Dulberg@wilmerhale.com](mailto:Andrew.Dulberg@wilmerhale.com); Mufson, Harris M.

<HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

   [WARNING: External Email]
Justine,

Thanks for your email.  As you know, Defendant's responsive pleading to the complaint is not yet on file.  While we agree a conferral is necessary, we believe we can only have a meaningful discussion about the topics contemplated by the rules once that pleading is submitted.  We can be available for a conferral at that point.  On that front, please let us know if DraftKings will agree to a ten-day extension, to May 24, for Defendant to file his responsive pleading.

With regards to the protective order, we will send you a proposal next week.

Best,

**Alex del Nido**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Avenue, Suite 520
Boston, MA 02199
617.712.7113 Direct
617.712.7100 Main Office Number
781.801.5339 Cell
alexdelnido@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Tuesday, April 30, 2024 2:16 PM
**To:** Stephen Riden <sriden@beckreed.com>; Kimberly Carson <kimberlycarson@quinnemanuel.com>; Russell Beck <rbeck@beckreed.com>; Aliki Sofis <alikisofis@quinnemanuel.com>; Alex del Nido <alexdelnido@quinnemanuel.com>; Erika Hahn <ehahn@beckreed.com>
**Cc:** Snyder, Orin <OSnyder@gibsondunn.com>; Demana, Christine <CDemana@gibsondunn.com>; Spencer, Jacob T. <JSpencer@gibsondunn.com>; La France, Madelyn Mae <MLaFrance@gibsondunn.com>; Andrew.Dulberg@wilmerhale.com; Mufson, Harris M. <HMufson@gibsondunn.com>; White, Sarah <SWhite@gibsondunn.com>
**Subject:** RE: DraftKings v. Hermalyn

                    [EXTERNAL EMAIL from jgoeke@gibsondunn.com]

---

Counsel,


Please let us know your availability on Thursday afternoon to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1.

We also note that we still have not received a counterproposal to DraftKings' proposed protective order, despite the fact that you agreed to provide such a counterproposal on April 8th and further represented on April 26th that you would get back to us regarding the protective order.  Please propose a counterproposal to DraftKings' proposed protective order by tomorrow.


Regards,


Justine Goeke




**Justine Goeke**
Partner

T: +1 212.351.5372 | M: +1 347.835.9155
JGoeke@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<Joint Motion for Continuance and Extension.docx>
<Redline.pdf>

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.